POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SALZMAN, Individually and on Behalf of All Others Similarly Situated, | Case No. **'23CV1216 BEN WVG** |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| IMMUNITYBIO, INC., RICHARD ADCOCK, DAVID C. SACHS, and PATRICK SOON-SHIONG, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Zachary Salzman ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through

1

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding ImmunityBio, Inc. ("ImmunityBio" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial, additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired ImmunityBio securities between May 23, 2022 and May 10, 2023, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     ImmunityBio is a clinical-stage biotechnology company that engages in developing therapies and vaccines that complement, harness, and amplify the immune system to defeat cancers and infectious diseases in the U.S. and Europe.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The Company offers immunotherapy and cell therapy platforms, including, *inter alia*, antibody cytokine fusion protein N-803, commercially referred to as "Anktiva". The Company uses third-party contract manufacturing organizations ("CMOs") to produce certain of its product candidates, including Anktiva.

3.      In May 2022, ImmunityBio submitted a Biologics License Application ("BLA") for Anktiva to the U.S. Food and Drug Administration ("FDA"). Following submission of its application, ImmunityBio consistently assured investors that "[w]e have established Good Manufacturing Practice (GMP) manufacturing capacity at scale with cutting-edge cell manufacturing expertise and ready-to-scale facilities[.]"

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) ImmunityBio conducted insufficient due diligence to discover, or else did discover and ignored, GMP deficiencies at its third-party CMOs for Anktiva; (ii) one or more of the Company's third-party CMOs for Anktiva did in fact suffer from GMP deficiencies; (iii) the foregoing deficiencies was likely to cause the FDA to reject the Anktiva BLA in its present form; (iv) accordingly, the Company overstated the regulatory approval prospects for the Anktiva BLA; and (v)

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS

as a result, the Company's public statements were materially false and misleading at all relevant times.

5.    On May 11, 2023, during pre-market hours, ImmunityBio announced that the FDA had rejected the BLA for Anktiva in its present form, citing "deficiencies relat[ing] to the FDA's pre-license inspection of the Company's third-party contract manufacturing organizations."

6.    On this news, ImmunityBio's stock price fell $3.43 per share, or 55.14%, to close at $2.79 per share on May 11, 2023.

7.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.    The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

10.    Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).    ImmunityBio is headquartered in this Judicial District, Defendants conduct business in this Judicial

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

District, and a significant portion of Defendants' activities took place within this Judicial District.

11.    In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

12.    Plaintiff, as set forth in the attached Certification, acquired ImmunityBio securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13.    Defendant ImmunityBio is a Delaware corporation with principal executive offices located at 3530 John Hopkins Court, San Diego, California 92121. ImmunityBio's common stock trades in an efficient market on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "IBRX".

14.    Defendant Richard Adcock ("Adcock") has served as ImmunityBio's Chief Executive Officer and President at all relevant times.

15.    Defendant David C. Sachs ("Sachs") has served as ImmunityBio's Chief Financial Officer at all relevant times.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

16.    Defendant Patrick Soon-Shiong ("Soon-Shiong") has served as ImmunityBio's Executive Chairman and Global Scientific & Medical Officer at all relevant times.

17.    Defendants Adcock, Sachs, and Soon-Shiong are sometimes referred to herein collectively as the "Individual Defendants."

18.    The Individual Defendants possessed the power and authority to control the contents of ImmunityBio's SEC filings, press releases, and other market communications.    The Individual Defendants were provided with copies of ImmunityBio's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.    Because of their positions with ImmunityBio, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.    The Individual Defendants are liable for the false statements and omissions pleaded herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUBSTANTIVE ALLEGATIONS

### Background

19.    ImmunityBio is a clinical-stage biotechnology company that engages in developing therapies and vaccines that complement, harness, and amplify the immune system to defeat cancers and infectious diseases in the U.S. and Europe. The Company offers immunotherapy and cell therapy platforms, including, *inter alia*, antibody cytokine fusion protein N-803, commercially referred to as "Anktiva". The Company uses third-party CMOs to produce certain of its product candidates, including Anktiva.

20.    In May 2022, ImmunityBio submitted a BLA for Anktiva to the FDA. Following submission of its application, ImmunityBio consistently assured investors that "[w]e have established Good Manufacturing Practice (GMP) manufacturing capacity at scale with cutting-edge cell manufacturing expertise and ready-to-scale facilities[.]"

### Materially False and Misleading Statements Issued During the Class Period

21.    The Class Period begins on  May 23, 2022, when, during pre-market hours, ImmunityBio issued a press release entitled "ImmunityBio Submits Biologics License Application for N-803 Plus BCG for Patients with BCG-Unresponsive Non-Muscle Invasive Bladder Cancer Carcinoma in Situ."  The press release stated, in relevant part:

7

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

ImmunityBio [. . .] today announced it has submitted a Biologics License Application (BLA) to the U.S. Food and Drug Administration (FDA) for N-803, a first-in-class IL-15 superagonist, plus Bacillus Calmette-Guérin (BCG) for the treatment of BCG-unresponsive non-muscle invasive bladder cancer (NMIBC) carcinoma in situ (CIS) with or without Ta or T1 disease. The BLA is supported by the results of ImmunityBio's studies in bladder cancer including the pivotal QUILT 3032 study (NCT03022825), where 71% of patients who had failed on previous therapies showed an over 50% increase in both response and median duration compared to the FDA-approved alternatives Valrubicin and Pembrolizumab, a systemic checkpoint inhibitor therapy for this indication.

*\*\**

"This immunotherapy represents a potential new option for bladder cancer patients who fail to respond to BCG, the current standard of care. The results of the study of N-803 plus BCG indicate that this combination provides a durable response with a reduced need for a cystectomy," said [Defendant] Soon-Shiong[]. "We believe that the durable responses seen in this study provide further support for our hypothesis that by orchestrating natural killer cells, T cells and memory T cells, long-term durable remissions can be achieved in patients suffering from cancer. The results from the QUILT series of ongoing trials across multiple tumor types, including pancreatic, lung and other solid tumors, could lead to a paradigm shift in cancer therapy that ImmunityBio is developing. We are hopeful that this combination immunotherapy of BCG acting as a prime and N-803 as the boost to the immune system will not only provide a new path for these patients, but also help us continue to broaden our understanding of how we might apply this novel mechanism of action to other difficult-to-treat diseases."

22.    On July 28, 2022, ImmunityBio issued a press release entitled "ImmunityBio Announces FDA Acceptance of Biologics License Application for N-803 in BCG-Unresponsive Non-Muscle-Invasive Bladder Cancer Carcinoma In Situ." The press release stated, in relevant part:

8

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The FDA accepted for review a Biologics License Application (BLA) from ImmunityBio, Inc. [. . .], for its antibody cytokine fusion protein as a treatment for patients with BCG-unresponsive non-muscle-invasive bladder cancer carcinoma in situ (CIS) with or without Ta or T1 disease. ImmunityBio, a leading clinical-stage immunotherapy company, filed the BLA based on positive results from a series of studies of the investigational treatment, including the ongoing QUILT 3.032 trial. The Prescription Drug User Fee Act (PDUFA) target action date is May 23, 2023.

This combination of N-803 with BCG is ImmunityBio's first BLA to reach this stage of FDA acceptance for review. This marks an important milestone in the pursuit of ImmunityBio's vision of transforming how cancer patients are treated without high-dose chemotherapy, but instead by activating the patient's innate immune system. If approved, N-803 plus BCG would be the first immunotherapy combination for this indication in 23 years that can be delivered directly to the bladder (intravesically) to induce natural killer cells and T cells. It represents an essential step in the clinical demonstration of the Nant Cancer Vaccine hypothesis proposed by [Defendant] Soon-Shiong[,] of "Quantum oncotherapeutics: a longitudinal spatiotemporal orchestration towards immunogenic cell death".

\*\*\*

"This BLA acceptance brings us a very important step closer to being able to offer this promising combination therapeutic to more people living with NMIBC and, ultimately, reduce the incidence of cystectomies," said [Defendant] Soon-Shiong[]. "This is a compelling example of the power of inducing trained innate immune memory to potentially provide long-term, durable effects against serious, life-threatening diseases."

"We are pleased the FDA has begun its review, and ImmunityBio is prepared to move rapidly to manufacturing and marketing should the Agency approve our therapeutic for this indication," said [Defendant] Adcock[].

9

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

23.     On August 8, 2022, ImmunityBio filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operational results for the quarter ended June 30, 2022 (the "Q2 2022 10-Q").  In providing an overview of the Company's business, the Q2 2022 10-Q stated, in relevant part:

> ImmunityBio, Inc. is a clinical-stage biotechnology company developing next-generation therapies and vaccines that complement, harness, and amplify the immune system to defeat cancers and infectious diseases. We strive to be a vertically-integrated immunotherapy company designing and manufacturing our products so they are more effective, accessible, more conveniently stored, and more easily administered to patients.

> Our broad immunotherapy and cell therapy platforms are designed to attack cancer and infectious pathogens by activating both the innate immune system—natural killer (NK) cells, dendritic cells, and macrophages—and the adaptive immune system—B cells and T cells—in an orchestrated manner. The goal of this potentially best-in-class approach is to generate immunogenic cell death thereby eliminating rogue cells from the body whether they are cancerous or virally infected. Our ultimate goal is to employ this approach to establish an "immunological memory" that confers long-term benefit for the patient.

> Although such designations may not lead to a faster development process or regulatory review and may not increase the likelihood that a product candidate will receive approval, N-803, our novel antibody cytokine fusion protein, has received Breakthrough Therapy and Fast Track designations in combination with bacillus Calmette-Guérin (BCG) from the United States (U.S.) Food and Drug Administration (FDA) for BCG-unresponsive non-muscle invasive bladder cancer (NMIBC) with carcinoma in situ (CIS). In May 2022, we announced the submission of a Biologics License Application (BLA) to the FDA for our product candidate, N-803 in combination with BCG for the treatment of patients with BCG-unresponsive NMIBC with CIS with or without Ta or T1 disease. In July 2022, we announced the FDA has accepted our BLA for review and set a Prescription Drug User Fee Act

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

(PDUFA) target action date of May 23, 2023. It is unclear when the FDA will approve our BLA, if at all.

\*\*\*

We have established Good Manufacturing Practice (GMP) manufacturing capacity at scale with cutting-edge cell manufacturing expertise and ready-to-scale facilities, as well as extensive and seasoned research and development (R&D), clinical trial, and regulatory operations, and development teams.

24.    Appended to the Q2 2022 10-Q as exhibits were signed certifications pursuant tot the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Adcock and Sachs, attesting that "the information contained in the [Q2 2022 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company."

25.    On November 9, 2022, ImmunityBio filed a Quarterly Report on Form 10-Q with the SEC, reporting the Company's financial and operational results for the quarter ended September 30, 2022 (the "Q3 2022 10-Q").  The Q3 2022 10-Q contained a substantively similar description of the Company's business as discussed, *supra*, in ¶ 23.

26.    Appended to the Q3 2022 10-Q as exhibits were signed certifications pursuant to SOX by Defendants Adcock and Sachs, attesting that "the information contained in the [Q3 2022 10-Q] fairly presents, in all material respects, the financial condition and results of operations of the Company."

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

27.     On March 1, 2023, ImmunityBio filed an Annual Report on Form 10-K, reporting the Company's financial and operating results for the year ended December 31, 2022 (the "2022 10-K").  The 2022 10-K contained a substantively similar overview of the Company's business as discussed, *supra*, in ¶ 23.

28.     Further, in discussing the Company's strategy, the 2022 10-K stated, in relevant part:

> We seek to become the leading global immunological therapeutics company by creating the next generation of immunotherapies to address serious unmet needs within oncology and infectious diseases. To achieve this goal, the key elements of our strategy include:
>
> - advancing the approval and commercialization of our lead antibody cytokine fusion protein, N-803, as an integral component of immunotherapy combinations, including those with checkpoint inhibitors;
>
> - continuously scrutinizing our clinical pipeline and assessing our strategic priorities to maximize opportunities for regulatory approval and to meet unmet medical needs;
>
> - accelerating our immunotherapy platform and product candidates with registrational intent to address difficult-to-treat oncological and infectious disease indications;
>
> - continuing to prospect, license, and acquire technologies to complement and strengthen our platforms and product candidates, both as single agent and combination therapies, in order to activate and coordinate the innate and adaptive immune system to generate cellular memory against multiple tumor types and infectious diseases;
>
> - optimizing investment in our discovery, development, and manufacturing capabilities for our next-generation targeted

12

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

antibody cytokine fusion and recombinant proteins and vaccine candidates, as well as for cell therapies;

- advancing our formulations and delivery mechanisms to make our promising biotechnology product candidates available to the broadest population possible; and

- cultivating new and expanding existing collaborations for our multi-stage pipeline to efficiently scale globally.

29.    Finally, in providing an overview of the Company's GMP manufacturing capabilities, the 2022 10-K stated, in relevant part:

### *Overview of our Manufacturing Model*

Our manufacturing capabilities include advanced technology facilities to produce and test various drug substances and drug products. Our experienced operations and quality team focuses on internal manufacturing and testing with a constant endeavor to create robust, high quality, efficient and consistent supply that meets target product profiles. Our Phase 1 manufacturing process is designed to seamlessly scale-up through all phases of clinical development to commercial manufacturing to drive successful commercialization.

*Commercial cGMP Production*

For our N-803 product candidate, we have contracted with a multi-national biologics manufacturer with multiple cGMP-compliant facilities in the U.S., Europe and Asia for our current clinical trials and future commercial sales, if approved. The facilities have robust process development and validation and quality oversight with high-capacity production suites operating multiple 2,000-20,000L production bioreactors.

*Clinical Trial GMP Antibody and Fusion Protein Production*

We are establishing a cGMP-compliant multi-platform facility in California, which includes a large space for the production of antibodies and fusion proteins (including N-803) to treat cancers and infectious

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

diseases. This facility will include fully integrated biologic upstream and downstream production suites and a quality assurance/quality control release laboratory for high-capacity antibody and fusion protein production.

*Clinical Trial GMP saRNA, Adenovirus, and Yeast Production*

We have established other cGMP-compliant facilities for saRNA, adenovirus, and yeast production in multiple sites in California and a site in Colorado for oncology and infectious diseases. One of our sites in California is dedicated to adenovirus product candidates for the production of vaccine candidates to treat infectious diseases and oncology TAAs. These facilities generally have fully-integrated biologic upstream and downstream production suites and quality assurance/quality control release laboratories for high capacity, continuous, or personalized just-in-time vaccine production.

*Clinical Trial GMP NK Cell Therapy Production*

We have established other cGMP-compliant facilities for NK cell therapy product production in multiple sites in California for oncology. One of our sites in California is dedicated to our off-the-shelf product candidates (including PD-L1 t-haNK), while another is primarily focused on our M-ceNK product candidates, including a training lab for our second-generation offerings.

*cGMP ISO Class 5 Manufacturing Facility*

On February 14, 2022, we acquired a leasehold interest in approximately 409,000 rentable square feet of cGMP ISO Class 5 pharmaceutical manufacturing space in western New York (the Dunkirk Facility). In September 2022, we initiated a workforce reduction at the Dunkirk Facility as a result of upcoming construction at the project, which we believe may take approximately 12 to 18 months. We believe this facility will provide us with a state-of-the-art biotech production center that will substantially expand and diversify our existing manufacturing capacity in the U.S. and the ability to scale production across all of our key platforms.

*Manufacture of Platform Product Candidates*

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

ImmunityBio's diverse product candidate portfolio and pipeline requires a broad knowledge of various manufacturing and quality assurance methods. We have invested heavily in the processes, systems and technology to build an extensive range of manufacturing programs spanning various levels of development from IND-enablement through BLA preparation of our first commercial product.

We believe our plan to selectively use CMOs for certain of our assets at various stages, coupled with internal development, will give us assurance that any products will have backup manufacturing options.

30.    Appended to the 2022 10-K as exhibits were signed certifications pursuant to SOX by Defendants Adcock and Sachs, attesting that "the information contained in the [2022 10-K] fairly presents, in all material respects, the financial condition and results of operations of the Company."

31.    The statements referenced in ¶¶ 21-30 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) ImmunityBio conducted insufficient due diligence to discover, or else did discover and ignored, GMP deficiencies at its third-party CMOs for Anktiva; (ii) one or more of the Company's third-party CMOs for Anktiva did in fact suffer from GMP deficiencies; (iii) the foregoing deficiencies was likely to cause the FDA to reject the Anktiva BLA in its present form; (iv) accordingly, the Company overstated the regulatory approval prospects for the Anktiva BLA; and (v)

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

as a result, the Company's public statements were materially false and misleading at all relevant times.

## **The Truth Emerges**

32.    On May 11, 2023, ImmunityBio announced that the FDA had rejected the BLA for Anktiva in its present form.  Specifically, in a Form 8-K filed with the SEC, ImmunityBio stated, in relevant part:

### *BLA Update*

ImmunityBio, Inc. (the "Company") announces that it has received a complete response letter from the U.S. Food and Drug Administration ("FDA") on May 9, 2023 regarding its Biologics License Application ("BLA") for its product candidate, Anktiva™ (N-803) in combination with Bacillus Calmette-Guérin ("BCG") for the treatment of patients with BCG-unresponsive non-muscle invasive bladder cancer ("NMIBC") with carcinoma in situ ("CIS") with or without Ta or T1 disease. The letter indicates that the FDA has determined that it cannot approve the BLA in its present form, and the FDA has made recommendations to address the issues raised.

The deficiencies relate to the FDA's pre-license inspection of the Company's third-party contract manufacturing organizations. Satisfactory resolution of the observations noted at the pre-license inspection is required before the BLA may be approved. The FDA further provided recommendations specific to additional Chemistry, Manufacturing and Controls ("CMC") issues and assays to be resolved.

No new preclinical studies or Phase 3 clinical trials to evaluate safety or efficacy were requested by the FDA. The FDA requested that the Company provide updated duration of response data of the efficacy population as identified by the FDA in the Company's resubmission, as well as a safety update.

The Company plans to request a meeting with the FDA as soon as possible to address the subject matter of the letter and a response

16

timeline, and plans to diligently address and resolve the issues identified and seek approval as expeditiously as possible.

33. On this news, ImmunityBio's stock price fell $3.43 per share, or 55.14%, to close at $2.79 per share on May 11, 2023.

34. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

35. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired ImmunityBio securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

36. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, ImmunityBio securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the

17

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

proposed Class. Record owners and other members of the Class may be identified from records maintained by ImmunityBio or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

37.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

38.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

39.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of ImmunityBio;

- whether the Individual Defendants caused ImmunityBio to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

18

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

- whether the prices of ImmunityBio securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

40.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

41.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- ImmunityBio  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

19

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

- Plaintiff and members of the Class purchased, acquired and/or sold ImmunityBio securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

42.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

43.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## **COUNT I**

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

44.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

45.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

46.    During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a

20

fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of ImmunityBio securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire ImmunityBio securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

47.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for ImmunityBio securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about ImmunityBio's finances and business prospects.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

48.    By virtue of their positions at ImmunityBio, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

49.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of ImmunityBio, the Individual Defendants had knowledge of the details of ImmunityBio's internal affairs.

50.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of ImmunityBio.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to ImmunityBio's businesses, operations,

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of ImmunityBio securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning ImmunityBio's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired ImmunityBio securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

51.    During the Class Period, ImmunityBio securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of ImmunityBio securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of ImmunityBio securities was substantially lower than the prices paid by Plaintiff and the other

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

members of the Class.  The market price of ImmunityBio securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

52.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

54.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     During the Class Period, the Individual Defendants participated in the operation and management of ImmunityBio, and conducted and participated, directly and indirectly, in the conduct of ImmunityBio's business affairs.  Because of their senior positions, they knew the adverse non-public information about ImmunityBio's misstatement of income and expenses and false financial statements.

24

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

56.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to ImmunityBio's financial condition and results of operations, and to correct promptly any public statements issued by ImmunityBio which had become materially false or misleading.

57.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which ImmunityBio disseminated in the marketplace during the Class Period concerning ImmunityBio's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause ImmunityBio to engage in the wrongful acts complained of herein. The Individual Defendants, therefore, were "controlling persons" of ImmunityBio within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of ImmunityBio securities.

58.    Each of the Individual Defendants, therefore, acted as a controlling person of ImmunityBio.  By reason of their senior management positions and/or being directors of ImmunityBio, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, ImmunityBio to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants

25

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

exercised control over the general operations of ImmunityBio and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

59.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by ImmunityBio.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| | |
|---|---|
| 1 | Dated:  June 30, 2023 |

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

HOLZER & HOLZER, LLC
Corey D. Holzer
(*pro hac vice* application
forthcoming)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL
SECURITIES LAWS