UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY SALZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>IMMUNITYBIO, INC., RICHARD ADCOCK, DAVID C. SACHS, and PATRICK SOON-SHIONG,<br><br>Defendant. | Case No.: 23-cv-01216-GPC-WVG<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>[ECF Nos. 17–18] |

Pending before the Court is the matter of appointing lead plaintiff in this putative securities fraud class action brought on behalf "of all persons and entities other than Defendants that purchased or otherwise acquired ImmunityBio securities between May 23, 2022 and May 10, 2023 . . . ." ECF No. 1 at 2.[1] On August 29, 2023, movants Dipak T. Patel ("Patel"), Yuchang Chen ("Chen"), Timothy L. Van Eman ("Eman"), and

---

[1] Page citations refer to CM/ECF pagination.

1

1  Mitchell Brock ("Brock"), each filed a motion to be appointed lead plaintiff pursuant to
2  15 U.S.C. §78u-4(a)(3).  ECF Nos. 15–18.  Patel alleges the largest loss in connection
3  with his purchases of ImmunityBio securities during the class period: $288,056.  ECF
4  Nos. 18-3, 28.  Chen and Eman have since withdrawn their motions, ECF No. 27–28, and
5  Brock has filed a notice of non-opposition in recognition of Patel's larger financial
6  interest, ECF No. 28.[2]  Accordingly, Patel's motion proceeds unopposed.

## DISCUSSION

Before the enactment of the Private Securities Litigation Reform Act ("PSLRA"), the first plaintiff to file suit was usually appointed lead plaintiff.  *See Mersho v. United States Dist. Court*, 6 F.4th 891, 898 (9th Cir. 2021).  Now, under the PSLRA, the Court appoints lead plaintiffs through a "three-step process." *Id*.  The first step requires publication of the action so that purported class members can move for lead plaintiff appointment.  *Id*. at 899 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II)).  The second step involves identifying the "most adequate" plaintiff; the movant with the largest alleged loss becomes the presumptive lead plaintiff if they can make "a prima facie showing of adequacy and typicality."  *Id*.  The third step allows for other members of the purported class to rebut that presumption.  *Id*.  Here, the first step of publication has been satisfied, *see* ECF No. 18-4, and no member of the purported class opposes Patel's motion under the third step, ECF Nos. 20, 27–28.  All that is left for the Court to determine is whether under the second step Patel has made a prima facie showing of adequacy and typicality. The Court concludes that he has.

Adequacy may be determined by asking two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf

---

[2] Defendants take no position on the appointment of lead plaintiff.  ECF No. 29.

of the class?" *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Patel alleges that his interests are aligned with the other purported class members and that he possesses a significant financial incentive to "vigorously prosecute fraud claims on behalf of the Class." ECF No. 18-1.  This is sufficient for a prima facie showing of adequacy.

Typicality is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *See Hanlon*, 150 F.3d 1011 at 1020 (citing Fed. R. Civ. P. 23(a)(3)).  Patel alleges that he, "like other members of the Class, purchased ImmunityBio securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions." ECF No. 18-1 at 13.  Because these claims appear to arise from the same events and legal theory as the claims of the other purported class members, the Court finds that Patel has also made a prima facie showing of typicality.  Accordingly, because Patel is the presumptive lead plaintiff and no other class members have attempted to rebut that presumption, the Court **APPOINTS** Patel as lead plaintiff.

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. *Cohen v. United States Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009).  Patel has selected and retained Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel. ECF No. 18-1 at 5.  In light of the firms' substantial experience in securities class action litigation, *see* ECF Nos. 18-7, 18-8, the Court **APPROVES** Patel's choice of Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel.

It is further **ORDERED** that:

1. Co-Lead Counsel shall have the following responsibilities and duties, to be

carried out either personally or through counsel whom Co-Lead Counsel shall designate:

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h) to supervise any other matters concerning the prosecution, resolution, or settlement of the Action.

2. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

3. Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: | No. 3:23-cv-01216-GPC-WVG<br><br><u>CLASS ACTION</u><br><br>[TITLE OF DOCUMENT] |

4. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5. Counsel in any related action that is consolidated with this Action shall be bound by the organization of Plaintiffs' counsel set forth herein.

6. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Co-Lead Counsel shall be the contact between Plaintiffs' counsel, and shall direct and coordinate the activities of Plaintiffs' counsel.

8. Defendants shall effect service of papers on plaintiffs by serving a copy of

same on Co-Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic or hand delivery.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

10. The Court vacates the hearing scheduled for October 6, 2023.

**IT IS SO ORDERED.**

Dated:  September 27, 2023

Hon. Gonzalo P. Curiel
United States District Judge