Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA #44945 (*pro hac vice*)
Shanna A. Lehrman, WSBA #56550 (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com
Email: slehrman@wsgr.com

Natalie J. Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc.,*
*Richard Adcock, David C. Sachs,*
*and Patrick Soon-Shiong*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTION | Case No. 3:23-cv-01216-GPC-VET<br><br><u>CLASS ACTION</u><br><br>**DEFENDANTS' NOTICE OF REQUEST, SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Gonzalo P. Curiel<br>Hearing Date: May 31, 2024<br>Hearing Time: 1:30 p.m.<br>Courtroom: 2D |

23cv01216

## NOTICE OF REQUEST AND SUPPLEMENTAL REQUEST
## FOR JUDICIAL NOTICE

**TO LEAD PLAINTIFF DIPAK PATEL AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 31, 2024 at 1:30 p.m., in Courtroom 2D, before the Honorable Judge Gonzalo P. Curiel of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, CA 92101, Defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong will and hereby do request that the Court take judicial notice of:

(a) Exhibit 10, an FDA press release entitled "FDA approves nogapendekin alfa inbakicept-pmln for BCG-unresponsive non-muscle invasive bladder cancer," which was posted on the FDA.gov website on April 22, 2024, and is available at https://www.fda.gov/drugs/resources-information-approved-drugs/fda-approves-nogapendekin-alfa-inbakicept-pmln-bcg-unresponsive-non-muscle-invasive-bladder-cancer (last visited May 3, 2024); and

(b) Exhibit 11, FDA Standard Operating Policy and Procedure 8405.1: Procedures for Resubmissions to an Application or Supplement, effective November 13, 2022 ("SOPP 8405.1"), which is available on the FDA.gov website at https://www.fda.gov/media/84417/download (last visited May 3, 2024).

True and correct copies of Exhibits 10 and 11 are attached to the Supplemental Declaration of John C. Roberts Jr. in Support of Defendants' Motion to Dismiss Amended Class Action Complaint for Violation of the Federal Securities Laws ("Supplemental Roberts Declaration" or "Suppl. Roberts Decl."), filed concurrently herewith.

This Supplemental Request for Judicial Notice is based on the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, and such further argument as may be offered at the time of the hearing.

23cv01216

Dated: May 3, 2024

By: /s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA #44945 (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com

Natalie Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong*

2

23cv01216

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants ImmunityBio, Inc. ("ImmunityBio" or "Company"), Richard Adcock, David C. Sachs, and Dr. Patrick Soon-Shiong ("Individual Defendants") (collectively, "Defendants"), by and through their undersigned counsel, submit this Memorandum of Points and Authorities in support of their Supplemental Request for Judicial Notice.

## INTRODUCTION

On June 30, 2023, a putative securities class action was filed in this Court against ImmunityBio and three of its officers and/or directors, asserting violations of the federal securities laws in connection with the Company's disclosure on May 11, 2023 that it had received a complete response letter ("CRL") from the FDA to its biologics license application for nogapendekin alfa inbakicept-pmln, or Anktiva, for adult patients with BCG-unresponsive non-muscle invasive bladder cancer with carcinoma in situ with or without papillary tumors ("BLA"), indicating that the FDA could not approve the BLA in its then-current form.  ECF No. 1.

Lead Plaintiff Dipak Patel ("Plaintiff") filed an Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint" or "¶_") on November 17, 2023.  ECF No. 37.  On January 8, 2024, Defendants filed a Motion to Dismiss Amended Class Action Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss").  ECF No. 50.  The Motion to Dismiss is fully briefed and pending before the Court.  A hearing on the Motion to Dismiss is currently set for May 31, 2024.  ECF No. 54.

On April 22, 2024, the FDA approved Anktiva for adult patients with BCG-unresponsive non-muscle invasive bladder cancer with carcinoma in situ with or without papillary tumors.  *See* Suppl. Roberts Decl., Ex. 10.  The FDA published a press release announcing the approval the same day on the FDA.gov website.  *Id*.

The Court may take judicial notice of the FDA press release in connection with the Motion to Dismiss.  The accuracy of the release is not subject to reasonable dispute and is relevant to the Court's analysis because the Company's failure to obtain FDA approval of Anktiva in May 2023 forms the basis of Plaintiff's claim of securities fraud.  The fact of

1

23cv01216

FDA approval in April 2024 provides important context to those allegations and undermines the inference that Defendants knew or were severely reckless in not knowing that the Company would not obtain approval in May 2023. The Court may also take judicial notice of SOPP 8405.1 in connection with the Motion to Dismiss because its accuracy is not subject to reasonable dispute and it is relevant to the Court's analysis of Exhibit 10 and the FDA's approval of Anktiva.

## STATEMENT OF ALLEGED FACTS

Defendants rely on the Statement of Alleged Facts contained in the Memorandum of Points and Authorities filed in support of their Motion to Dismiss. ECF No. 50 at 3-9.

## LEGAL STANDARD

On a motion to dismiss, this Court "must consider the complaint in its entirety" as well as "documents incorporated . . . by reference" and "matters of which a court may take judicial notice." ECF No. 50 at 3 n.2 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)). The Court takes judicial notice of documents that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## ARGUMENT

The Court should take judicial notice of an FDA press release posted on the FDA.gov website on April 22, 2024, entitled "FDA approves nogapendekin alfa inbakicept-pmln for BCG-unresponsive non-muscle invasive bladder cancer," Supp. Roberts Decl., Ex. 10, and SOPP 8405.1, *id.*, Ex. 11, in connection with Defendants' Motion to Dismiss.

Federal courts routinely take judicial notice of government websites, including press releases and procedures. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (judicial notice of information on the websites of two school districts because they were government entities); *Coffelt v. Kroger Co*., 2017 WL 10543343, at *1 n.1 (C.D. Cal. Jan. 27, 2017) (judicial notice of FDA press release and other pages from FDA website); *Constr. Laborers Pension Tr. Of Greater St Louis v. Neurocrine Biosciences, Inc.*, 2008 WL 2053733, at *7 (S.D. Cal. May 13, 2008) (documents on government

2

websites generally subject to judicial notice).  And courts have specifically found that FDA decisions posted on the FDA website are subject to judicial notice.  *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (judicial notice of information on FDA's premarket approval database); *Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1170 n.1 (C.D. Cal. 2013) (judicial notice of FDA premarket approval letter); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (judicial notice of information on FDA's website).

The FDA's ultimate approval of the Anktiva BLA is relevant to the pending Motion to Dismiss because it provides context to Plaintiff's allegations about the Company's failure to obtain FDA approval.  Plaintiff repeatedly refers to "approval risk" and claims that "there could not be a topic more important to ImmunityBio investors than the FDA's approval of Anktiva[.]"  ECF No. 51 at 2.  The Complaint challenges statements made by ImmunityBio regarding FDA approval.  ¶¶133, 144, 152, 154-55.  It repeatedly references the FDA approval process, ¶¶40-49, the importance of FDA approval, ¶188, Anktiva's prospects for FDA approval, ¶¶76, 147, 153, 156, and the FDA's failure to approve the Anktiva BLA in May 2023, ¶¶14, 158, 160.  Plaintiff argues that "Defendants *knew . . .* throughout the Class Period," a period stretching from March 10, 2021 to May 10, 2023, that its third-party drug substance manufacturer AGC "suffered from pervasive and recurring cGMP failures" that were "unremediated by the time the Company filed the Anktiva BLA in May 2022" and rendered the BLA dead on arrival.  ECF No. 51 at 2, 6, 19 (emphasis added); ¶¶8, 129, 132, 135, 138, 141, 143, 147.

The fact that Anktiva has now been approved by the FDA shows that Defendants' optimism that the FDA would approve Anktiva was well-founded, which belies a strong inference of scienter that they knew Anktiva would not be approved.  It also shows that the FDA's February 2023 inspection observations were not insurmountable. Indeed, the Company received approval for Anktiva just eleven (11) months after the receipt of the CRL, which demonstrates that the Company was comfortable resubmitting its BLA after just five (5) months. *See* Supp. Roberts Decl., Ex. 11 at E76-77 (Section V.C. of SOPP

3

**MEMORANDUM OF POINTS & AUTHORITIES ISO SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

8405.1 provides that CBER staff will review BLA resubmissions within a period no longer than six (6) months. If the Court can consider the Company's failure to obtain FDA approval for Anktiva in May 2023, as part of its scienter analysis, as Plaintiff alleges, it can also consider the Company's ultimate success in obtaining FDA approval for Anktiva in April 2024. The FDA's approval shows that the question presented is not *whether* Anktiva would be approved, but merely *when*. And Defendants repeatedly stated that "it [was] unclear when the FDA will approve [the] BLA, if at all." ¶¶144, 152, 154; ECF No. 50 at 8-9, 17-18.

## CONCLUSION

The Court should consider the FDA's press release attached as Exhibit 10 and SOPP 8405.1 attached as Exhibit 11 to the Supplemental Roberts Declaration in connection with the pending Motion to Dismiss.


Dated: May 3, 2024                By: /s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA #44945 (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com

Natalie Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong*