POMERANTZ LLP
Jennifer Pafiti (SBN 282890)
Justin D. D'Aloia (*pro hac vice*) (NY Bar # 4935979)
600 Third Avenue, 20th Floor
New York, New York   10016
Telephone:  (212) 661-1100
jpafiti@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Lead Plaintiff Dipak Patel and*
*Lead Counsel for the Proposed Class*

— additional counsel on signature page —

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | No. 3:23-cv-01216-GPC-VET<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Date: June 7, 2024<br>Time: 1:30 p.m.<br>Courtroom: 2D |

Court-appointed lead plaintiff Dipak Patel ("Lead Plaintiff") respectfully submits this memorandum of points and authorities in opposition to the supplemental request for judicial notice filed by defendants ImmunityBio, Inc. ("ImmunityBio" or the "Company"), Patrick Soon-Shiong, Richard Adcock, and David C. Sachs (collectively, with ImmunityBio, "Defendants") on May 3, 2024 (ECF No. 56) (the "RJN").[1]

## **INTRODUCTION**

Pending before the Court is a fully-briefed motion to dismiss filed by Defendants on January 8, 2024 (ECF No. 50) (the "Motion"). As Lead Plaintiff emphasized in the opposition filed in response to the Motion (ECF No. 51) (the "Opposition"), Defendants' misguided attempt to argue that they cannot be held liable unless they knew that the FDA would reject the biologics license application ("BLA") for Anktiva at the time of their earlier misstatements fundamentally mischaracterizes the claims asserted and improperly attempts to raise the burden for pleading scienter far beyond that required by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Consistent with prevailing law, Lead Plaintiff alleges that Defendants materially misrepresented the risk associated with investing in ImmunityBio while the BLA was pending its initial review by touting its compliance with the FDA's current good manufacturing practices ("cGMP") regulations but concealing that the site where Anktiva was made suffered from a series of longstanding and recurring cGMP failures which placed the BLA in jeopardy, and, ultimately, led the FDA to issue a complete response letter ("CRL") in May 2023 rejecting the BLA.

In their RJN, Defendants ask the Court to take judicial notice of two documents under Rule 201 of the Federal Rule of Evidence ("FRE") in connection with their pending Motion: (i) a FDA press release published on April 22, 2024; and (ii) and an internal policy manual for the FDA's Center for Biologics Evaluation and Research ("CBER") effective

---

[1] Unless otherwise noted, citations to "Exhibits" refer to the exhibits attached to the accompanying Declaration of Justin D. D'Aloia, and citations to "Defendants' Exhibits" refer to the exhibits attached to the Supplemental Declaration of John C. Roberts Jr. filed in support of the RJN on May 3, 2024 (ECF No. 56-1).

LEAD PLAINIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

as of November 13, 2022.  But that is, itself, improper because FRE 201 only permits the Court to take judicial notice of *facts*, not documents.  Nevertheless, Defendants appear to use these two documents to establish that ImmunityBio refiled the BLA for Anktiva five months after the FDA rejected it in May 2023, and that the FDA ultimately approved Anktiva on April 22, 2024.

Neither of these purported facts are the proper subject of judicial notice under FRE 201.  Lead Plaintiff does not dispute that the FDA approved Anktiva for commercial use on April 22, 2024, but respectfully refers the Court to the FDA's official approval letter attached as Exhibit 9 for a complete description of that approval.  The two documents that Defendants submit are devoid of *any* support for the remaining assertion offered by Defendants.  Above all else, neither of these purported facts has any bearing on Lead Plaintiff's claims, which arise from the harm suffered by investors who purchased or acquired ImmunityBio securities between March 10, 2021 and May 10, 2023 (the "Class Period"), nearly a year prior to the April 22, 2022 press release.  As explained below, the FDA is not authorized to approve a BLA after it issues a CRL unless it is resubmitted in a new form that addresses all of the deficiencies identified in the CRL.  But that is no answer to the fact that class members were defrauded into purchasing their ImmunityBio shares as a result of Defendants' failure to disclose the pervasive cGMP failures at the facility where Anktiva was made during the Class Period.  That defendants successfully remedied these failures to the FDA's satisfaction in a *subsequent* submission *after* the end of the Class Period in no way exculpates them from liability for their misstatements and omissions while the BLA was pending its first review.  Indeed, it provides cold comfort for shareholders who sold their shares at a staggering loss after the FDA issued the CRL.

The RJN, like the Motion, should be denied in full.

### **STATEMENT OF FACTS**

Lead Plaintiff incorporates the Statement of Facts from the Opposition as if fully set forth herein.  *See* ECF No. 51 at 4-11.  As discussed below, Defendants ask the Court to take judicial notice of, among other things, the fact that the FDA approved Anktiva after

2

LEAD PLAINIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

issuing the CRL.  Under applicable FDA regulations, a drug sponsor only has two options after receiving a CRL:  "Resubmit" the BLA in a form that "address[es] all deficiencies identified in the complete response letter" or "Withdraw the application."  21 C.F.R. § 601.3(b).  If a drug sponsor fails to take any action within one year of the CRL, it is treated as "a request by the applicant to withdraw the application."  21 C.F.R. § 601.3(c).

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the Court must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Because such a motion tests the legal sufficiency of those allegations, FRCP 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment."  Thus, as a general matter, "courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)" without converting it into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

One of the limited exceptions to this rule is that the Court has discretion to take judicial notice of certain ***facts*** under FRE 201.  *Id.*  Specifically, a court may take judicial notice of a fact to the extent it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FRE 201(b).  By its text, however, the rule is limited to "adjudicative fact[s]."  FRE 201(a).  "Adjudicative facts are simply the facts of a particular case."  *Id.* (1972 advisory committee note).  Thus, "[a]n irrelevant fact could hardly be an 'adjudicative fact.'"  *Khoja*, 899 F.3d at 1000 n.5 (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5104 (2d ed. 2005)); *see also Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) (stating "judicial notice is inappropriate where the facts to be noticed are irrelevant"); *Mir v. Kirchmeyer*, 2014 WL 2436285, at *4 (S.D. Cal. May 30, 2014) (Curiel, J.) (facts "not relevant to the question at issue" are not a proper subject of judicial notice).

A party requesting judicial notice bears the burden of providing all "necessary information" to show that the proffered fact satisfies FRE 201.  Fed. R. Evid. 201(c)(2); *see also Citizens Dev. Corp. v. Cnty. of San Diego*, 2017 WL 1089549, at *4 (S.D. Cal. Mar. 23, 2017) (Curiel, J.) ("[A] party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice.") (quoting *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011)).

## ARGUMENT

Defendants' RJN fails out of the gate because it asks the Court to take judicial notice of two **documents**, not any particular **facts** from them.  But it is now well-established that "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja*, 399 F.3d at 999; *see also Citizens Dev. Corp. v. Cnty. of San Diego*, 2021 WL 510041, at *4 (S.D. Cal. Feb. 11, 2021) (Curiel, J.) ("[T]he requesting party should . . . identify what facts within the document it seeks to have judicially noticed.").  This is cause enough to deny the RJN.  *See Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) (denying judicial notice request "[b]ecause defendant does not identify which facts within the exhibits it asks the court to judicially notice"); *see also B & L Prods., Inc. v. 22nd Dist. Agric. Ass'n*, 394 F. Supp. 3d 1226, 1237 n.2 (S.D. Cal. 2019) (similar).

To the extent the RJN discusses any facts from Defendants' two exhibits, it only refers to two.  Defendants cite (1) Defendants' Exhibit 10 for the fact that "the FDA approved Anktiva" on April 22, 2024 (RJN at 1-2, 3); and (2) Section V.C. of Defendants' Exhibit 11 for the fact that "CBER staff will review BLA resubmissions within a period no longer than six (6) months" and, thus, "the Company was comfortable resubmitting its BLA after just five (5) months" (RJN at 3-4).  Neither is a proper subject of judicial notice.

First, Defendants' Exhibit 10 is a **press release**, not an official record of government action.  Defendants maintain that "courts have specifically found that FDA decisions posted on the FDA website are subject to judicial notice" (RJN at 3) but each case they cite took judicial notice of FDA action from **official records** posted to the FDA's website.  *See*

4                                                                                                    23cv01216

*Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878-79 (N.D. Cal. 2013) (official FDA premarket approval letter); *Houston v. Medtronic, Inc.*, 957 F. Supp. 2d 1166, 1170 n.1 (C.D. Cal. 2013) (official FDA premarket approval letter); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (official prescribing label approved by FDA). Only the official record provides a complete description of the government action, particularly in an area as nuanced as FDA drug approval. Attached as Exhibit 9 is the FDA's official approval letter for Anktiva. Lead Plaintiff respectfully submits that the Court should take judicial notice of the approval granted therein.

Second, the purported "fact" that ImmunityBio resubmitted the Anktiva application five months after the CRL (much less that it was "comfortable" doing so) finds no support in the FDA policy manual that Defendants rely upon for it. *See generally* Defs.' Ex. 11. Rather, Defendants ask the Court to **infer** that from the statement therein that "CBER staff will review BLA resubmissions within a period no longer than six (6) months." RJN at 4. But even if the Court took notice of that fact, it is settled that "*the inferences properly drawn from [it]*" are "not a proper subject of judicial notice." *Siegler v. Sorrento Therapeutics, Inc.*, 2019 WL 581719, at *1 n.2 (S.D. Cal. Feb. 13, 2019) (Curiel, J.) (citing *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)); *see also Darensburg v. Metro. Transp. Comm'n*, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006) (declining the "invitation to take judicial notice of . . . complex *inferences* that Defendant would have [the court] draw from the facts contained in those documents").

That principle is especially fitting here. The very section of the policy manual that Defendants rely on provides that the six month review period only applies to **Class 2** resubmissions whereas a two month review period applies to **Class 1** resubmissions. *See* Defs.' Ex. 11 at E76-77. What is more, there is serious doubt that the policy cited by Defendants governs the Anktiva BLA at all. The preface states that "[t]his Standard Operating Policy and Procedure (SOPP) serves as a guide for **Center for Biologics Evaluation and Research (CBER) staff** to follow" for resubmissions. *Id.* at E74 (emphasis added). But not all biologics are reviewed by CBER and the FDA's official approval letter

LEAD PLAINIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

for Anktiva was signed by Paul G. Kluetz, MD of the FDA's "Center for Drug Evaluation and Research," *i.e.*, CDER.  *See* Ex. 9.  This is precisely the type of issue that should be litigated, if at all, only after an opportunity for fulsome discovery.

Third, and not least of all, neither of these purported facts is relevant to Lead Plaintiff's claims.  Try as Defendants may to argue otherwise (RJN at 3), ***this is not a case about predicting the FDA's decision***, much less that Anktiva would ***never*** be approved.  This case arises from Defendants' failure to tell investors about a series of known cGMP failures at the site where it was made so they could make an informed decision about the risk of investing while the initial BLA for that drug was under review.  That Anktiva was ultimately approved after ImmunityBio sufficiently addressed the concerns identified in the CRL after the Class Period does not "undermine," much less disprove, that Defendants knew about those issues during the Class Period.  And it does not erase the fact that the FDA issued a CRL rejecting the BLA after completing its first review at the end of the Class Period because of those manufacturing failures.  More to the point, whatever action Defendants took to address those issues in a ***subsequent*** review cycle does not displace the allegation that they remained unremediated during the ***first***—and only relevant—review cycle.  Indeed, the approval letter for Anktiva indicates that the FDA's decision was conditioned on a series of "postmarketing commitments" to enhance manufacturing and testing protocols proposed by ImmunityBio as late as April 16, 2024.  *See* Ex. 9 at 4.[2]  Most of all, the FDA's subsequent approval provides cold comfort for members of the proposed class, who acquired ImmunityBio stock before the end of the FDA's first review cycle at prices elevated by Defendants' failure to disclose the grave cGMP failures, particularly those who have since sold their stock since the FDA issued the CRL in May 2023.

---

[2] Defendants contend that Anktiva's approval "shows that the FDA's February 2023 inspection observations were not insurmountable."  RJN at 3.  That is inapposite.  Most manufacturing problems can be fixed sooner or later.  Using Defendants' own five month resubmission timeline, ImmunityBio was not in a position to even begin to address those observations until *after* the end of the FDA's first review cycle in May 2023, demonstrating that they did not accurately convey the risk of investing during the Class Period.

LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

\*    \*    \*

If anything, the facts that Defendants now seek to place before the Court reinforce rather than undermine the inference of scienter, as they establish that they took action to adequately address the previously-undisclosed cGMP issues only *after* the end of the Class Period, not *during* it.  Defendants' attempt to recast these facts as evidence to the contrary is a transparent ploy to divert attention away from their violations of the federal securities laws during the Class Period.

## CONCLUSION

Lead Plaintiff respectfully requests that the Court deny the RJN in its entirety.


Dated: May 17, 2024                    Respectfully submitted,

**POMERANTZ LLP**

 */s/ Justin D. D'Aloia*
Jeremy A. Lieberman (*pro hac vice*) (NY Bar # 4161352)
Justin D. D'Aloia (*pro hac vice*) (NY Bar # 4935979)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
jdaloia@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California  90024
Telephone:  (310) 405-7190
Facsimile:  (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and Co-Lead Counsel for the Proposed Class*

LEAD PLAINIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

**HOLZER & HOLZER, LLC**
Corey D. Holzer (*pro hac vice*)
211 Perimeter Center Parkway
Suite 1010
Atlanta, Georgia 30346
Telephone:  (770) 392-0090
Facsimile:  (770) 392-0029
cholzer@holzerlaw.com

*Counsel for Lead Plaintiff and Co-Lead Counsel for the Proposed Class*

LEAD PLAINIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANDTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE