

Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA #44945 (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com

Natalie J. Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc.,*
*Richard Adcock, David C. Sachs,*
*and Patrick Soon-Shiong*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTION | Case No. 3:23-cv-01216-GPC-VET<br><br>CLASS ACTION<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

23cv01216

Defendants hereby file this Notice of Supplemental Authority in relation to their pending Motion to Dismiss Amended Class Action Complaint for Violation of the Federal Securities Laws.  ECF No. 50.

The attached supplemental authority is an order of the U.S. Supreme Court granting a petition for certiorari in *NVIDIA Corp. v. E. Ohman J:or Fonder AB*, No. 21-15604, 2024 WL 3014476 (June 17, 2024), as well as the petition for certiorari and the briefing on the petition.[1]  In its June 17, 2024 order, the Supreme Court identified two questions presented, the second of which is "[w]hether plaintiffs can satisfy the PSLRA's falsity requirement by relying on an expert opinion to substitute for particularized allegations of fact." Ex. 2 at 8.  The appeal has been noted for the Supreme Court's October term and thus a decision likely will issue in early 2025.

The grant of certiorari in *NVIDIA* is relevant to the instant Motion to Dismiss, ECF No. 50, because Plaintiff's Complaint relies in part on an alleged expert opinion.  ¶¶74-76, 88-91.  The briefing of the parties on the pending Motion to Dismiss addressed the issue of alleged expert opinion.  *See* ECF No. 50 at 18-19 (Defendants' Motion to Dismiss); ECF No. 51 at 17, 20, 32 (Plaintiff's Opposition); ECF No. 52 at 7-8 (Defendants' Reply).  And Plaintiff cited the Ninth Circuit's decision in *E. Ohman J:or Fonder AB v. NVIDIA Corp.*,

---

[1] *See Nvidia Corp. v. Ohman J:Or Fonder AB*, __ S. Ct. __, 2024 WL 3014476 (June 17, 2024), attached as Exhibit 1; Question Presented, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. June 17, 2024), attached as Exhibit 2;  Pet. for Writ of Cert., *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. Mar. 4, 2024), attached as Exhibit 3; Br. of Professor J. A. Grundfest as *Amicus Curiae* in Supp. of Pet'r, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. Apr. 4, 2024), attached as Exhibit 4; Br. for Former SEC Offs. as *Amicus Curiae* in Supp. of Pet'r, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. Apr. 4, 2024), attached as Exhibit 5; Br. of Atl. Legal Found. as *Amicus Curiae* in Supp. of Pet'r, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. Apr. 4, 2024), attached as Exhibit 6;  Br. of Wash. Legal Found. & Nat'l Ass'n of Mfrs. as *Amicus Curiae* in Supp. of Pet'r, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. Apr. 4, 2024), attached as Exhibit 7;  Br. in Opp., *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. May 6, 2024), attached as Exhibit 8; and Reply of Pet'rs, *Nvidia Corp. v. E. Ohman J:Or Fonder AB*, No. 23-970 (U.S. May 20, 2024), attached as Exhibit 9.

23cv01216

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

81 F.4th 918 (9th Cir. 2023) in his briefing.  *See* ECF No. 51 at 12, 20, 30, 32.  Thus, a core legal issue on appeal to the Supreme Court in *NVIDIA* is relevant to the pending motion.

Neither Defendants nor Plaintiff know how the Supreme Court will rule on the *NVIDIA* appeal, but given the core legal issue raised in *NVIDIA*, Defendants respectfully suggest that deferring a decision on the Motion to Dismiss until after the Supreme Court issues its decision in *NVIDIA* would provide substantial guidance to *both* parties and preserve judicial economy.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 752 (2023) ("[C]ourts have case-by-case discretion regarding whether or not to issue a stay."); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979) ("A trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"); *Fernandez v. CoreLogic Credco, LLC*, 2021 WL 1311270, at *4 (S.D. Cal. Apr. 8, 2021) (Miller, J.) (staying case pending Supreme Court decision); *Wilson v. Rater8, LLC*, 2021 WL 347306, at *2 (S.D. Cal. Feb. 2, 2021) (Sabraw, J.) (same); *Provo v. Rady Children's Hosp. San Diego*, 2015 WL 6144029, at *2 (S.D. Cal. July 29, 2015) (Miller, J.) (same, noting Supreme Court decision would issue within a year).

Dated: June 18, 2024                    By: /s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA #44945 (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com

2

23cv01216

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Natalie Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong*

3

23cv01216