# EXHIBIT 6

No. 23-970

# In The
# Supreme Court of the United States

————————◆————————

NVIDIA CORPORATION, ET AL.,

*Petitioners,*

v.

E. OHMAN J:OR FONDER AB, ET AL.,

*Respondents.*

————————◆————————

**On Petition For Writ Of Certiorari
To The United States Court Of Appeals
For The Ninth Circuit**

————————◆————————

**BRIEF OF ATLANTIC LEGAL FOUNDATION
AS *AMICUS CURIAE*
IN SUPPORT OF PETITIONERS**

————————◆————————

LAWRENCE S. EBNER
  *Counsel of Record*
HANNAH S. MARCLEY
ATLANTIC LEGAL FOUNDATION
1701 Pennsylvania Ave., NW
Washington, DC 20006
(202) 729-6337
lawrence.ebner@atlanticlegal.org

EX 6

116

i

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.........................................ii

INTEREST OF THE *AMICUS CURIAE*.................... 1

SUMMARY OF ARGUMENT ....................................2

ARGUMENT........................................................... 4

The Court Should Grant Review and Hold That An
Unreliable Expert Opinion Cannot Satisfy the
PSLRA's Pleading Requirements For "Falsity" ........ 4

A.   An expert opinion used to support falsity
     allegations in a securities fraud complaint
     must be based on particularized facts
     or data ................................................................5

 B.  Federal Rule of Evidence 702 establishes uniform
     criteria that district courts should apply to assess
     the reliability of an expert opinion used to
     support falsity allegations in a securities
     fraud complaint......................................................11

CONCLUSION ......................................................... 13

**EX 6**

ii

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................2

*Erie R.R. Co. v. Tompkins,*
304 U.S. 64 (1938) ................................................12

*General Elec. Co. v. Joiner,*
522 U.S. 136 (1997) ........................................... 7, 8

*Matthews v. Eldridge,*
424 U.S. 319 (1976) ................................................4

*Tellabs Inc. v. Makor Issues & Rts., Ltd.,*
551 U.S. 308 (2007) ................................................5

### Statutes, Regulations, and Rules

15 U.S.C. § 78j(b).........................................................2

15 U.S.C. § 78u-4(b)(1) ........................................ 3, 6, 9

15 U.S.C. § 78u-4(b)(2). .................................................3

17 C.F.R. § 240.10b-5 ...................................................2

Federal Rule of Civil Procedure 8 ...............................2

Federal Rule of Civil Procedure 9(b).......................2-6

Federal Rule of Evidence 702....................3, 5-7,10-13

**EX 6**

iii

**Other Authorities**

David E. Bernstein & Eric G. Lasker, *Defending* Daubert*: It's Time to Amend Federal Rule of Evidence 702*, 57 Wm. & Mary L. Rev. 1 (2015) ...................................................................12

Gideon Mark, *Recanting Confidential Witnesses in Securities Litigation*, 45 Loy. U. Chi. L.J. 575 (2014) .....................................................................3

Michael E. Rosman, *Some Information and Belief about Information and Belief*, 2011 J. Prof. Law. 65 (2011). ...............................................................3

Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 Notre Dame L. Rev. 2039 (2020).. ...........................................................11-12

**EX 6**

1

## INTEREST OF THE *AMICUS CURIAE* [1]

Established in 1977, the Atlantic Legal Foundation (ALF) is a national, nonprofit, nonpartisan, public interest law firm whose mission is to advance the rule of law and civil justice by advocating for individual liberty, free enterprise, property rights, limited and responsible government, sound science in judicial and regulatory proceedings, and effective education, including parental rights and school choice. With the benefit of guidance from the distinguished legal scholars, corporate legal officers, private practitioners, business executives, and prominent scientists who serve on its Board of Directors and Advisory Council, the Foundation pursues its mission by participating as *amicus curiae* in carefully selected appeals before the Supreme Court, federal courts of appeals, and state supreme courts. *See* atlanticlegal.org.

\* \* \*

The question presented by this appeal—whether plaintiffs in a securities fraud suit can substitute an expert opinion for the particularized allegations of fact required by the Private Securities Litigation Reform Act ("PSLRA")—aligns with one of ALF's primary civil justice concerns: ensuring that expert opinions used at any stage of litigation are reliable.

---

[1] Petitioners' and Respondents' counsel were provided timely notice in accordance with Supreme Court Rule 37.2. No counsel for a party authored this brief in whole or part, and no party or counsel other than the *amicus curiae* and its counsel made a monetary contribution intended to fund preparation or submission of this brief.

**EX 6**

2

The PSLRA is intended to protect defendants from securities fraud suits where the plaintiffs do not have enough evidence to justify subjecting a company to the burdens and costs of litigation, including discovery and reputational harm. This case asks the Court to decide what role an expert opinion can play in satisfying the PSLRA's heightened pleading requirements. ALF urges the Court to grant review and hold that if an expert opinion is used to support a claim of securities fraud under the PSLRA, it must be reliable, including because it is based on particularized facts and data.

## SUMMARY OF ARGUMENT

Before a plaintiff can "unlock the doors of discovery," its complaint must adequately plead the case. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The general standard for a sufficient pleading, articulated in Federal Rule of Civil Procedure 8, requires that a complaint state facts which allow the judge to reasonably infer that a defendant is liable. *Id.* Rule 9(b) builds upon Rule 8 by requiring plaintiffs whose claims hinge on fraud to "plead *with particularity* the circumstances constituting fraud or mistake," but allows scienter to be pled generally. Fed. R. Civ. P. 9(b) (emphasis added); *see Iqbal*, 556 U.S. at 687 (holding that Rule 9 heightens the pleading standard for factual allegations of falsity, but leaves Rule 8 to control allegations of scienter).

The PSLRA raises the pleading requirements even higher for parties that claim to have been misled under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5(b), 17 C.F.R.

EX 6

121

3

§ 240.10b-5. *See* 15 U.S.C. § 78u-4(b)(1) (Misleading statements and omissions) & § 78u-4(b)(2) (Required state of mind).

Scholars debate the extent to which securities fraud plaintiffs should be able to satisfy the PSLRA's pleading requirements by alleging facts on "information and belief." *See, e.g.,* Michael E. Rosman, *Some Information and Belief about Information and Belief*, 2011 J. Prof. Law. 65 (2011); Gideon Mark, *Recanting Confidential Witnesses in Securities Litigation*, 45 Loy. U. Chi. L.J. 575 (2014). Respondents here attempted to bypass this debate, and satisfy the PSLRA's pleading requirements, by relying on an expert opinion to allege that Petitioner NVIDIA's statements were false.[2] But without sufficient facts and data, an expert opinion is not reliable. *See* Fed. R. Evid. 702. This means that the Respondents are in the same position with or without the expert opinion—needing to plead particularized facts showing that the statements at issue were false to overcome the pleading hurdles established by Rule 9(b) and the PSLRA.

Review also should be granted to protect the fundamental right to due process—a right which the district court can protect by acting as a gatekeeper, consistent with the reliability criteria established by Federal Rule of Evidence 702. Due process is not just a phrase used to invoke decades of jurisprudence; it is

---

[2] In this brief ALF does not address the other elements of adequately pleading a PSLRA claim, but agrees with Petitioners' contention that scienter cannot be alleged based on data that Respondents' expert created ex post facto.

EX 6

4

the right to a procedurally fair adjudication under the circumstances of a particular case. *See, e.g., Matthews v. Eldridge,* 424 U.S. 319, 335 (1976) (holding that where the risk of improper deprivation of rights is high, higher procedural protection is due). Where, as here, a district court allows an unreliable expert opinion to be treated as fact, a securities fraud defendant not only is deprived of the protections afforded by the PSLRA and Rule 9(b), but also of due process.

## ARGUMENT

**The Court Should Grant Review and Hold That An Unreliable Expert Opinion Cannot Satisfy the PSLRA's Pleading Requirements For "Falsity"**

The particularized facts required to plead falsity under the PSLRA and Rule 9(b) cannot be satisfied by allegations that spring from an unreliable expert opinion. Respondents' complaint alleges that Petitioners' revenue from sales to "crypto miners" was greater than Petitioners advised investors and potential investors. *See* Pet. at 9. They claim to know that the actual revenue was greater because of an expert analysis of publicly available information and industry trends. *See id.* at 10. This expert analysis, performed by Prysm Group, is central to the Ninth Circuit's opinion. It was not presented to the trial court for review, but instead, selectively quoted in Respondents' complaint. *See* First Amended Class Action Complaint, Doc. 149, §§ E-F; App. 20a. Without the expert's report and the analyzed data, it

**EX 6**

123

5

is impossible to know whether the expert's conclusions are reliable.

The best way to determine the reliability of an expert opinion—including in the PSLRA pleading context— is to utilize Rule 702's expert testimony reliability criteria. As this Court has recognized, there is a kinship between a trial court's role in reviewing PSLRA complaints and expert opinions. *See Tellabs Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 327 n.8, (2007) (noting that the trial court played a "gatekeeping" role in both situations). Here, the Court should advance this point to its logical conclusion by granting review and holding that a PSLRA complaint that relies on an expert opinion lacking sufficient facts or data to support its conclusions does not allege the "particularized facts" needed to meet PSLRA and Rule 9(b) pleading standards for falsity.

### A. An expert opinion used to support falsity allegations in a securities fraud complaint must be based on particularized facts or data

Whether in a complaint or at a trial, an expert opinion only can influence a case's outcome if it is based on sufficient facts and data. The similarities in language and goals among Federal Rule of Evidence 702, Federal Rule of Civil Procedure 9(b), and the PSLRA demonstrate that an expert opinion that fails to satisfy Rule 702's reliability criteria due to insufficient factual support perforce is not based on particularized facts that sufficiently allege falsity under the PSLRA.

**EX 6**

124

6

To plead falsity under the PSLRA, "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation . . . is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Similarly, Rule 9(b) requires that plaintiffs "state with particularity the circumstances constituting fraud or mistake." These two requirements work in tandem to create the heightened "falsity" pleading standards governing this case. In other words, the PSLRA and Rule 9(b) require plaintiffs to plead not only that a statement was false, but also how plaintiff knows it was false.

By relying on an expert opinion rather than facts to allege falsity with particularity, Respondents' complaint raises the question of whether an expert's opinion is an acceptable way for securities fraud plaintiffs to "know" that a statement is false. Rule 702 advises that an expert opinion is acceptable only where the evidence on which the expert relies is sufficient to conclude the statements were false. In such case, the evidence would be particularized facts showing falsity, as the PSLRA and Rule 9(b) require. There is no workaround—the evidence of falsity must start as fact, even though the facts can be interpreted by an expert. *See* Pet. at 5 (discussing circuit court opinions using expert opinions to bolster a case, but not to substitute for facts).

Rule 702 (amended December 1, 2023) requires district courts to act as gatekeepers, preventing litigants from presenting unreliable expert opinions

**EX 6**

125

7

by vetting an expert opinion against the following reliability criteria:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Respondents' complaint cannot mask its fatal shortcomings under criterion (b)—sufficient facts or data. While their complaint describes some *information* on which the lead expert relied, the underlying information also was opinion, not facts or data. Almost like hearsay within hearsay, the expert's analysis was based on two other expert opinions. Those opinions too were not presented to the district court for review and their data and methods are not addressed in the complaint. *See* Compl. ¶ 152.

An expert opinion is only as good as the data on which it relies. In evaluating expert testimony, this Court has required that the data and the expert's conclusions be closely linked to justify admission of the testimony. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (gatekeeping court "may conclude that

**EX 6**

8

there is simply too great an analytical gap between the data and the opinion proffered"). Without knowing where any of the cited experts obtained the data (if any) they used, what types of data they were, and/or what the numbers showed, a court cannot properly determine whether the data adequately support the expert's conclusions.

In *Joiner*, this Court addressed an analogous situation. The plaintiff, Joiner, alleged that his cancer was due to exposure to a chemical at a General Electric facility. *See* 522 U.S. at 137. Joiner relied on an expert to show that his cancer was due to this exposure. The expert in turn relied on several studies to claim that the chemical was known to cause cancer. *Id.* at 143-44. Relevant here, Joiner claimed that four epidemiological studies showing increased incidents of cancer among persons exposed to chemicals justified the expert's conclusion. *Id.* at 145-46. But this Court was not persuaded. Two studies showed statistically insignificant increases in cancer, one showed results from a totally different chemical, and one included subjects who had been exposed to multiple other carcinogens. *Id.* This Court held that the studies could not support the expert's conclusion because they were only connected to the causality question in Joiner's case by the "ipse dixit" of the expert and had too great an "analytical gap" from the expert's testimony that the chemical caused Joiner's cancer. *See id.* at 146.

Compare that level of scrutiny and understanding of the supporting studies to the leap of faith Respondents ask for here. Their supporting studies propose to estimate NVIDIA's market share, but how

**EX 6**

127

9

they reach that conclusion, their data sources, and the context in which they describe their information were not made available to the district court for review.

Respondents' expert analysis, to the extent it is quoted in their complaint, is unreliable because it does not have sufficient, reliable, underlying facts and data. This becomes clear with a hypothetical: Imagine, instead of quoting Prysm, Respondents had simply alleged the expert's findings themselves: (i) there was [X] increase in crypto mining output during the class period; (ii) it would take [Y] more Graphic Processing Units ("GPUs") to perform that much more work; and (iii) NVIDIA accounts for [Z%] of the market for crypto miners' GPUs. Then Respondents would have concluded, as Prysm did, that [Z%] of [Y] GPUs must have been sold by NVIDIA for crypto mining. Would the evidence be sufficient to make these logical leaps?

The PSLRA requires that complaints "shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). NVIDIA's market share is not a particularized fact. It would need to be pleaded on "information and belief" because NVIDIA releases no such data. *See* Compl. ¶ 39.

So, the real question is whether there was sufficient evidence to plead and conclude that Petitioners' market share was 69%. Respondents' expert "determined that NVIDIA maintained a cryptocurrency-specific market share of approximately 69%" based on two other expert opinions, which concluded that NVIDIA held 69% or 75% of the cryptocurrency-specific GPU market.

**EX 6**

128

10

*Id.* ¶¶ 152a & 152b. How it reached the 69% from those two sources is not described. Nor is the way that the other two experts reached their conclusions. In short, the central point of the analysis is just a "trust me" assertion, supported by conclusory statements. An expert is welcome to draw specialized conclusions based on sufficient facts. But they may not substitute opinion for fact.

Indeed, the scant support left the Ninth Circuit panel members with differing understandings of what the evidence said or did not say. *See* App. 53a-56a (in which the majority engages in a point-counterpoint with the dissent's critique of the evidence). These data were not sufficient, nor was their relationship to the conclusion close, thus failing to satisfy Rule 702.

The type of general market data employed by the expert opinion here are not "particularized." Presenting them in Respondents' complaint is not pleading "with particularity." Using the expert opinion reliability criteria of Rule 702 would have given the lower courts an appropriate framework against which to assess the reliability of the opinion. Had they used those reliability criteria, they would have seen that the expert opinion was unreliable, and thus, cannot substitute for pleading particularized facts.

**EX 6**

129

11

## B. Federal Rule of Evidence 702 establishes uniform criteria that district courts should apply to assess the reliability of an expert opinion used to support falsity allegations in a securities fraud complaint

Rule 702 provides district courts with nationally uniform, well developed and understood, easily applied criteria for assessing the reliability of expert testimony. The same reliability criteria can and should be used where, as here, a securities fraud complaint attempts to satisfy the PSLRA's falsity pleading requirement by substituting an expert opinion for allegations that contain particularized facts.

Litigants and courts benefit from consistency. For litigants, particularly defendants, inconsistent outcomes pose a due process problem. Inconsistent review of expert opinions was such a problem that Rule 702 recently was amended to ensure, *inter alia*, that a trial court articulates the standard it uses in judging admissibility. As Judge Thomas Schroeder, a member of the U.S. Judicial Conference's Advisory Committee on the Federal Rules of Evidence and Chair of the Subcommittee on Rule 702, noted in his article explaining the 2023 amendments, "some courts appear to be abdicating their charge under the Federal Rules of Evidence and *Daubert* and its progeny to make the hard call on admissibility." Thomas D. Schroeder, *Toward a More Apparent Approach to Considering the Admission of Expert Testimony*, 95 Notre Dame L. Rev. 2039 (2020). Judge Schroeder added that the committee's changes were in part

**EX 6**

130

12

informed by a law review article "which identified many cases as evidencing erroneous application of Rule 702 and urged amendment of the Rule to underscore the need for the trial court to address each of the Rule's requirements." *Id.* at 2044, n. 27 (citing David E. Bernstein & Eric G. Lasker, *Defending* Daubert*: It's Time to Amend Federal Rule of Evidence 702*, 57 Wm. & Mary L. Rev. 1 (2015)).

Inconsistent outcomes are more than troubling: They are unconstitutional. This Court has endeavored to deter forum shopping at least since *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Allowing securities fraud complaints to satisfy the heightened pleading requirements in some jurisdictions but not others would encourage forum shopping and thwart the purpose of the PSLRA.

The Ninth Circuit's decision below illustrates the differences that judges even within the same panel can have in reviewing an expert opinion without the benefit of Rule 702's reliability criteria. The majority opinion points to several factors that it used to find that the expert opinion on which Respondents relied to satisfy the "particularized facts" requirement under the PSLRA was dependable. *See* App. 53a-56a. In contrast, the dissent emphasizes that the data on which the expert relied were not data about NVIDIA, but instead, general market information that the expert hypothesized would speak to NVIDIA's experience. *See id.* 57a. The dissenting opinion's concerns are familiar to any Rule 702 expert: The majority opinion misses the mark by failing to

**EX 6**

131

13

recognize, as Rule 702 mandates, that sufficient facts and data are prerequisite to reliable expert opinions.

This Court should review the question presented and hold that under the PSLRA, securities fraud complaints must allege sufficient facts to justify an expert's conclusions concerning falsity. An expert opinion that does not satisfy the expert opinion reliability criteria established by Rule 702 should not be viewed as satisfying the PSLRA's heightened pleading requirements.

## CONCLUSION

The petition for a writ of certiorari should be granted.


Respectfully submitted,


LAWRENCE S. EBNER
    *Counsel of Record*
Hannah S. Marcley
ATLANTIC LEGAL FOUNDATION
1701 Pennsylvania Ave., NW
Washington, D.C. 20006
(202) 729-6337
lawrence.ebner@atlanticlegal.org


April 2024

**EX 6**

132