Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA No. 44945,
 *pro hac vice admitted*
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
gwatts@wsgr.com
jroberts@wsgr.com

Natalie J. Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc.,
Richard Adcock, David C. Sachs,
and Patrick Soon-Shiong*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | No. 3:23-cv-01216-GPC-VET<br><br>CLASS ACTION<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>Judge: Hon. Gonzalo P. Curiel |

Defendants ImmunityBio, Inc. ("ImmunityBio" or the "Company"), Richard Adcock, David C. Sachs, and Patrick Soon-Shiong ("Individual Defendants"; with ImmunityBio, "Defendants") hereby answer the Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint"), ECF No. 37, filed on November 17, 2023 in the above-captioned action by Lead Plaintiff Dipak Patel ("Plaintiff").

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, ImmunityBio responds generally that the headings do not constitute factual averments, and thus are not included herein. To the extent a response is deemed necessary, ImmunityBio denies each and every heading and sub-heading in the Complaint and incorporates by reference this response in each paragraph below as if fully set forth therein.

Except as explicitly admitted herein, ImmunityBio denies any and all allegations set forth in the Complaint. ImmunityBio further answers the numbered paragraphs in the Complaint as follows.

1. Defendants admit that Plaintiff purports to bring a federal securities class action against the Company and certain of its officers for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, on behalf of a putative class consisting of all persons and entities that purchased or acquired ImmunityBio securities between March 10, 2021 and May 10, 2023, both dates inclusive. Unless otherwise admitted, Defendants deny the allegations in paragraph 1.

2. Defendants admit that ImmunityBio was established following a merger between two clinical-stage immunotherapy companies, NantKwest, Inc. and ImmunityBio, Inc. Defendants admit that at the time of the merger, Dr. Soon-Shiong served as Executive Chairman of NantKwest, Inc. and owned a majority of its outstanding common stock. Defendants admit that at the time of the merger, Dr. Soon-Shiong served as Chairman and CEO of ImmunityBio and certain of its affiliates. Defendants admit that the merger closed on March 9, 2021. Defendants admit that, at the time of the merger, the Company had a clinical-stage pipeline and intellectual property portfolio with 17 first-

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

in-human assets in 25 Phase 2 to 3 clinical trials.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 2.

3.    Defendants admit that Anktiva is a first-in-class IL-15 agonist antibody-cytokine fusion protein approved for the treatment of adult patients with bacillus Calmette-Guérin-unresponsive non-muscle invasive bladder cancer ("NMIBC") with carcinoma in situ ("CIS"), with or without papillary tumors.  Defendants admit that Anktiva was the Company's lead biologic commercial product candidate, and yielded impressive results in one of its Phase 3 trials.  Defendants admit that ImmunityBio submitted a Biologics License Application ("BLA") to the Food and Drug Administration ("FDA") for Anktiva in combination with Bacillus Calmette-Guérin ("BCG") for the treatment of patients with BCG-unresponsive NMIBC with CIS, with or without papillary tumors. Defendants admit that, at the start of the alleged class period, ImmunityBio was not generating meaningful revenue from the commercial sale of any products.  Defendants admit that the FDA approved a BLA for Anktiva on April 22, 2024.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 3.

4.    Defendants admit that ImmunityBio filed a BLA for Anktiva.  Defendants admit that the FDA approval process for a BLA includes certain requirements related to current good manufacturing practices ("cGMP"), including a pre-license inspection of the manufacturing facilities for Anktiva.  Defendants deny that paragraph 4 fully and accurately summarizes those requirements.  Defendants refer to the requirements themselves for their full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 4.

5.    Defendants admit that the FDA approval process for a BLA includes certain requirements related to cGMP.  Defendants deny that paragraph 5 fully and accurately summarizes those requirements or the FDA approval process.  Defendants refer to the requirements themselves for their full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 5.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

6. Defendants admit that ImmunityBio worked with third-party contract manufacturing organizations ("CMOs") to manufacture Anktiva, including AGC Biologics, Inc. ("AGC"). Defendants admit that its use of CMOs was disclosed to the public. Defendants admit that ImmunityBio sometimes referenced CMOs and/or cGMP standards in its public documents and public statements. Defendants admit that ImmunityBio also manufactured drugs itself. Defendants deny that paragraph 6 fully and accurately summarizes those statements. Defendants refer to the documents themselves for their full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 6.

7. Defendants admit that data from Phase 3 trials showed Anktiva's durable treatment effect. Defendants admit that ImmunityBio submitted a BLA for Anktiva on May 23, 2022. Defendants admit that ImmunityBio sometimes references CMOs and/or cGMP standards in its public documents and public statements. Defendants deny that paragraph 7 fully and adequately summarizes those statements. Defendants refer to the documents themselves for their full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 7.

8. Defendants admit that, in March and July 2021, the FDA issued Form 483s to the facility used by ImmunityBio's CMO to manufacture Anktiva. Defendants admit that the Form 483s made inspectional observations with respect to the facility's operations. Defendants deny that paragraph 8 correctly or adequately summarizes the Form 483s or the results of the inspections. Defendants refer to the documents themselves for their full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 8.

9. Defendants admit that ImmunityBio officials, including Defendant Adcock and Mr. Leonard Sender, met with AGC officials during the putative class period. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 9.

10. Defendants admit that, in November 2022, the FDA notified AGC that it would be conducting an inspection of the facility where Anktiva was manufactured in

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

February 2023. Defendants admit that ImmunityBio and AGC held a mock inspection prior to the FDA's February 2023 inspection. Unless explicitly admitted herein, Defendants deny the allegations in paragraph 10.

11. Defendants admit that, in February 2023, the FDA conducted an inspection of the AGC facility in Bothell, Washington where Anktiva is manufactured. Defendants admit that the inspection was related to both a pre-license inspection of the drug substance manufacturing operations for Anktiva and a cGMP surveillance inspection for at least one unrelated drug product. Defendants admit that Defendant Adcock flew to Washington to be at the facility during the inspection. Defendants admit that they did not participate in the FDA's inspection of AGC's Bothell, Washington facility. Defendants admit that ImmunityBio officials received updates from AGC about the inspection. Defendants admit that the FDA issued a Form 483 to AGC after the inspection. Defendants deny that paragraph 11 fully and accurately reflects the true contents of Form 483 or the results of the inspection. Unless explicitly admitted herein, Defendants deny the allegations in paragraph 11.

12. Defendants admit that Defendant Soon-Shiong has a background in medicine and experience with the FDA approval process. Defendants lack knowledge or sufficient information as to the qualifications of the Lead Plaintiff's purported expert referenced in the Complaint, and on that basis deny such allegations. Defendants lack knowledge or sufficient information sufficient to form an opinion as to Lead Plaintiff's purported expert's opinions, and on that basis deny such allegations. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 12.

13. Defendants admit that ImmunityBio sometimes references CMOs, cGMP standards, and/or manufacturing resources in its public documents and public statements. Defendants deny that paragraph 13 fully and adequately summarizes those documents. Defendants refer to the documents themselves for their full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 13.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

14.     Defendants admit that, on the morning of May 11, 2023, ImmunityBio announced that it had received a complete response letter ("CRL") from the FDA regarding the Anktiva BLA.  The reasons for the CRL are identified in the CRL. Defendants refer to the CRL itself. Defendants admit that ImmunityBio's stock price declined on May 11, 2023.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants admit that this Court has jurisdiction over this action.

17.     Defendants admit that venue is proper in the Southern District of California. Defendants deny that the convenience of the parties and witnesses and/or the interests of justice necessarily favor the Southern District of California.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 17.

18.     Defendants admit that ImmunityBio's stock trades on the NASDAQ Stock Market.  Except as explicitly admitted herein, Defendants deny the allegations contained in paragraph 18, except to the extent that the allegations in paragraph 18 contain legal conclusions to which no response is required.

19.     Defendants lack knowledge as to Lead Plaintiff Patel's purchases of ImmunityBio securities, and on that basis deny such allegations. Defendants otherwise deny the allegations in paragraph 19.

20.     Defendants admit the allegations in paragraph 20.

21.     Defendants admit the allegations in paragraph 21 but qualify that the titles merely formalized roles Dr. Soon-Shiong was already performing at that time.

22.     Defendants admit the allegations in paragraph 22.

23.     Defendants admit the allegations in paragraph 23, except to the extent that paragraph 23 makes legal conclusions to which no response is required.

24.     Defendants admit that the phrase "Individuals Defendants" is used in the Complaint to define Defendants Soon-Shiong, Adcock, and Sachs.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

25. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 25 and on that basis deny them.

26. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 26 and thereby deny them.

27. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 27 and thereby deny them.

28. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 28 and thereby deny them.

29. Defendants admit that ImmunityBio was, during the class period, a clinical-stage biotechnology company focused on developing next-generation therapies and vaccines that complement, harness, and amplify the immune system to defeat cancers and infectious diseases. Defendants admit that immunotherapies can complement or stimulate the immune system to fight diseases like cancer. Defendants admit that ImmunityBio's lead product candidate during the alleged class period was ImmunityBio's novel IL-15 agonist complex, N-803 (formerly known as "ALT-803"), which has the proprietary name, "Anktiva." Except as explicitly admitted herein, Defendants deny the allegations in paragraph 29.

30. Defendants admit that ImmunityBio was formed following a merger between two clinical-stage immunotherapy companies, NantKwest, Inc. and ImmunityBio, Inc. ("Legacy ImmunityBio"). Defendants admit that the merger closed on March 9, 2021. Defendants admit that, as of March 2021, Dr. Soon-Shiong was the controlling stockholder of each of Legacy ImmunityBio and NantKwest. Paragraph 30 further contain legal conclusions to which no response is required. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 30.

31. Defendants admit that Dr. Soon-Shiong is a physician, surgeon, and scientist and that he has pioneered novel therapies for both diabetes and cancer. Defendants admit that, in June 2018, Dr. Soon-Shiong became the owner and executive chairman of the *Los Angeles Times*. Defendants admit that Dr. Soon-Shiong invented and developed

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Abraxane, the nation's first FDA approved protein nanoparticle albumin-bound delivery technology for the treatment of cancer. Defendants admit that Abraxane was approved by the FDA for metastatic breast cancer in 2005, lung cancer in 2012, and pancreatic cancer in 2013. Defendants admit that, from 1997 to 2010, Dr. Soon-Shiong served as founder, Chairman, and CEO of two global pharmaceutical companies, American Pharmaceutical Partners and Abraxis BioScience. Defendants admit that American Pharmaceutical Partners was sold to Fresenius SE for up to approximately $5.6 billion in 2008, if one includes both fully-realized equity capital and outstanding debt. Defendants admit that Abraxis BioScience was sold to Celgene Corporation for $2.9 billion in 2010. Defendants admit that, by 2019, Abraxane had achieved over $1 billion in sales. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 31.

32. Defendants admit that Dr. Soon-Shiong founded NantWorks LLC ("NantWorks") in 2011. Defendants admit that NantWorks is principally engaged in the business of being a holding company for healthcare and technology companies. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 32.

33. Defendants admit that Legacy ImmunityBio was formed under the name "NantBioCell" in November 2014. Defendants admit that NantBioCell changed its name to "NantCell, LLC" ("NantCell") in January 2015. Defendants further admit that the name "NantCell" was changed to "ImmunityBio, Inc." in May 2019. Defendants admit that all predecessors to Legacy ImmunityBio are referred to in the Complaint as "Legacy ImmunityBio." Except as explicitly admitted herein, Defendants deny the allegations in paragraph 33.

34. Defendants admit that Conkwest was a clinical-stage immunotherapy company focused on developing the use of natural killer cells to treat cancer, infectious diseases, and inflammatory diseases. Defendants admit that Conkwest's platform was potentially capable of being produced as a scalable, cell-based "off-the-shelf" therapy. Defendants admit that, in December 2014, Conkwest and Dr. Soon-Shiong entered into a definitive agreement for Dr. Soon-Shiong to purchase approximately $48 million of the

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Company's Class A Common Stock. Defendants admit that Dr. Soon-Shiong joined Conkwest as the company's Chief Medical Officer in January 2015, and became the company's Chief Executive Officer in March 2015. Defendants admit that Dr. Soon-Shiong invested $71 million in Conkwest in June 2015. Defendants admit that Conkwest changed its name to "NantKwest" in July 2015. Defendants admit that NantKwest commenced an IPO at a market valuation of approximately $2.6 billion. Defendants admit that, after completion of the IPO, Dr. Soon-Shiong and/or his entities and affiliates owned approximately 60% of NantKwest. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 34.

35. Defendants admit that Altor BioScience Corporation ("Altor") was developing an antibody cytokine fusion protein called ALT-803. Defendants admit that, in 2016, Dr. Soon-Shiong created a coalition of multinational pharmaceutical, biotechnology companies, academic centers, and oncologists focused on developing immunotherapy as the standard of care in patients with cancer. Defendants admit that Altor participated in the coalition. Defendants admit that Dr. Soon-Shiong was named Chairman of Altor BioScience Corporation's Board of Directors in April 2016. Defendants admit that entities affiliated with Dr. Soon-Shiong acquired a significant amount of equity in Altor. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 35.

36. Defendants admit that, in 2016, ALT-803 was being evaluated in several late-stage Phase 2 trials for various cancers, including NMIBC. Defendants admit that, in May 2017, ALT-830 received Fast Track designation from the FDA for ALT-803 in combination with BCG, for the treatment of patients with NMIBC. Defendant admits that the FDA's Fast Track process is designed to facilitate the development—and expedite the review of—drugs to treat serious conditions and fill an unmet medical need. Defendants admit that cancer is a serious condition. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 36.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

37.    Defendants admit that Legacy ImmunityBio acquired Altor in July 2017. Defendants admit that N-803 was formerly known as "ALT-803." Defendants admit that, in 2017, Legacy ImmunityBio began a registrational trial for N-803 for which ImmunityBio ultimately received registrational approval. Defendants admit that, in December 2019, ImmunityBio received Breakthrough Therapy designation from the FDA for N-803 in combination with BCG, for the treatment of patients with BCG-unresponsive non-muscle invasive bladder CIS. Defendants admit that the FDA's Breakthrough Therapy designation is designed to expedite the development and review of drugs that are intended to treat serious conditions and preliminary clinical evidence indicates that the drug may demonstrate substantial improvement over available therapy on a clinically significant endpoint(s). Defendants admit that N-803 was later known as "Anktiva." Except as explicitly admitted herein, Defendants deny the allegations in paragraph 37.

38.    Defendants admit that NantKwest had an IPO in 2015. Defendants admit that, on December 21, 2020, NantKwest and Legacy ImmunityBio issued a joint press release announcing a tax-free 100% stock-for-stock merger, with ImmunityBio to reverse merge with NantKwest. Defendants admit that, also on December 21, 2020, Legacy ImmunityBio announced positive data from the first cohort of its phase 2/3 trial for Anktiva with BCG in patients with in situ forms of NMIBC. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 38.

39.    Defendants admit that the merger closed on March 9, 2021. Defendants admit that post-merger ImmunityBio assumed the assets of Legacy ImmunityBio, including Anktiva. Defendants admit that ImmunityBio's common stock is listed on the NASDAQ under the symbol "IBRX." Defendants admit that Dr. Soon-Shiong and his affiliates owned approximately 82% of ImmunityBio's outstanding common stock in March 2021. Paragraph 39 also contains legal conclusions to which no response is required. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 39.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

40.    Defendants admit that new drugs for use by people must be FDA approved before they are marketed in interstate commerce.  Defendants admit that "small molecule" drugs are manufactured using a chemical process, while biological drugs, or "biologics," are produced from living organisms or cells.  Defendants admit that a biologic license application ("BLA") is required for biologics.  Defendants admit that Anktiva is a biologic.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 40.

41.    Defendants admit that the contents of a BLA must conform with the guidelines outlined in the FDA rules and associated guidance.  Defendants admit that a BLA may include information from clinical trials, information related to the manufacturing of the product, and other information.  Defendants admit that a BLA may be voluminous and include various data and information. Paragraph 41 contains legal conclusions to which no response is required, and Defendants deny that paragraph 41 fully and accurately summarizes FDA rules, regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 41.

42.    Defendants admit that the section of the BLA that describes the manufacturing process and integrity of the drug is known as the chemistry, manufacturing, and controls ("CMC") section.  Paragraph 42 contains legal conclusions to which no response is required, and Defendants deny that paragraph 42 fully and accurately summarizes FDA rules, regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 42.

43.    Paragraph 43 contains legal conclusions to which no response is required, and Defendants deny that paragraph 43 fully and accurately summarizes the applicable FDA rules, regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 43.

44.    Paragraph 44 contains legal conclusions to which no response is required, and Defendants deny that paragraph 44 fully and accurately summarizes FDA rules,

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 44.

45.    Paragraph 45 contains legal conclusions to which no response is required, and Defendants deny that paragraph 45 fully and accurately summarizes FDA rules, regulations, or guidance.

46.    Paragraph 46 contains legal conclusions to which no response is required, and Defendants deny that paragraph 46 fully and accurately summarizes FDA rules, regulations, or guidance.

47.    Defendants admit that many manufacturers hold mock inspections, perform cGMP audits, or otherwise shore up compliance gaps in advance of an FDA review period.  Paragraph 47 contains legal conclusions to which no response is required, and Defendants deny that paragraph 47 fully and accurately summarizes FDA rules, regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 47.

48.    Paragraph 48 contains legal conclusions to which no response is required, and Defendants deny that paragraph 48 fully and accurately summarizes FDA rules, regulations, or guidance.

49.    Paragraph 49 contains legal conclusions to which no response is required, and Defendants deny that paragraph 49 fully and accurately summarizes FDA rules, regulations, or guidance.

50.    Defendants admit that ImmunityBio acquired the rights to Anktiva in July 2017. Defendants admit that Immunity Bio acquired Altor in July 2017. Defendants admit that N-803 was in registrational trials in 2017. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 50.

51.    Defendants admit that, in 2020, Legacy ImmunityBio announced positive data from the first cohort of its Phase 2/3 trial for Anktiva with BCG in patients with in situ forms of NMIBC.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 51.

11

52.    Defendants admit that, on December 21, 2020, ImmunityBio issued a press release in which Dr. Soon-Shiong was quoted as stating: "We expect to file a Biologics License Application following a meeting with the FDA in 2021." Defendants admit that the press release includes, "Biologics License Application filing anticipated in second half of 2021." Except as explicitly admitted herein, Defendants deny the allegations in paragraph 52.

53.    Defendants admit that, on August 11, 2021, ImmunityBio appointed Dr. Soon-Shiong to the position of Global Chief Scientific and Medical Officer. Defendants admit that, on September 13, 2021, ImmunityBio issued a press release noting that the Phase 2/3 trial showed positive results, including 0% treatment- or immune-related adverse events or serious adverse events reported. Paragraph 53 contains legal conclusions to which no response is required, and Defendants deny that paragraph 53 fully and accurately summarizes FDA rules, regulations, or guidance. Defendants admit that ImmunityBio had discussions with the FDA about its forthcoming BLA. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 53.

54.    Defendants admit that, on December 17, 2021, ImmunityBio obtained $300 million in new debt financing from Nant Capital LLC. Defendants admit that, in a press release attached to a Form 8-K filed on December 17, 2021, ImmunityBio stated that this new financing was from ImmunityBio's founder, Dr. Soon-Shiong. Defendants admit that the press release also stated: "With $470 million of financing achieved since the merger, we now have the resources to rapidly advance our late-stage pipeline, build upon our 400,000 sq. feet of GMP biologic, vaccine, and NK manufacturing facilities for 2022 and expand our commercial operations in anticipation of our bladder cancer BLA filing in Q1, 2022[.]" Except as explicitly admitted herein, Defendants deny the allegations in paragraph 54.

55.    Defendants admit that, on May 23, 2022, ImmunityBio announced that it had submitted a BLA to the FDA for N-803. The contents of the BLA speak for themselves. Defendants admit that the BLA, among other things, included data from clinical studies

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

and PPQ runs.  Defendants admit that ImmunityBio requested priority review of the BLA. Defendants admit that, in July 2022, the FDA accepted ImmunityBio's BLA for review and set a PDUFA target action date of May 23, 2023. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 55.

56.   Defendants admit that a Form S-4 filed by ImmunityBio on January 29, 2021, states that "we or our CMOs will need to meet all applicable FDA and foreign regulatory authority requirements, including cGMP, on an ongoing basis."  Defendants admit that the January 29, 2021, filing also states that the "cGMP requirements include quality control, quality assurance and the maintenance of records and documentation." Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 56.

57.   Defendants admit that the Form S-4 filed by ImmunityBio on January 29, 2021, says that the FDA "will not approve an application unless it determines that the manufacturing processes and facilities comply with cGMP requirements."  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 57.

58.   Defendants admit that the Form S-4 filed by ImmunityBio on January 29, 2021, says that "[t]he BLA/NDA must include all relevant data available from pertinent preclinical and clinical trials, including negative or ambiguous results, as well as positive findings, together with detailed information relating to the product's chemistry, manufacturing, controls and proposed labeling."  Defendants admit that the same filing states that "[m]anufacturing facilities must submit to pre-approval inspections by the FDA that will be conducted after we submit our marketing applications, including our BLAs," as well as that the FDA requires "satisfactory completion of an FDA pre-approval inspection" to "assess compliance with cGMP and to assure that the facilities, methods and controls are adequate to preserve the product candidates' continued safety, quality, purity and potency or efficacy."  Defendants refer to the document itself for its full and

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 58.

59.   Defendants admit that the company now known as AGC is a third-party CMO that provides manufacturing services for protein therapies.  Defendants admit that AGC or its predecessor company was manufacturing the drug substance for Anktiva at the time of ImmunityBio's acquisition of Altor, and that ImmunityBio continues to use AGC to manufacture the drug substance for Anktiva.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 59.

60.   Defendants admit that following ImmunityBio's acquisition of Altor, ImmunityBio continued to rely on AGC to manufacture the drug substance for Anktiva. Defendants lack knowledge or information sufficient to form an opinion as to the identity of CW1 and CW2 and whether the statements attributed to CW1 and CW2 were made by CW1 and CW2, respectively, and on that basis deny them.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 60.

61.   Defendants admit that AGC manufactures the drug substance for Anktiva. Defendants admit that the final drug product Anktiva includes both the drug substance, i.e., the active pharmaceutical ingredient, and other materials. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witnesses or the substance of their alleged statements and on that basis deny the allegations concerning their statements.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 61.

62.   Defendants admit that other, non-ImmunityBio, products were manufactured at AGC's Bothell, Washington facility.  Defendants lack knowledge or information sufficient to form an opinion on the truth of the remaining allegations in paragraph 62 and on that basis deny them.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 62.

63.   Defendants admit that paragraph 63 purports to summarize federal regulations regarding drug regulations.  Defendants deny that paragraph 63 fully and

3:23-cv-01216-GPC-VET
**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

accurately summarizes those regulations.  Defendants refer to the regulations themselves for their full and accurate contents.  Defendants admit that the FDA conducts inspections of facilities manufacturing drugs in the U.S.  Defendants lack knowledge or information sufficient to form an opinion on the truth of allegations regarding the percentage of drug manufacturers found to be compliant with cGMP upon inspection, and on that basis deny them.  Paragraph 63 contains legal conclusions to which no response is required. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 63.

64.    Paragraph 64 contains legal conclusions and characterizations of regulations to which no response is required.  Defendants admit that Forms 483 frequently follow FDA inspections.  Defendants deny that paragraph 64 fully and accurately summarizes the FDA Form 483 and/or FDA inspection and inspection classification process. Defendants refer to FDA guidance and the documents themselves for their full and accurate contents.  Defendants lack knowledge or sufficient information to form an opinion as to March 2021 inspections of AGC's facilities or whether those inspections resulted in a Form 483.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 64.

65.    Defendants lack knowledge or sufficient information to form an opinion as to the allegations concerning a March 2021 inspection of AGC's facilities, AGC's receipt of a Form 483 following such inspection, the observations in that Form 483, or AGC's commitments to implement a CAPA following that Form 483, and on that basis deny them. The Form 483 speaks for itself.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 65.

66.    Defendants lack knowledge or sufficient information to form an opinion as to the allegations concerning a July 2021 inspection of AGC's facilities, AGC's receipt of a Form 483 following such inspection, or the observations in that Form 483, and on that basis deny them.  The Form 483 speaks for itself.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 66.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

67. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 67, and on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 67.

68. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witnesses or the substance of their alleged statements, and on that basis deny the allegations concerning those statements. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required, and Defendants deny that paragraph 69 fully and accurately summarizes FDA rules, regulations or guidance. Defendants refer to the rules themselves for their full and accurate contents. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 69, and on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 69.

70. Paragraph 70 contains legal conclusions to which no response is required, and Defendants deny that paragraph 70 fully and accurately summarizes the FDA rules, regulations, or guidance. Defendants refer to the regulations themselves for their full and accurate contents. Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 70, and on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required, and Defendants deny that paragraph 71 fully and accurately summarizes the FDA rules, regulations, or guidance. Defendants refer to the regulations themselves for their full and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witnesses or the substance of their alleged statements, and on that basis deny the allegations concerning those statements. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 71.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

72. Defendants admit that reference material or reference standard material is a specific drug batch of well-known composition and purity used as a benchmark against which samples of unknown composition and purity are compared. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witnesses or the substance of their alleged statements and on that basis deny the allegations concerning their statements. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of their alleged statements and on that basis deny the allegations concerning their statements. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 73.

74. Defendants lack knowledge or information sufficient to form an opinion as to the experience of Lead Plaintiff's purported expert, Mr. Todd D. Clark, and on that basis deny the allegations in paragraph 74.

75. Paragraph 75 contains statements of Mr. Clark's opinion to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to whether Mr. Clark made the statements attributed to him in paragraph 75, and on that basis deny them. Paragraph 75 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access. To the extent paragraph 75 refers to such a report, Defendants respond that the report speaks for itself. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 75.

76. Paragraph 76 contains statements of opinion to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to whether Mr. Clark made the statements attributed to him in paragraph 76, and on that basis deny them. Paragraph 76 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access. To the extent paragraph 76 refers to such a report, Defendants respond that the report speaks for

17

itself.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 76.

77.   Defendants lack knowledge or information sufficient to form an opinion as to when and to whom the FDA provided notice to AGC that it would conduct a pre-license inspection of AGC's facilities used to manufacture the drug substance for Anktiva. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 77.

78.   Defendants admit that, in February 2023, the FDA conducted an inspection of the AGC facility in Bothell, Washington where the drug substance for Anktiva is manufactured.  Defendants admit that the inspection included both a pre-license inspection of the drug substance manufacturing operations for Anktiva and a cGMP surveillance inspection for an unrelated drug product.  Paragraph 78 contains legal conclusions to which no response is required, and Defendants deny that paragraph 78 fully and accurately summarizes FDA rules, regulations, or guidance.  Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 78 and on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 78.

79.   Defendants admit that FDA issued a five-item Form 483 to AGC after its February 2023 inspection of the facility in Bothell, Washington. Defendants deny that paragraph 79 fully and accurately summarizes the observations made in the Form 483. Defendants lack knowledge or sufficient information to form an opinion as to whether the Form 483 was issued on February 10, 2023.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 79.

80.   Defendants admit that FDA issued a Form 483 to AGC after its February 2023 inspection of the AGC facility in Bothell, Washington.  Defendants deny that paragraph 80 fully and accurately summarizes the observations made in the Form 483. Defendants lack knowledge or sufficient information to form an opinion as to whether the Form 483 was issued on February 10, 2023.  Defendants refer to the document itself for

18

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

its full and accurate contents.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 80.

81.   Defendants admit that FDA issued a Form 483 to AGC after its February 2023 inspection of the AGC facility in Bothell, Washington. Defendants deny that paragraph 81 fully and accurately summarizes the observations made in the Form 483. Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 81.

82.   Defendants admit that FDA issued a Form 483 to AGC after its February 2023 inspection of the AGC facility in Bothell, Washington. Defendants deny that paragraph 82 fully and accurately summarizes the observations made in the Form 483. Defendants refer to the document itself for its full and accurate contents.  Defendants lack knowledge or information sufficient to form an opinion as to what FDA investigators found through their inspection other than what is referenced in the Form 483.  Defendants lack knowledge or information sufficient to form an opinion as to March 2021 FDA inspection of AGC's facilities or AGC's post-investigation response.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 82.

83.   Defendants admit that FDA issued a Form 483 to AGC after its February 2023 inspection of the AGC facility in Bothell, Washington. Defendants deny that paragraph 83 fully and accurately summarizes the observations made in the Form 483. Defendants refer to the document itself for its full and accurate contents.  Defendants lack knowledge or information sufficient to form an opinion as to what FDA investigators found through their inspection other than what is referenced in the Form 483.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 83.

84.   Defendants admit that the FDA issued a Form 483 to AGC after its February 2023 inspection of the AGC facility in Bothell, Washington. Defendants deny that paragraph 84 fully and accurately summarizes the observations made in the Form 483. Defendants refer to the document itself for its full and accurate contents.  Defendants lack knowledge or information sufficient to form an opinion as to what FDA investigators

19

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

found through their inspection other than what is referenced in the Form 483.  Except as explicitly admitted here, Defendants deny the allegations in paragraph 84.

85.    Defendants lack knowledge or information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 85 and on that basis deny them.

86.    Defendants admit that the FDA has different classifications of inspections. Defendants deny that paragraph 86 fully and accurately summarizes those classifications. Paragraph 86 contains legal conclusions to which no response is required, and Defendants deny that paragraph 86 fully and accurately summarizes FDA rules, regulations, or guidance.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 86.

87.    Defendants lack knowledge or information sufficient to form an opinion on the truth or falsity of the allegations in paragraph 87 and on that basis deny them.

88.    Paragraph 88 contains statements of opinion to which no response is required.  Defendants lack knowledge or information sufficient to form an opinion as to whether Lead Plaintiff's purported expert, Mr. Clark, made the statements attributed to him, and on that basis deny them.  Paragraph 88 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access. To the extent paragraph 88 refers to such a report, Defendants respond that the report speaks for itself.  Defendants otherwise deny the allegations in paragraph 88.

89.    Paragraph 89 contains statements of opinion to which no response is required.  Defendants lack knowledge or information sufficient to form an opinion as to whether Lead Plaintiff's purported expert, Mr. Clark, made the statements attributed to him, and on that basis deny them.  Paragraph 89 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access.  To the extent paragraph 89 refers to such a report, Defendants respond that the report speaks for itself.  Defendants otherwise deny the allegations in paragraph 89.

90.    Paragraph 90 contains statements of opinion to which no response is required. Defendants lack knowledge or information sufficient to form an opinion as to

20

whether Lead Plaintiff's purported expert, Mr. Clark, made the statements attributed to him, and on that basis deny them.  Paragraph 90 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access.  To the extent paragraph 90 refers to such a report, Defendants respond that the report speaks for itself.  Defendants deny that paragraph 43 fully and accurately summarizes FDA guidance.  Defendants refer to the guidance itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 90.

91.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 91.  Defendants lack knowledge or information sufficient to form an opinion as to whether Lead Plaintiff's purported expert, Mr. Clark, made the statements attributed to him, and on that basis deny them.  Paragraph 91 appears to quote from an unidentified written report or expert opinion authored by Mr. Clark to which Defendants do not have access.  To the extent paragraph 91 refers to such a report, Defendants respond that the report speaks for itself.  Defendants otherwise deny the allegations in paragraph 91.

92.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 92, and on that basis deny them.

93.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis deny them.

94.    Defendants deny the allegations in paragraph 94.

95.    Defendants admit that the Complaint purports to quote from Exhibit 99.2 to the Company's March 10, 2021, Form 8-K. Defendants admit that ImmunityBio filed a Form 8-K on March 10, 2021.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 95 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required, and on that basis Defendants deny the allegations in paragraph

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

95.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 95.

96.    Defendants admit that the Complaint purports to quote from Exhibit 99.2 to the Company's March 10, 2021, Form 8-K.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  To the extent paragraph 96 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and on that basis Defendants deny the allegations in paragraph 96.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 96.

97.    Defendants admit that the Complaint purports to quote from Exhibit 99.3 to the Company's March 10, 2021, Form 8-K.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  To the extent paragraph 97 refers to claims dismissed by the Court's June 20, 2024 Order, no response is required and Defendants on that basis deny them.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 97.

98.    Defendants deny the allegations in paragraph 98.

99.    Defendants admit that ImmunityBio filed a press release on March 10, 2021. Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 99.

100.   Defendants deny the allegations in paragraph 100.

101.   Defendants admit that ImmunityBio filed a Shelf Registration Statement on April 30, 2021 and a Shelf Registration Statement on May 3, 2021.  Defendants deny that the Complaint fully and accurately describes those two documents. Defendants refer to the documents themselves for their full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 101.

102.   Defendants admit that ImmunityBio filed a merger proxy statement on February 2, 2021. Defendants admit that the quoted language appears in that document.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants admit that ImmunityBio filed a Form 10-Q on March 14, 2021. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 95 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants admit that ImmunityBio filed a Form 10-Q on August 12, 2021. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants admit that ImmunityBio issued a press release titled "ImmunityBio Announces Oral Presentation of Phase 2/3 Clinical Trial Results of Patients with BCG-Unresponsive Bladder Cancer Carcinoma at the Upcoming America Urological Association's Annual Meeting" on September 1, 2021. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants admit that ImmunityBio filed a Form 8-K on September 13, 2021. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112.   Defendants admit that ImmunityBio issued a press release on October 19, 2021 titled "ImmunityBio Announces Primary Endpoint Met in a Second Indication in Bladder Cancer Trial with 57% Disease-Free Survival in Patients with BCG Unresponsive Papillary Disease."  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 112.

113.   Defendants deny the allegations in paragraph 113.

114.   Defendants admit that ImmunityBio filed a Form 10-Q on November 12, 2021.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 114.

115.   Defendants deny the allegations in paragraph 115.

116.   Defendants admit that ImmunityBio filed a Form 8-K on December 20, 2021. Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 116.

117.   Defendants deny the allegations in paragraph 117.

118.   Defendants admit that ImmunityBio filed a Post-Effective Amendment No. 1 to Form S-3 Registration Statement on March 1, 2022.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 118.

119.   Defendants deny the allegations in paragraph 119.

120.   Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2022. Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 120.

121.   Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2022. Defendants admit that the quoted language appears in that document.  Defendants refer

3:23-cv-01216-GPC-VET

to the document itself for its full and accurate contents. To the extent paragraph 121 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 121.

122. Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 122.

123. Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Defendants admit that ImmunityBio filed a Form 10-Q on May 10, 2022. Defendants admit that the quoted language, with the addition of the comma, appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 125.

126. Defendants admit that ImmunityBio filed a Form 10-Q on May 10, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

128. Defendants admit that ImmunityBio issued a press release on May 23, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 128.

129. Defendants deny the allegations in paragraph 129.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

130. Defendants admit that ImmunityBio issued a press release on June 6, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 130 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 130.

131. Defendants admit that ImmunityBio issued a press release on June 6, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

133. Defendants admit that ImmunityBio issued a press release titled "ImmunityBio Announces FDA Acceptance of Biologics License Application for N-803 in BCG-Unresponsive Non-Muscle-Invasive Bladder Cancer Carinoma in Situ" on July 28, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 133.

134. Defendants admit that ImmunityBio filed a press release on July 28, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 134.

135. Defendants deny the allegations in paragraph 135.

136. Defendants admit that ImmunityBio filed a Form 10-Q on August 8, 2022. Defendants admit that the quoted language appears in that document with the addition of a comma. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 136.

137. Defendants admit that ImmunityBio filed a Form 10-Q on August 8, 2022. Defendants admit that the quoted language appears in that document. Defendants refer

3:23-cv-01216-GPC-VET

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 137.

138.   Defendants deny the allegations in paragraph 138.

139.   Defendants admit that ImmunityBio filed a Form 10-Q on November 9, 2022.  Defendants admit that the quoted language appears in that document with the addition of a comma.  Defendants refer to the document itself for its full and accurate contents.   Except as explicitly admitted herein, Defendants deny the allegations in paragraph 139.

140.   Defendants admit that ImmunityBio filed a Form 10-Q on November 9, 2022. Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 140.

141.   Defendants deny the allegations in paragraph 141.

142.   Defendants admit that ImmunityBio issued a press release titled "NEJM Evidence Publishes Results for ImmunityBio's QUILT 3.032 Registrational Trial of IL-15 Superagonist N-803 Plus BCG in Patients with Bladder Cancer" on November 10, 2022.  Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 142.

143.   Defendants deny the allegations in paragraph 143.

144.   Defendants admit that ImmunityBio filed a Form S-3 on February 7, 2023, and as supplemented on February 16, 2023 pursuant to Rule 424(b)(5). Defendants admit that the quoted language appears in both documents.  Defendants refer to the documents themselves for their full and accurate contents.  To the extent paragraph 144 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 144.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

145.   Defendants admit that ImmunityBio filed a Form S-3 on February 7 2023, and as supplemented on February 16, 2023 pursuant to Rule 424(b)(5).  Defendants admit that the quoted language appears in those documents.  Defendants refer to the documents themselves for their full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 145.

146.   Defendants admit that ImmunityBio filed a Form S-3 on February 7, 2023.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 146.

147.   Defendants deny the allegations in paragraph 147.

148.   Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2023.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 148.

149.   Defendants admit that ImmunityBio filed a Form 10-Q on March 1, 2023.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  To the extent paragraph 149 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 149.

150.   Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2023.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 150.

151.   Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2023.  Defendants admit that the quoted language appears in that document.  Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 151.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

152. Defendants admit that ImmunityBio filed a Form 10-K on March 1, 2023. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 153 refers to claims dismissed by the Court's June 20, 2024 ,Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 153.

153. Defendants deny the allegations in paragraph 153.

154. Defendants admit that ImmunityBio filed a Form 8-K on March 20, 2023. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 154 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 154.

155. Defendants admit that ImmunityBio filed a Form 8-K on March 20, 2023. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. To the extent paragraph 155 refers to claims dismissed by the Court's June 20, 2024, Order, no response is required and Defendants on that basis deny them. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 155.

156. Defendants deny the allegations in paragraph 156.

157. Defendants admit that Piper Sandler released an analyst report on September 29, 2022. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 157.

158. Defendants admit that ImmunityBio filed a Form 8-K on May 11, 2023. Defendants admit that the quoted language appears in that document. Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 158.

3:23-cv-01216-GPC-VET
**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

159. Defendants admit that the price of ImmunityBio common stock closed at $6.22 on 5,820,300 volume on May 10, 2023, and $2.79 on 20,573,300 volume on May 11, 2023. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 159.

160. Defendants admit that, on May 11, 2023, *BioSpace* stated in a news article that, "ImmunityBio took a hit on Thursday as the FDA rejected its bladder cancer treatment due to deficiencies with the company's third-party contract manufacturer," and further stated that the stock was "down nearly 60% in premarket trading." Defendants refer to the document itself for its full and accurate contents. Defendants admit that, also on May 11, 2023, *Seeking Alpha* contained an article headline that "ImmunityBio crashes 57% after FDA snub for cancer therapy." Defendants refer to the document itself for its full and accurate contents. Defendants further admit that a report by *Yahoo Finance* on May 12, 2023, said that "[s]hares of ImmunityBio IBRX were down 55.1% on Thursday after management announced that FDA issued a complete response letter ('CRL') to its biologics license application ('BLA') seeking approval for combination use of its lead pipeline candidate, Anktiva (N-803), in patients with a certain type of bladder cancer." Defendants refer to the document itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

162. Defendants deny the allegations in paragraph 162.

163. Defendants admit that the FDA's cGMP regulations acknowledge that "many manufacturers of pharmaceutical products utilize extramural independent contract facilities, such as testing laboratories, contract packers or labelers, and custom grinders, and regards extramural facilities as an extension of the manufacturer's own facility." 21 C.F.R. § 200.10(b). Defendants admit that the FDA maintains that the "quality control unit" has the "responsibility and authority to approve or reject all components." 21 C.F.R. § 211.22(a). Defendants refer to the FDA regulations themselves for their full and

accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 163.

164.    Paragraph 164 contains legal conclusions to which no response is required, and Defendants deny that paragraph 164 fully and accurately summarizes FDA rules, regulations, or guidance. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 164.

165.    Paragraph 165 contains legal conclusions to which no response is required, and Defendants deny that paragraph 165 fully and accurately summarizes FDA rules, regulations, or guidance.  Defendants admit that, in a Form S-4 filed by ImmunityBio on January 29, 2021, ImmunityBio stated: "[O]ur CMOs will need to meet all applicable FDA and foreign regulatory authority requirements, including cGMP, on an ongoing basis."  Defendants admit that, in the same filing, ImmunityBio also stated, "[T]o the extent we use CMOs, we are ultimately responsible for the manufacture of our products." Defendants refer to the document itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 165.

166.    Paragraph 166 contains legal conclusions to which no response is required, and Defendants deny that paragraph 166 fully and accurately summarizes FDA rules, regulations, or guidance.  Defendants refer to the FDA guidance itself for its full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 166.

167.    Paragraph 167 contains legal conclusions to which no response is required, and Defendants deny that paragraph 167 fully and accurately summarizes FDA rules, regulations, or guidance.  Defendants refer to the FDA guidance itself for its full and accurate contents. Except as explicitly admitted herein, Defendants deny the allegations in paragraph 167.

168.    Defendants admit that ImmunityBio entered into an agreement with AGC. The contents of that agreement speak for itself.  Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning those statements.  Defendants otherwise deny the allegations in paragraph 168.

169.   Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements.  Defendants otherwise deny the allegations in Paragraph 169.

170.   Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 170 and on that basis deny them.

171.   Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements.  Defendants otherwise deny the allegations in Paragraph 171.

172.   Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning their statements.  Defendants otherwise deny the allegations in Paragraph 172.

173.   Defendants admit that Mr. Adcock, Dr. Sender, and Mr. Yuen met with representatives of AGC during the putative class period to discuss a variety of topics related to AGC's manufacture of Anktiva's drug substance.  Defendants admit that there were at least 10 such meetings between mid-2021 and 2022, and that Mr. Adcock and Dr. Sender were meeting with AGC at least monthly.  Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning their statements. Defendants otherwise deny the allegations in Paragraph 173.

174.   Defendants admit that Mr. Adcock, Dr. Sender, and Mr. Yuen met with representatives of AGC during the putative class period.  Defendants admit that they

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

discussed a variety of topics during these meetings, including the PPQ runs. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning their statements. Defendants otherwise deny the allegations in Paragraph 174.

175.    Defendants admit that ImmunityBio placed a few independent contractors at AGC to assist with efforts related to AGC's manufacture of Anktiva's drug substance. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 175.

176.    Defendants admit the Dr. Soon-Shiong approved the Anktiva BLA but deny that he personally reviewed every page or every portion of a BLA comprised of hundreds of thousands of pages.  Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness, the identity of the "colleague" referenced, or the substance of the statements they allegedly made, and on that basis deny the allegations concerning those statements.  Defendants otherwise deny the allegations in Paragraph 176.

177.    Defendants admit that ImmunityBio worked with AGC between the BLA filing date and the FDA's pre-license inspection, including but not limited to mock inspections.  Defendants aver that such mock inspections of a contract manufacturer and the related tracking of areas on which to follow-up and improve are typical for a drug sponsor.  Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements.  Defendants otherwise deny the allegations in Paragraph 177.

178.    Defendants lack knowledge or information sufficient to form an opinion as to when and to whom the FDA provided notice to AGC that it would conduct a pre-license

3:23-cv-01216-GPC-VET

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

inspection of AGC's facilities used to manufacture the drug substance for Anktiva. Defendants lack knowledge or information sufficient to form a belief as to what the FDA communicated to AGC in advance of the February 2023 inspection, but admit that ImmunityBio learned from AGC that the upcoming inspection would be a general site inspection and not limited to Anktiva. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning their statements. Defendants otherwise deny the allegations in Paragraph 178.

179. Defendants admit that ImmunityBio held a mock inspection prior to the FDA's February 2023 inspection of AGC. Defendants deny that this mock inspection was unusual or prompted by the scope of the FDA's noticed inspection. Defendants admit that Mr. Yuen attended the mock inspection and that Mr. Adcock and Dr. Sender did not. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 179.

180. Defendants admit that ImmunityBio held a mock inspection prior to the FDA's February 2023 inspection of AGC. Defendants admit that Mr. Yuen participated in the mock inspection. Defendants admit that the ImmunityBio mock inspection identified areas for follow-up and improvement in advance of the FDA's inspection. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 180.

181. Defendants admit that ImmunityBio held a mock inspection prior to the FDA's February 2023 inspection of AGC. Defendants admit that the ImmunityBio mock inspection identified areas for follow-up and improvement in advance of the FDA's

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

inspection. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 181.

182. Defendants admit that the FDA conducted an inspection of AGC's Bothell, Washington facility in February 2023. Defendants deny that ImmunityBio representatives were allowed to participate in the inspection. Defendants admit that ImmunityBio representatives were present at the facility during the inspection. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Except as explicitly admitted herein, Defendants deny the allegations in Paragraph 182.

183. Defendants admit that Mr. Adcock flew to Washington to be present for certain days of the FDA's inspection of AGC's facility. Defendants admit that ImmunityBio personnel received updates from AGC on the status of the FDA's inspection. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 183.

184. Defendants admit that ImmunityBio made a request to AGC to be present with the FDA inspectors and that AGC refused that request. Defendants admit that ImmunityBio personnel received updates from AGC on the status of the FDA's inspection. Defendants lack knowledge or information sufficient to form a belief as to the identity of the alleged confidential witness or the substance of the statements the confidential witness allegedly made, and on that basis deny the allegations concerning these statements. Defendants otherwise deny the allegations in Paragraph 184.

185. Defendants admit that, by March 1, 2022, ImmunityBio initiated plans to establish a cGMP-compliant facility in California for the production of antibodies and

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

fusion proteins to treat cancers and infectious diseases.  Unless explicitly admitted herein, Defendants deny the allegations in paragraph 185.

186.   Defendants admit that the building of cGMP-compliant facility requires a significant commitment of capital.  Defendants admit that the transfer of manufacturing technology from one facility to another would require FDA approval of the new facility. Unless explicitly admitted herein, Defendants deny the allegations in paragraph 186.

187.   Defendants deny the allegations in paragraph 187.

188.   Defendants admit that a Form S-4 filed by ImmunityBio on January 29, 2021, included a risk disclosure stating: "The combined company's business depends entirely on the successful development, regulatory approval and commercialization of such product candidates, each of which may never occur."  Defendants admit that the same disclosure was provided in a Form 8-K filed by ImmunityBio on March 10, 2021. Defendants refer to the documents themselves for their full and accurate contents.  Except as explicitly admitted herein, Defendants deny the allegations in paragraph 188.

189.   Defendants lack knowledge or information sufficient to form an opinion as to the identity of CW3 and whether the statements attributed to CW3 were made by CW3, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 189.

190.   Paragraph 190 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 190.

191.   Paragraph 191 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 191.

192.   Paragraph 192 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 192.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

193. Paragraph 193 states legal conclusions to which no response is required. Defendants admit that the price of ImmunityBio common stock closed at $6.22 on May 10, 2023, and that it closed at $2.79 on May 11, 2023, on 20,573,300 volume. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193, and on that basis deny them. Defendants otherwise deny the allegations in paragraph 193.

194. Paragraph 194 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and on that basis deny them. Defendants otherwise deny the allegations in paragraph 194.

195. Paragraph 195 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 195.

196. Paragraph 196 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and on that basis deny them. Defendants otherwise deny the allegations in paragraph 196.

197. Paragraph 197 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197, and on that basis deny them. Defendants otherwise deny the allegations in paragraph 197.

198. Paragraph 198 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191, and on that basis deny them. Defendants otherwise deny the allegations in paragraph 198.

199. Paragraph 199 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 199.

200. Paragraph 200 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 200.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

201. Paragraph 201 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 201.

202. Paragraph 202 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 202.

203. Defendants admit that Lead Plaintiff purports to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of class consisting of all persons and entities that purchased or acquired ImmunityBio stock between March 7, 2021 and May 10, 2023, both dates inclusive. Defendants otherwise deny the allegations in paragraph 203.

204. Paragraph 204 states legal conclusions to which no response is required. Defendants admit that ImmunityBio common stock was traded on the NASDAQ during the alleged class period. Defendants admit that there were approximately 435,984,529 shares of ImmunityBio common stock outstanding as of May 12, 2023. Defendants admit that ImmunityBio and its transfer agent have records identifying record owners of ImmunityBio stock but deny that these records identify beneficial owners of ImmunityBio stock who hold their stock in "street name" through brokers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the size of the putative case, and on that basis deny them. Except as explicitly admitted herein, Defendants otherwise deny the allegations in paragraph 204.

205. Paragraph 205 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 205.

206. Paragraph 206 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206, and on that basis deny them.

207. Paragraph 207 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 207.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

208. Paragraph 208 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208, and on that basis deny them.

209. Defendants repeat each answer given above as if fully set forth herein.

210. Defendants admit that Lead Plaintiff purports to bring this Count against Defendants under Section 10(b) of the Exchange Act and Rule 10b-5. Defendants otherwise deny the allegations in paragraph 210.

211. Paragraph 211 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 211.

212. Paragraph 212 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 212.

213. Paragraph 213 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 213.

214. Paragraph 214 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 214.

215. Paragraph 215 states legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215 and on that basis deny them. Defendants otherwise deny the allegations in paragraph 215.

216. Paragraph 216 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 216.

217. Paragraph 217 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 217.

218. Defendants repeat each answer given above as if fully set forth herein.

219. Defendants admit that Lead Plaintiff purports to bring this Count against the Individual Defendants under Section 20(a) of the Exchange Act. Defendants otherwise deny the allegations in paragraph 219.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

220. Paragraph 220 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 220.

221. Paragraph 221 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 221.

222. Paragraph 222 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 222.

223. Paragraph 223 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 223.

224. Paragraph 224 states legal conclusions to which no response is required. Defendants otherwise deny the allegations in paragraph 224.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants affirmatively state the following defenses. Defendants do not assume the burden to establish any fact or proposition necessary to an affirmative defense where that burden, as an element of their claim or otherwise, is properly imposed on Lead Plaintiff. Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein. These defenses are pled in the alternative, are raised to preserve the rights of Defendants to assert such defenses, and are set forth below without prejudice to Defendants' ability to raise other and further defenses based upon future discovery or otherwise.

### First Defense

Lead Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and had no knowledge that the challenged statements were false or misleading and, therefore, pursuant to Section 18(a) of the Exchange Act, there is no liability for any such acts made in good faith.

### Second Defense

Lead Plaintiff's claims are barred, in whole or in part, because each Individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

## Third Defense

Lead Plaintiff's claims are barred, in whole or in part, because Defendants relied in good faith on the advice and professional judgments of experts and professional advisors as to matters which they reasonably believed to be within such persons' professional or expert competence.

## Fourth Defense

Lead Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk because the risks of investing in ImmunityBio's securities were publicly disclosed to the investing public at all relevant times. Lead Plaintiff and members of the putative class knew or should have known of the risks inherent in investing in securities, generally, and ImmunityBio securities, specifically. Lead Plaintiff and members of the putative class knew or should have known that the Anktiva BLA might be delayed or not approved at all by the FDA.

## Fifth Defense

This action is not maintainable as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## Sixth Defense

Defendants may be entitled to a right of contribution from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage and/or loss, if any, should Plaintiff receive a judgment against Defendants.

## Seventh Defense

Section 21D(f) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f), provides that a covered person against whom a final judgment is entered shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person. This provision further provides that any recovery for damages allegedly incurred by Lead Plaintiff or members of the class is limited to the percentage

41

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

of responsibility by a defendant in proportion to the total fault of all persons, names as parties to this action or not, who cause or contributed to such allege damages.  Based upon the allegations, and other facts Defendants believe will be developed through discovery, if Lead Plaintiff were to obtain a judgment for damages, Defendants would show that they are not liable in whole or in part pursuant to this provision.

## Eighth Defense

Any recovery for damages allegedly incurred by Lead Plaintiff and members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Plaintiff or members of the putative class through their investments.

## Ninth Defense

The action is barred, in whole or in part, because Defendants are immune from liability for statements of opinion and/or puffery.

## Tenth Defense

This is action is barred, in whole or in part, because the information that Lead Plaintiff alleges to have been omitted or the truth behind what was allegedly misrepresented was in fact publicly disclosed, available, and/or widely known to the market.

## Eleventh Defense

This action is barred, in whole or in part, because Defendants had no duty to disclose any facts allegedly not disclosed.  All statements in or omissions from ImmunityBio's SEC filings were in conformity with SEC rules and regulations.

## Twelfth Defense

This action is barred, in whole or in part, to the extent that claims asserted by Lead Plaintiff and members of the putative class are based on any predictions, expression of opinion, or forward-looking statements, as such claims are not actionable under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c)(1)(A), (B) and/or the bespeaks caution doctrine.

3:23-cv-01216-GPC-VET

DEFENDANTS' ANSWER TO AMENDED COMPLAINT

**Thirteenth Defense**

This action is barred, in whole or in part, because any increase in ImmunityBio's stock price, in whole or in part, was the result of market speculation, market inefficiency, or other factors, and not the result of any alleged false or misleading statement by Defendants.

**Fourteenth Defense**

This action is barred, in whole or in part, because any decrease in ImmunityBio's stock price, in whole or in part, was the result of market speculation, market inefficiency, or other factors, and not the result of any all disclosure correcting a previously made false or misleading statement by Defendants.

**Fifteenth Defense**

The losses by Lead Plaintiff or other putative class members were not caused by any misstatement or omission by Defendants, and in any event any recovery of damages allegedly incurred by Lead Plaintiff or members of the putative class is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**Sixteenth Defense**

To the extent that Lead Plaintiff or other putative class members were aware of the allegedly omitted information or the truth behind the alleged misstatement and/or did not rely upon the omission or the alleged misstatement in purchasing ImmunityBio securities, their claims are barred by lack of reliance.

**Seventeenth Defense**

This action is barred, in whole or in part, because Lead Plaintiff or other putative class members would have acquired ImmunityBio securities even if, when those securities were acquired, they had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

3:23-cv-01216-GPC-VET

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

**Additional Affirmative Defenses**

Defendants may have additional, as yet unidentified, defenses available against Lead Plaintiff and/or putative members of the class, and thus reserve the right to assert such defenses.

**DEFENDANTS' PRAYER FOR RELIEF**

**WHEREFORE**, Defendants, having fully answered the Complaint, and set forth affirmative defenses thereto, respectfully pray the court:

1.    Dismiss the Complaint with prejudice;

2.    Enter judgment in favor of Defendants and order that Lead Plaintiff and the putative class shall recover nothing;

3.    Award to Defendants the costs incurred to defend this action, including reasonable attorneys' fees; and

4.    Order such further relief for Defendants as the court deems just and proper.

Dated:  August 29, 2024

By: /s/ Gregory L. Watts

Gregory L. Watts, State Bar No. 197126
John C. Roberts Jr., WSBA No. 44945,
  *pro hac vice admitted*
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Email: gwatts@wsgr.com
Email: jroberts@wsgr.com

Natalie J. Morgan, State Bar No. 211143
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real
San Diego, CA 92130-3002
Telephone: (858) 350-2300
Email: nmorgan@wsgr.com

*Counsel for Defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong*

44

3:23-cv-01216-GPC-VET
DEFENDANTS' ANSWER TO AMENDED COMPLAINT