# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION, _____ THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No.: 3:23-cv-01216-GPC-VET **PROTECTIVE ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL INFORMATION** **[Doc. No. 71]** |

Before the Court is the Parties' Joint Motion for Entry of Stipulated Protective Order Regarding the Exchange of Confidential Information ("Joint Motion"). Doc. No. 71.

Discovery in this case is likely to involve production of confidential, proprietary, private, and/or commercially sensitive information for which special protection from public disclosure and/or use for any purpose other than proceedings in this case may be warranted. Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), the Parties stipulate to, and petition the Court to enter, this Order for the purpose of protecting the interests of the Parties against improper use and disclosure of such discovery material.

3:23-cv-01216-GPC-VET

Having reviewed and considered the Joint Motion, and good cause appearing, the Court **GRANTS** the Joint Motion, **ISSUES** this Order, and makes enforceable the following terms as submitted and agreed to by the Parties, and modified as necessary to comply with the undersigned's Chambers Rules:

<u>DEFINITIONS</u>

1.    "**Action**" means the above-captioned case.

2.    "**Confidential Discovery Material**" means any Discovery Material designated as Confidential pursuant to Paragraph 15 hereto.

3.    "**Court**" refers to the United States District Court for the Southern District of California.

4.    "**Defendants**" means defendants ImmunityBio, Inc., Richard Adcock, David C. Sachs, and Patrick Soon-Shiong.

5.    "**Discovery Material**" means any information contained in deposition transcripts, ESI, documents, and other tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Local Rules of the Court and the Federal Rules of Civil Procedure, and other information exchanged by the Parties hereto or produced by a Non-Party to this Action relating to this Action.

6.    "**ESI**" means electronically stored information as used in Federal Rule of Civil Procedure 34(a).

7.    "**Highly Confidential Discovery Material**" means any Discovery Material designated as Highly Confidential pursuant to Paragraph 16 hereto.

8.    "**Lead Plaintiff**" means lead plaintiff Dipak Patel.

9.    "**Order**" refers to this Protective Order Regarding the Exchange of Confidential Information.

10.    "**Non-Party**" means any person or entity that is not a Party to this Action.

11.    "**Parties**" refers to Lead Plaintiff and Defendants.

12.    "**Party**" means any of the Parties.

2

3:23-cv-01216-GPC-VET

13. "**Producing Party**" means any person or entity, whether a Party or Non-Party, that produces or discloses Discovery Material in connection with this Action.

14. "**Receiving Party**" means any Party receiving Discovery Material in connection with this Action.

<u>CONFIDENTIALITY DESIGNATIONS</u>

15. Any Producing Party may designate Discovery Material it produces or discloses as "**Confidential**" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be prejudicial to the business or operations of such party.

16. Any Producing Party may designate Discovery Material it produces as "**Highly Confidential**" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial, or other commercial information.

17. The Producing Party shall designate Discovery Material as Confidential or Highly Confidential in the following manner:

a. In the case of physical or electronic documents or data, the Producing Party shall brand such Discovery Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the relevant Discovery Material at the time of production. Documents produced in native format, such as Excel spreadsheets or PowerPoint presentations, shall have the aforementioned confidentiality legend branded on the placeholder TIFF image for the document that bears the production or Bates number for the document.

b. In the case of ESI or other data produced in the form of electronic or magnetic media (including, for example, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or its casing indicating whether the information contained therein is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and, if

3:23-cv-01216-GPC-VET

possible, shall identify in an accompanying cover letter the data in such media subject to the designation(s).

c. In the case of Discovery Materials made available for inspection, no designation need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all such materials will be considered as Highly Confidential and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the Receiving Party, the Producing Party may designate any of the copies of those Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by doing so in writing or branding the copies with an appropriate legend at the time of production or within a reasonable amount of time after production.

d. Portions of deposition and hearing transcripts may be designated Confidential or Highly Confidential by any Party or non-party who has agreed to be bound by this Order either: (a) orally during the deposition or hearing, by advising the court reporter of the designation on the record, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, by the reporter; or (b) in writing to all Parties to the Action within fourteen (14) days after receipt of the final transcript, in which case a separate transcript marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, shall be requested by the Producing Party. In the event persons are present at any deposition or hearing during which a Confidential or Highly Confidential designation is made with respect to the answer(s) to any question(s) who any party in good faith believes would not be permitted under Section III to view the answer(s) once transcribed, such person(s) shall be excluded from the deposition or hearing during the answer(s) to such question(s).

e. In the event marking each piece of Discovery Material as Confidential or Highly Confidential is impractical or impossible, the Producing Party shall designate in

3:23-cv-01216-GPC-VET

writing the Discovery Material that it deems Confidential or Highly Confidential, as appropriate, at the time of production.

18. The inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that has not been designated as such shall not be deemed a waiver in whole or in part of the Producing Party's claim that such Discovery Material is Confidential or Highly Confidential, either as to the information contained therein or as to any other information relating to the same subject matter. If a Producing Party has disclosed Confidential or Highly Confidential Discovery Material without designating it as such, the Producing Party may designate such Discovery Material as Confidential or Highly Confidential by delivering to the Receiving Party (1) written notice of such designation; and (2) properly designated copies of such discovery material, if possible. After providing such notification, the Producing Party and the Receiving Party shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information.

USE OF DESIGNATED DISCOVERY MATERIAL

19. All Discovery Material designated as Confidential or Highly Confidential in accordance with the terms of this Order may only be used by a Receiving Party for purposes of prosecuting, defending, or attempting to settle this Action. In addition, a Receiving Party must hold any Discovery Material designated as Confidential or Highly Confidential in strict confidence and take reasonable precautions to prevent the unauthorized disclosure of such Discovery Material to persons other than those specifically authorized below.

20. Except as provided by order of the Court or express written consent of the Producing Party, Discovery Material that has been designated as Confidential in accordance with this Order shall not be disclosed to any person or entity other than:

a. counsel of record for the Parties in this Action, the regular and temporary employees of such counsel assisting in the litigation of this Action, and any document hosting vendor engaged by such counsel for purposes of this Action;

b. in-house counsel for the Parties;

3:23-cv-01216-GPC-VET

c.     executives for the Parties responsible for policy decisions with respect to this Action;

d.     any fact witness or deponent in this Action, or person whom a Party's counsel believes in good faith will be a fact witness or deponent in the Action, to the extent the Confidential Discovery Material relates to the anticipated or actual subject matter of such person's testimony;

e.     any independent expert retained by a Party to offer opinions or testimony in the Action on matters related to the Confidential Discovery Material; provided, however, that (i) such an expert signs the undertaking attached hereto as Exhibit A; and (ii) any written report or testimony provided by such expert that relies on or incorporates Confidential Discovery Material, in whole or part, shall be designated as Confidential by the Party offering the report or testimony;

f.     technical personnel with whom counsel for the Parties find it necessary to consult, in their discretion, in preparation for trial of this Action;

g.     any court reporter or videographer recording testimony in this Action;

h.     the Court, its personnel, and any jurors in this Action; and

i.     any mediator or settlement officer, and his or her supporting staff, mutually agreed upon by any Parties engaged in settlement discussions.

21.     Except as provided by order of the Court or express written consent of the Producing Party, Discovery Material that has been designated as Highly Confidential in accordance with this Order shall not be disclosed to any person or entity other than:

a.     counsel of record for the Parties in this Action, the regular and temporary employees of such counsel assisting in the litigation of this Action, and any document hosting vendor engaged by such counsel for purposes of this Action;

b.     any independent expert retained by a Party to offer opinions or testimony in the Action on matters related to the Highly Confidential Discovery Material; provided, however, that (i) such an expert signs the undertaking attached hereto as Exhibit A; and (ii) any written report or testimony provided by such expert that relies on or

3:23-cv-01216-GPC-VET

incorporates Highly Confidential Discovery Material, in whole or part, shall be designated as Highly Confidential by the Party offering the report or testimony;

c.     any person identified as an author, recipient, or subject of Highly Confidential Discovery Material, but only when such identification is apparent from the face of the Discovery Material designated as Highly Confidential or its metadata;

d.     any court reporter or videographer recording testimony in this Action;

e.     the Court, its personnel, and any jurors in this Action; and

f.     any mediator or settlement officer, and his or her supporting staff, mutually agreed upon by any Parties engaged in settlement discussions.

22.   If a Receiving Party learns that it has disclosed Confidential Discovery Material or Highly Confidential Discovery Material to any person other than a person authorized by this Order, the Receiving Party must immediately (i) bring all pertinent facts relating to the unauthorized disclosure to the attention of the Producing Party; and (ii) without prejudice to any rights and remedies of the Producing Party, take every effort to prevent further unauthorized disclosure by the Receiving Party and by the person(s) receiving the unauthorized disclosure, including, but not limited to, seeking the return of all such Confidential Discovery Material or Highly Confidential Discovery Material or requesting that person(s) who received such materials execute a copy of the undertaking attached hereto as Exhibit A.

23.   Nothing in this Order shall limit or restrict the ability of a Producing Party to use its own Confidential or Highly Confidential Discovery Material for any purpose.

24.   This Order shall not apply to any information or material that (i) the Parties agree should not be designated as Confidential or Highly Confidential; (ii) the Parties agree, or the Court rules, is already public knowledge; (iii) the Parties agree, or the Court rules, has become public knowledge other than as a result of the Receiving Party, its employees, or its agents, in violation of this Order; or (iv) has come, or will come, into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Similarly, this Order will not be deemed to prohibit discussions of any Confidential

3:23-cv-01216-GPC-VET

Discovery Material or Highly Confidential Discovery Material with any person if that person already has or obtains legitimate possession of that Discovery Material.

## USE OF DESIGNATED DISCOVERY MATERIAL IN COURT

25.    Before any Discovery Materials designated as Confidential or Highly Confidential in accordance with this Order may be filed with the Court by a Receiving Party for any purpose, the Receiving Party must seek permission of the Court to file the material under seal in accordance with Civil Local Rule 79.2 and the Court's Civil Chamber Rules. No party may file any document under seal, except pursuant to a Court order that authorizes the filing of the document, or a portion of the document, under seal. The Party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the Confidential Discovery Material or Highly Confidential Discovery Material. Any application to file a document under seal must be served on the person or entity that has custody and control of the document, if that person or entity has not already appeared in the Action.

26.    Any Discovery Material designated as Confidential or Highly Confidential in accordance with this Order may be used by a Receiving Party in any proceeding in the Action before the Court, including as evidence at any hearing or trial in the Action, without violating this Order, provided that any portion of the transcript, record, or other recording method that refers to such Confidential or Highly Confidential Discovery Material shall be deemed subject to this Order. Nothing in this Paragraph shall preclude a Producing Party from seeking an appropriate protective order from the Court should such Producing Party seek to maintain the confidentiality of the Discovery Material when used in open court.

## OBJECTIONS TO DESIGNATIONS

27.    At any stage of the proceedings, any Party may object to the designation of Discovery Materials as Confidential or Highly Confidential. The objecting Party must notify counsel for the Producing Party, in writing, of the Discovery Materials objected to and the grounds for the objection. Thereafter, the objecting Party and the Producing Party shall meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within

3:23-cv-01216-GPC-VET

seven (7) days of receipt of the objection notice, and after counsel have thoroughly met and conferred, the Parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the Parties' respective positions. The Discovery Materials at issue must continue to be treated as Confidential or Highly Confidential, as the case may be, until the Court has ruled on the objection or the matter has been otherwise resolved.

28.    A Receiving Party is not obligated to challenge the designation of Discovery Material as Confidential or Highly Confidential at the time the designation is made or the Discovery Material is received, and the failure to do so shall not waive or otherwise preclude a subsequent challenge to such designation in accordance with Paragraph 27.

<u>CLAWBACK OF PRIVILEGED INFORMATION</u>

29.    The inadvertent production or disclosure of any information in Discovery Material that the Producing Party later claims is protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or any other privilege, immunity, or protection ("**Privileged Information**") shall not be deemed a waiver of those protections with respect to the Privileged Information or the subject matter of the Privileged Information.

30.    A Producing Party that wishes to assert such a claim shall notify all Parties in writing of the inadvertent production or disclosure of the Privileged Information and the basis for the claim. Unless the Receiving Party raises a dispute in accordance with Paragraph 31, the Receiving Party shall, within five (5) days of receiving notice that Privileged Information was inadvertently disclosed, (i) return, delete, or destroy the Discovery Materials containing the Privileged Information, along with any copies thereof, as well as any work product that reflect or are derived from the Privileged Information; and (ii) make no further use of such Privileged Information and/or work product derived from the Privileged Information. If the Receiving Party raises a dispute in accordance with Paragraph 31, the Receiving Party may sequester the Discovery Material containing the Privileged Information rather than return or destroy those Discovery Materials. Upon

3:23-cv-01216-GPC-VET

request by the Producing Party, the Receiving Party shall confirm in writing that it has complied with the procedures described in this Paragraph.

31.    Nothing in this Order shall limit the Receiving Party's right to challenge the Producing Party's claim that the Discovery Material is or contains Privileged Information. In the event of such a dispute, the Receiving Party shall first meet and confer with the Producing Party to attempt in good faith to resolve the disagreement. If the Producing Party and the Receiving Party are unable to resolve the disagreement within fourteen (14) days after the Producing Party and Receiving Party first meet and confer, the Receiving Party shall provide to the Producing Party written notice of the dispute, which shall memorialize the Parties' prior attempt(s) to resolve the disagreement. The Receiving Party may request that the Court enter an order compelling the release of such Discovery Material from the claim that it contains Privileged Information fourteen (14) days after it provides written notice of the disagreement. The Receiving Party may present the Discovery Material containing the Privileged Information to the Court under seal for a determination of the claim pursuant to the procedures set forth in Paragraph 25.

## NON-PARTIES

32.    Any Non-Party from whom Discovery Material is or has been sought in this Action may obtain the protections of this Order by giving written notice to counsel of record for the Parties that it intends to be bound by the provisions of this Order. Any Party seeking Discovery Material from a Non-Party shall advise the Non-Party of the existence of this Order and its right to obtain its protections.

## FINAL DISPOSITION

33.    The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition in the Action.

34.    Within thirty (30) days after receiving notice the Action has been fully and finally terminated, including any and all appeals, counsel for each Receiving Party must, upon request of the Producing Party, use commercially reasonable efforts to return or destroy all Confidential Discovery Material or Highly Confidential Discovery Material,

3:23-cv-01216-GPC-VET

including any copies, excerpts, and summaries of that information, and purge all such Confidential or Highly Confidential Discovery Material from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, transcripts, and other Court documents that refer to or incorporate Confidential Discovery Material or Highly Confidential Discovery Material, including exhibits used in depositions, and will continue to be bound by this Order with respect to all such Confidential Discovery Material or Highly Confidential Discovery Material. Further, attorney work product materials that contain Confidential Discovery Material or Highly Confidential Discovery Material need not be destroyed, but the person in possession of such attorney work product will continue to be bound by this Order with respect to all such Confidential Discovery Material or Highly Confidential Discovery Material.

MISCELLANEOUS

35.    The Parties' stipulation to entry of this Order, production or receipt of Confidential Discovery Material or Highly Confidential Discovery Material, or otherwise compliance with the terms of this Order shall not in any way:

a.    constitute an admission that any particular Discovery Material designated as Confidential or Highly Confidential is properly designated as such, is relevant or material to any issues, or is otherwise discoverable;

b.    affect, or be construed to affect, the admissibility of any document, testimony, or other evidence at hearings or trial in the Action;

c.    prejudice the right of any Party to object to the production of any Discovery Material on any ground, including relevance or privilege, or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

d.    waive a Party's right to move the Court for an order authorizing disclosure of Confidential Discovery Material or Highly Confidential Discovery Material for good cause;

11

3:23-cv-01216-GPC-VET

     e.   bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any Discovery Material designated as Confidential or Highly Confidential, provided that the contents of the Discovery Material are not disclosed; or

     f.   prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

36.   Without separate Court order, this Order does not change, amend, or circumvent any Court rule or local rule.

37.   Nothing in this Order will be construed to prevent the disclosure of Confidential Discovery Material or Highly Confidential Discovery if such disclosure is required by law or by order of the Court.

38.   All notices required by this Order may be served by email or any other method of transmission is acceptable to all Parties, as confirmed in writing by all Parties.

39.   This Order may be modified by agreement of the Parties, subject to approval by the Court. The Court may modify this Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated:  September 13, 2024

Honorable Valerie E. Torres
United States Magistrate Judge

12

3:23-cv-01216-GPC-VET

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | No. 3:23-cv-01216-GPC-VET |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

I, _____, hereby declare and state as follows:

1.      It is my understanding that I am being furnished certain information or materials pursuant to the terms and restrictions of a Protective Order Regarding the Exchange of Confidential Information (the "Order").

2.      I have read the Order.

3.      I understand the terms of the Order and agree to be fully bound by its terms.

4.      I will use any material designated as "Confidential" or "Highly Confidential" that is given to me only in a manner authorized by the Order and not disclose or discuss the content of any such material with anyone other than the persons authorized by the Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the above Court for purposes of the enforcement of the Order.

6.      Upon the conclusion of the Action, I will return all material designated as Confidential or Highly Confidential to the attorney who provided it to me or certify that commercially reasonable steps were taken to destroy such materials.


Date: _____                    _____

13

3:23-cv-01216-GPC-VET