# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | No. 3:23-cv-01216-GPC-VET |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement, dated January 28, 2025 (the "Stipulation"), is entered into by and among: (a) Lead Plaintiff Dipak Patel ("Patel" or "Lead Plaintiff"), individually and on behalf of all Settlement Class members; and (b) Defendants ImmunityBio, Inc. ("ImmunityBio"), Richard Adcock ("Adcock"), David C. Sachs ("Sachs") and Patrick Soon-Shiong ("Soon-Shiong") (together, "Defendants"). The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approvals of the Court as set forth herein.

## I.    THE LITIGATION

### A.    Procedural History

On June 30, 2023, Zachary Salzman filed a securities class action complaint in this Court styled *Salzman v. ImmunityBio, Inc., et al.*, No. 23-cv-01216 (S.D. Cal.) (ECF. No. 1) against Defendants asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), codified at 15 U.S.C. §§78j(b) & 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), codified at 17 C.F.R. §240.10b-5.  On August 29, 2023, Patel filed a motion for appointment as lead plaintiff. ECF No. 18.  By Order dated September 27, 2023, the Court appointed Patel as Lead Plaintiff and appointed Pomerantz LLP ("Pomerantz") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel.  ECF No. 31.

On November 17, 2023, Lead Plaintiff filed the operative First Amended Complaint ("FAC") alleging that Defendants made material misstatements and omissions about the Company's manufacturing capabilities, compliance with required current good manufacturing practices ("cGMP"), and the approval prospects of Anktiva between March 10, 2021, and May 10, 2023, both dates inclusive (the "Settlement Class Period").  ECF No. 37.

On January 8, 2024, Defendants filed a motion to dismiss ("MTD") the FAC along with supporting papers. ECF No. 50.  On February 19, 2024, Lead Plaintiff

filed an opposition.  ECF No. 51.  On March 11, 2024, Defendants filed a reply. ECF No. 52.

On June 20, 2024, the Court entered an Order granting in part and denying in part Defendants' MTD the FAC.  ECF No. 63.  On July 16, 2024, Lead Plaintiff filed a notice of his decision to proceed on the FAC.  ECF No. 64.  Defendants answered the FAC on August 29, 2024. ECF No. 68.

The Court set an Early Neutral Evaluation ("ENE") conference for October 28, 2024.  ECF No. 72.  The Parties attended the ENE conference but were unable to reach an agreement.  On December 4, 2024, Co-Lead Counsel and counsel for Defendants participated in a full-day mediation before Jed Melnick, Esq. of JAMS. In advance of that session, the Parties exchanged detailed, confidential, opening mediation statements addressing liability and damages, which were provided to the mediator.  No settlement was reached at the mediation.  After further negotiations, the Parties received a mediator's settlement proposal, which each Party accepted. After subsequent negotiations, the Parties memorialized the agreement in a Confidential Term Sheet ("Term Sheet"), dated December 19, 2024.

**B.    Lead Plaintiff's Assessment of the Claims and Settlement**

Lead Plaintiff believes that the claims asserted in the Action are meritorious and are supported by the evidence developed to date, including numerous confidential witness statements, documents produced by ImmunityBio and non-

parties, and FDA documents.  Additionally, Co-Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants raise can be refuted and overcome at summary judgment and at trial.

Nonetheless, Lead Plaintiff and Co-Lead Counsel recognize the expense and length of any further prosecution of the Action through completion of discovery, trial, and appeals.  Lead Plaintiff and Co-Lead Counsel are also mindful of inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the FAC, including, but not limited to, proof of the Defendants' state of mind, given their continued investment of personal funds into the company, which Defendants have already challenged in their motion to dismiss, the issues of causation and damages, the difficulty of obtaining complete evidence in the possession of non-parties, and practical impediments to judgment enforcement. Lead Plaintiff and Co-Lead Counsel, based upon their thorough evaluation, believe that the settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class members and that the Settlement confers substantial benefits upon Settlement Class members.

## C.   <u>Defendants' Denials of Wrongdoing</u>

Defendants have denied, and continue to deny, that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or the other Settlement Class members, or that they have

liability as a result of any and all allegations made in the Action. Defendants deny that Lead Plaintiff or other Settlement Class members have suffered damages and maintain that at all relevant times, Defendants engaged in the earnest pursuit of beneficial cancer therapy and in good faith communications with ImmunityBio's investors.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, and the projected litigation costs, Defendants have concluded that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the Settled Claims (as defined below) be fully and finally settled and terminated in the manner and upon the terms and conditions set forth herein.

## II.    <u>TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT</u>

### A.    <u>Introduction</u>

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Fed. R. Civ. P. 23(e), in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

**B.**    <u>**Definitions**</u>

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the securities class action captioned *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-01216, pending in the United States District Court for the Southern District of California.

1.1    "Authorized Claimant" means a Settlement Class member who submits a timely and valid Proof of Claim in accordance with the requirements established by the Court and whose claim for recovery is allowed pursuant to the terms of this Stipulation.

1.2    "CAFA Notice" means the notice of the Settlement that counsel for ImmunityBio, on behalf of the Defendants, shall serve as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") and as set forth in ¶ 9.6.

1.3    "Claimant" means a Person who or which submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means the firm that will be hired by Co-Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class members in the form of either Exhibit B-1 or Exhibit B-2 hereto, as the Court may order, arranging for publication of the Publication Notice in the

form of Exhibit C hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Court" means the court overseeing the Action, the United States District Court for the Southern District of California.

1.6    "Defendants' Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to enforcement of the settlement or this Stipulation, or any claims against any Settlement Class member who submits a valid request for exclusion from the Settlement Class that is accepted by the Court.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.8    "Escrow Accounts" mean, collectively, the Notice and Claims Administration Account and the Settlement Account.

1.9    "Escrow Agent" means Huntington National Bank.

1.10  "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.11  "Fee and Expense Application" means any application or applications for payments to Co-Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses, including, without limitation, the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action, including any interest earned on such fees and expenses.

1.12  "Fee and Expense Award" shall have the definition as set forth herein in Section II.H., *infra*.

1.13  "Final," with respect to this Settlement, means that (a) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying a Settlement Class for settlement purposes only, approving the scope of the Releases, and entering the Judgment, and (b) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review.  However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Co-Lead Counsel or compensatory award to Lead Plaintiff or any appeals solely related thereto.

1.14  "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit E or in a similar form as adopted by the Court.

1.15  "Lead Plaintiff's Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that were asserted in the Action or could have been asserted by Lead Plaintiff or any other member of the Settlement Class (and their related parties as to be defined) in the Action or any other court or forum, that arise out of, are based upon, and relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, or (b) the purchase or other acquisition of ImmunityBio stock during the Class Period.  This release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes.  This release shall not include claims to enforce the settlement or this Stipulation, claims of any Settlement Class member who or which submits a request

for exclusion from the Settlement Class that is accepted by the Court, or derivative claims asserted by shareholders on behalf of ImmunityBio in a related shareholder derivative lawsuit, captioned *Van Luven v. Soon-Shiong, et al.*, No. 24-CV-2014 (S.D. Cal.).

1.16 "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Co-Lead Counsel, any compensatory award to Lead Plaintiff approved by the Court, and Notice and Claims Administration Expenses.

1.17 "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, which is to be sent to Settlement Class members substantially in the form attached hereto as either Exhibit B-1 or Exhibit B-2, as the Court may order.

1.18 "Notice and Claims Administration Account" means an interest-bearing escrow account that may be used only to pay Notice and Claim Administration Expenses.

1.19 "Notice and Claims Administration Expenses" means all costs and expenses of providing notice to the Settlement Class and administering the settlement shall be paid solely from the Settlement Fund, except for the costs associated with providing shareholder lists and providing notice as required under CAFA, which will be the responsibility of ImmunityBio. In the event that the

settlement is not consummated, monies paid or costs incurred for this specific purpose, shall not be returned or repaid to those who have funded the Settlement Amount.

1.20  "Parties" means, collectively: (1) Court-appointed Lead Plaintiff Dipak Patel, on behalf of himself and the other members of the Settlement Class (as defined below); and (2) Defendants.

1.21  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

1.22  "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Co-Lead Counsel in its sole discretion, subject to the approval of the Court.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.23  "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, provisionally certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice

thereof to the Settlement Class, via the Notice and the Publication Notice, and related matters.

1.24  "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.25  "Publication Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.26  "Released Claims" means Lead Plaintiff's Claims and Defendants' Claims.

1.27  "Released Defendant Parties" means (i) each Defendant, (ii) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settler or which is for the benefit of any defendant and/or any member(s) of his family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person

thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest.

1.29 "Released Lead Plaintiff Parties" means (i) Lead Plaintiff, all Settlement Class members, Co-Lead Counsel, and (ii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

1.30 "Released Parties" means Released Defendant Parties and Released Lead Plaintiff Parties.

1.31 "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0-5.2.

1.32 "Settlement" means the settlement of the Action on the terms set forth in this Stipulation.

1.33 "Settlement Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount, from which a

portion will be transferred into the Notice and Claims Administration Account as provided in ¶ 2.6, as may be ordered by the Court.

1.34   "Settlement Consideration" or "Settlement Amount" means ten million five hundred thousand dollars ($10,500,000.00) in cash to be paid pursuant to ¶ 2.0 of this Stipulation.

1.35   "Settlement Class" for Settlement purposes only, is defined as: All persons who purchased or acquired ImmunityBio, Inc. securities from March 10, 2021, to May 10, 2023, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) the subsidiaries and affiliates of any Defendants; (iv) any person or entity who is a partner, executive officer, director or controlling person of any of the Defendants; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the Settlement Class are any Settlement Class members who or which submit a valid request for exclusion from the Settlement Class in accordance with the requirements established by the Court.

1.36   "Settlement Class member" means a person or entity that is a member of the Settlement Class that does not exclude himself, herself, or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.  "Settlement Class members" means all such Persons.

1.37   "Settlement Class Period" or "Class Period" means the period between March 10, 2021, and May 10, 2023, both dates inclusive.

1.38   "Settlement Distribution Order" means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.39   "Settlement Fairness Hearing" means a hearing to be held before the Court pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement of the Action on the terms and conditions in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Co-Lead Counsel (to be distributed by Co-Lead Counsel, in Co-Lead Counsel's discretion, to any other counsel who contributed to the outcome obtained by Lead Plaintiff for the Settlement Class) for their efforts, and any compensatory awards that should be awarded to Lead Plaintiff for his service to the Settlement Class; to hear objections (if any) by Settlement Class members to the Stipulation,

Plan of Allocation, or any award of fees and expenses to Co-Lead Counsel or compensatory award to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

1.40 "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the definition of Net Settlement Fund, *supra*.

1.41 "Supplemental Agreement" means the supplemental agreement between the Parties described in ¶ 2.13 herein.

1.42 "Taxes" and "Tax Expenses" means: (a) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (b) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.10 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

C.  **The Settlement**

  a.  **Settlement Amount**

2.0 ImmunityBio agrees to pay or cause to be paid the Settlement Amount in cash to settle the Action. The Settlement Amount shall be paid into the Settlement Account, subject to the authority of the Court, within thirty (30) days after the later of: (i) the Court having entered an order preliminarily approving the settlement, (ii)

Defendants having received customary written instructions and a contact person to provide verbal confirmation of such instructions for the Settlement Amount by check or wire into the escrow account, and (iii) Defendants having received an IRS Form W-9 for the escrow account. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.

2.1    The Defendants' sole payment obligation under this Stipulation shall be as set forth in ¶ 2.0, and under no circumstances shall the Defendants have any obligation to make any other or greater payment for any purpose pursuant to the Settlement.  All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Co-Lead Counsel for distribution by Co-Lead Counsel in its discretion among itself and other counsel for Lead Plaintiff involved in the Action, and any compensatory award to Lead Plaintiff as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

### b.    The Escrow Agent

2.2    At the written direction of Co-Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government

or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. At Co-Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Defendants and other Released Defendant Parties shall not bear any responsibility for, or liability related to, the investment of the Settlement Fund by the Escrow Agent.

### c.    Handling and Disbursement of Funds by the Escrow Agent

2.3    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse any monies from the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' counsel and Co-Lead Counsel.

2.4    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6-2.8 regarding the Notice and Claims Administration Account, ¶ 2.10 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall either be distributed or be returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Once the Settlement and Judgment become Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Defendants or any other person or entity who or which paid any portion of the Settlement Amount.

### d.     Notice and Claims Administration Account

2.6     Within seven (7) calendar days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice and Claims Administration Account and may deposit into it up to three hundred thousand dollars ($300,000.00) from the Settlement Account.  The Notice and Claims Administration Account may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice and Claims Administration Account shall include such interest.

2.7     Without prior approval from the Court, the Notice and Claims Administration Account shall be used by the Escrow Agent to pay Notice and Claims Administration Expenses.  If Notice and Claims Administration Expenses exceed three hundred thousand dollars ($300,000.00), any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement

Account to the Notice and Claims Administration Account. Any residual monies held in the Notice and Claims Administration Account upon the completion of notice and claims administration for the Settlement shall be transferred back into to the Settlement Account.

2.8     In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within thirty (30) days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice and Claims Administration Account and Settlement Account, including interest earned, shall be returned to Immunity Bio or other person or entity which paid any portion of the Settlement Amount in the amount as had been paid by them, respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice and Claims Administration Expenses, Taxes, and Tax Expenses.    Under those circumstances, Co-Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Lead Plaintiff and the Settlement Class shall have no responsibility for the return of such consideration.  If, instead, the Settlement and Judgment become Final, once they become Final, there shall be no reversion whatsoever of any monies held in the Notice and Claims Administration Account or Settlement Account to ImmunityBio

or any other person or entity who or which paid any portion of the Settlement
Amount.

2.9    The Notice and Claims Administration Account shall not be used to pay
any portion of the Fee and Expense Award to Co-Lead Counsel.  The Escrow Agent
shall maintain a record of all funds disbursed.  The Released Parties shall have no
obligation to pay any expenses associated with the Notice and Claims
Administration Account.  In no event shall the Released Parties be responsible to
pay any amount for costs of notice and administration.

### e.    Taxes

2.10   The following provisions shall govern the treatment of Taxes and Tax
Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the
Settlement Fund, and by extension, the Notice and Claims Administration Account
and Settlement Account, as "qualified settlement funds" within the meaning of
Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make
such elections as necessary or advisable to carry out the provisions of this ¶ 2.10,
including the "relation-back election" (as defined in Treasury Regulation § 1.468B-
1) back to the earliest permitted date.  Such elections shall be made in compliance
with the procedures and requirements contained in such regulations.  It shall be the
responsibility of the Escrow Agent to timely and properly prepare and deliver the

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice and Claims Administration Account and Settlement Account (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.10(a)) shall be consistent with this ¶ 2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes and Tax Expenses relating to the income earned by the Notice and Claims Administration Account and Settlement Account shall be paid out of the Settlement Fund.

(d)    Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Account without prior order from the Court.

(e)    Lead Plaintiff, the Settlement Class members, Co-Lead Counsel, and Lead Plaintiff's other counsel, Defendants, Defendants' counsel, and the other Released Parties shall have no liability or responsibility for Taxes and Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' counsel, Lead Plaintiff, the Settlement Class members, Co-Lead Counsel and Lead

Plaintiff's other counsel, and the other Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)    The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).    The Released Parties are not responsible therefor, nor shall they have any liability with respect thereto.

(g)    The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.10.  Upon written request, ImmunityBio's counsel agrees to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

## f.    Termination of Settlement

2.11   The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Parties within ten (10) business days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and

resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award to Co-Lead Counsel, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

2.12   Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of his election to do so to all other Parties within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.13    If, before the Settlement Fairness Hearing, any Persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and such persons in the aggregate have purchased a number of securities during the Settlement Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, ImmunityBio shall have the unilateral option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.    The Supplemental Agreement, which is executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until either a dispute arises among the Parties concerning its interpretation or application or its submission is otherwise ordered by the Court, in which case the Parties will undertake to have its submission to the Court *in camera*, to the extent permitted by the Court.

2.14    If either Defendants or Lead Plaintiff exercise their respective right to terminate the Settlement as provided in this Stipulation:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void

and shall have no further force or effect (except for ¶¶ 2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.13, 9.14, 9.15, 9.16, and 9.18);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice and Claims Administration Expenses, Taxes, and Tax Expenses pursuant to ¶¶ 2.7 and 2.8, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Defendants; and

(c)    The Parties shall revert to their respective positions in the Action prior to the execution of the Term Sheet, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.

### D.    <u>Class Certification</u>

3.0    For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to:  (a) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Lead Plaintiff as class representative for the Settlement Class; and (c) appointment of Co-Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  Following execution of this Stipulation, Lead Plaintiff, with consent of the Defendants, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for

settlement purposes only. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

### E.    **Preliminary Approval Order**

4.0    Promptly after execution of this Stipulation, Co-Lead Counsel and Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia*, (a) grant preliminary approval to the Settlement; (b) certify the Settlement Class for settlement purposes only; (c) authorize dissemination of Notice to the Settlement Class substantially in the form of the short-form notice attached hereto as Exhibit B-2 (or if the Court requires, Exhibit B-1) and Exhibit C hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit D; and (d) request a date for the Settlement Fairness Hearing.

4.1    The Notice as disseminated (or, if the long-form notice in form attached hereto as Exhibit B-1 is adopted for distribution to Settlement Class members, then the Notice as posted on the Claims Administrators' website) shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Co-Lead Counsel, for distribution by Co-Lead Counsel in its discretion among itself and other counsel for Lead Plaintiff that were involved in the Action, and a compensatory award to Lead Plaintiff; the date of the Settlement Fairness

Hearing; Settlement Class members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class members' opportunity to file claims upon the Settlement Fund. The Stipulation of Settlement, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2    Within five (5) business days after the Court enters a Preliminary Approval Order, and at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Co-Lead Counsel, or the Claims Administrator, ImmunityBio shall provide lists of shareholders of record during the Class Period to the extent such lists are reasonably available. Lead Plaintiff and the Claims Administrator agree to maintain this information in confidence and only for the purpose of administering this Settlement.

### F.    **<u>Releases</u>**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to the Lead Plaintiff, the Settlement Class members, the Defendants, the other Released Parties, and any and all Released Claims.

5.1    Upon the Effective Date of the Settlement, Lead Plaintiff and other members of the Settlement Class, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, will fully and

unconditionally release as against Released Defendant Parties, any and all of Lead Plaintiff's Claims.

5.2    Upon the Effective Date of this Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns will fully and unconditionally release as against the Released Lead Plaintiff Parties, any and all of Defendants' Claims.

### G.    Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund

6.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The distribution checks will be drawn upon the Net Settlement Fund.

6.1    Defendants will not have any responsibility for, or involvement in, the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, or the allocation of the Settlement proceeds among members of the Settlement Class.  The Claims Administrator shall be selected by Co-Lead Counsel, and the Plan of Allocation will be proposed solely by Co-Lead Counsel, subject to the Court's approval.  The Plan of Allocation is separate from the Settlement, and any objections or appeals with respect to the Plan of Allocation will not affect the validity or finality of the settlement (including the releases therein). Any order of the

Court modifying or rejecting the proposed plan of allocation will not operate to terminate the settlement or affect the finality or binding nature of the settlement.

6.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Claims Administration Expenses; to pay a Fee and Expense Award to Co-Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Lead Plaintiff to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation and the Plan of Allocation.

6.3    After the Effective Date, Co-Lead Counsel, on behalf of Lead Plaintiff, shall apply to the Court, on notice to the Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration, including the Notice and Claims Administration Expenses, Taxes, and Tax Expenses, have been paid.

6.4    The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(a)    Each Settlement Class member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit D hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)    Except as otherwise ordered by the Court, all Settlement Class members who fail to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against Defendants or the other Released Defendant Parties concerning the Released Claims.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.5    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a

Settlement Class member and the validity of the amount of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.6     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants.  No Person shall have any claim against the Released Lead Plaintiff Parties or Released Defendant Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Co-Lead Counsel, or any of the other Released Parties based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Co-Lead Counsel, to be described in the Notice, and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Co-Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net

Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court. Under no circumstances shall Defendants have any interest whatsoever in such remaining balance.

6.8    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or any other person or entity who or which paid any portion of the Settlement Amount.

6.9    Defendants and their respective legal counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission or determination of Co-Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the administration, management, investment, allocation or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (f) the payment or withholding of any Taxes and Tax Expenses, or (g) any failure of Notice or failure to identify Settlement Class members pursuant to ¶ 4.2 above.

6.10    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments

to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0    Co-Lead Counsel may submit the Fee and Expense Application, in its sole discretion, contemporaneously with or after Lead Plaintiff files his motion seeking Final approval of the Settlement.  Co-Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.  Other than their obligation to fund the Settlement Amount, and to pay the cost of providing shareholder lists and providing notice as required under CAFA, Defendants shall have no responsibility whatsoever for any Fee and Expense Award (including out-of-pocket costs).  Defendants shall have no responsibility whatsoever for any costs or expenses associated with the pursuit of the Action by Lead Plaintiff, including but not limited to, any costs or expenses related to the prosecution of the Action, settlement or the administration of the Settlement Fund.  Co-Lead Counsel's attorneys' fees and expenses, and the reimbursement of the costs and expenses

incurred by the Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4), as awarded by the Court, shall be paid exclusively from the Settlement Fund immediately upon award, subject to the customary agreement to return fees/expenses in the event the amount awarded is reduced or reversed by final non-appealable order. Any award(s) with respect to attorneys' fees and expenses (including Lead Plaintiffs reimbursements under 15 U.S.C. § 78u-4(a)(4)), will be separate and apart from the settlement, and any issues, problems, objections, or appeals with respect to the fee and expense request or award will not affect the validity or finality of the settlement (including the releases contained therein). Defendants will take no position on Co-Lead Counsel's Fee and Expense Application or on Lead Plaintiff's reimbursement requests under 15 U.S.C. § 78u-4(a)(4). Any reversal of a Fee and Expense Award will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement.

7.1    Any Fee and Expense Award, including any interest thereon, shall be payable to Co-Lead Counsel, for distribution by Co-Lead Counsel in its sole discretion among itself and Lead Plaintiff's other counsel that were involved in the Action, solely from the Settlement Fund upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any

award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Co-Lead Counsel and any other Lead Plaintiff's counsel to whom Co-Lead Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Co-Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  If the Court were to reduce the Fee and Expense Award or otherwise reject the Fee and Expense Application, in any material way, and if Lead Plaintiff and Co-Lead Counsel appeal such ruling(s), the Escrow Agent shall hold and retain within the Settlement Account sufficient funds to cover Lead Plaintiff's and Co-Lead Counsels' claim on appeal that shall not be distributed during the pendency of such appeal.

I.    **Effect of Disapproval, Cancellation or Termination**

8.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)     Final approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)     The Settlement Amount has been paid into the Settlement Fund; and

(c)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Lead Plaintiff, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants or Released Defendant Parties in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶¶ 6.2 and 6.3 hereof.

8.2     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, or the Settlement and Judgment do not become Final, all monies then held in the Notice and Claims Administration Account and Settlement Account will be returned by the Escrow Agent to ImmunityBio or other person or entity which paid any portion of the Settlement Amount in the amount as had been paid by them consistent with the provisions of ¶¶ 2.3-2.12 hereof.

8.3     In the event this Settlement is terminated as provided in ¶¶ 2.11, 2.12, or 2.13, then the terms and provisions of the Stipulation, with the exception of ¶¶ 2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.13, 9.14, 9.16, and 9.18 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the amount of any awards to the Lead Plaintiff, or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Co-Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.11, 2.12, or 2.13, Lead Plaintiff, the Settlement Class members, Co-Lead Counsel and Lead

Plaintiff's other counsel, the Claims Administrator, and the Escrow Agent shall not

have any obligation to repay any amounts actually and properly disbursed from the

Notice and Claim Administration Account.   In addition, any expenses already

incurred and properly chargeable to the Notice and Claim Administration Account

pursuant to this Stipulation at the time of such termination or cancellation, but which

have not been paid, shall be paid by the Escrow Agent in accordance with the terms

of the Stipulation before the balance is refunded in accordance with ¶ 8.2.

### J.    **Miscellaneous Provisions**

9.0    Defendants deny any wrongdoing whatsoever, and this Stipulation shall

in no event be construed or deemed to be evidence of, or an admission or concession

on the part of Defendants with respect to, any claim of any fault or liability or

wrongdoing or damage whatsoever, or any infirmity in any defenses that Defendants

have asserted or could assert in the Action or any other action.

9.1    This Stipulation, whether or not consummated, and any proceedings

taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered

or received:

(a)    Against any of the Defendants or the other Released Defendant

Parties as evidence of, or construed as evidence of, any presumption, concession, or

admission by any of the Defendants or the other Released Defendant Parties with

respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the

validity of any claim that has been or could have been asserted against any of the Defendants or the other Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants or the other Released Defendant Parties.

(b)    Against any of the Defendants, the Lead Plaintiff, any Settlement Class members, or the other Released Parties, as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Defendants, the Lead Plaintiff, any Settlement Class member, or the other Released Parties, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Lead Plaintiff, any Settlement Class member, or the other Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Lead Plaintiff, and any Settlement Class member, and the other Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(c)    Against any of the Defendants or the other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or

admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(d)     Against the Lead Plaintiff or Released Lead Plaintiff Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by the Released Lead Plaintiff Parties that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(e)     Against the Lead Plaintiff or any of the Released Lead Plaintiff Parties as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiff in the FAC or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

9.2     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiff or the Settlement Class members against the Defendants and their counsel and all Released Defendant Parties concerning Lead Plaintiff's Claims and against the Lead Plaintiff and Released Lead Plaintiff Parties by the Defendants concerning Defendants' Claims.  Accordingly, the Parties agree not to

assert in any forum that the litigation was brought by Lead Plaintiff or defended by the Defendants in bad faith or without a reasonable basis. The Parties agree that each has complied fully with Fed. R. Civ. P. 11. The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and that the Settlement reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.3    The Parties (a) acknowledge that it is their intent to consummate this Stipulation, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Co-Lead Counsel and Defendants' counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final approval of the Settlement.

9.4     Neither Lead Plaintiff, the Settlement Class members, nor the Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund or if the Court denies, in whole or in part, Co-Lead Counsel's Fee and Expense Application.

9.5     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for the Fee and Expense Award to Co-Lead Counsel (for distribution, in Co-Lead Counsel's sole discretion among any other counsel for Lead Plaintiff) and enforcing the terms of this Stipulation.

9.6     Pursuant to CAFA, no later than ten (10) calendar days after the Stipulation is filed with the Court, Defendants shall serve a proper CAFA Notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA and provide a copy of that notice and proof of service to Co-Lead Counsel.

9.7     Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

9.8     Pending preliminary approval by the Court of the Settlement, other than by agreement of the Parties, all proceedings in this Action shall be stayed, except those in furtherance of obtaining preliminary Settlement approval, and the Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

9.9     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.10    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed as a waiver by the waiving Party of any other prior or subsequent breaches of this Stipulation or a waiver by any other Party of any breach of this Stipulation.

9.11    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.12   Once executed, this Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.13   Other than the Supplemental Agreement (as described in ¶ 2.13, *supra*), this Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

9.14   Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related Settlement documents on behalf of any Party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.15   This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.16   This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.17    The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.18    Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by mediation before Jed Melnick, Esq. of JAMS.  If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.19    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Delaware without giving effect to that State's choice of law principles.

9.20    This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.21    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of hand-delivery, overnight courier, emailed PDF or

similar-format electronic document, or facsimile transmission with confirmation of

receipt. Notice shall be provided as follows:

|  |  |
|---|---|
| If to Co-Lead Counsel, then to: | Justin D. D'Aloia<br>Jeremy Lieberman<br>**Pomerantz LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665<br>Email:<br>       jdaloia@pomlaw.com<br>       jalieberman@pomlaw.com<br><br>*Co-Lead Counsel for Lead Plaintiff and the Settlement Class* |
|  | Corey D. Holzer<br>**Holzer & Holzer, LLC**<br>211 Perimeter Center Parkway, Suite 1010<br>Atlanta, GA 30346<br>Tel: (770) 392-0090<br>Email: cholzer@holzerlaw.com<br>        mdees@holzerlaw.com<br><br>*Co-Lead Counsel for Lead Plaintiff and the Settlement Class* |
| If to Defendants, then to: | Gregory L. Watts<br>**Wilson Sonsini Goodrich & Rosati, P.C.**<br>701 Fifth Ave., Suite 5100<br>Seattle, WA  98104-1050<br>Tel: (206) 883-2500<br>Email:  gwatts@wsgr.com<br><br>*Counsel for Defendants* |

9.22   All time periods set forth herein shall be computed in calendar days

unless otherwise expressly provided. In computing any period of time prescribed or

allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.23   The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

*  *  * *The Rest Of This Page Is Intentionally Left Blank* *  *  *

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated January 28, 2025.

Jeremy Lieberman
**Pomerantz LLP**
600 Third Avenue, 20th Floor
New York, NY 10016

*Co-Lead Counsel for Lead Plaintiff and the Settlement Class*

Corey D. Holzer
**Holzer & Holzer, LLC**
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30346

*Co-Lead Counsel for Lead Plaintiff and the Settlement Class*

Gregory Watts
**Wilson Sonsini Goodrich & Rosati, P.C.**
701 Fifth Ave., Suite 5100
Seattle, WA 98104-1050

*Counsel for Defendants*

{00647948;1 }                    49

# EXHIBIT A

1  POMERANTZ LLP
2  Jennifer Pafiti (SBN 282890)
   Justin D. D'Aloia (*pro hac vice*) (NY Bar # 4935979)
3  600 Third Avenue, 20th Floor
   New York, New York   10016
4  Telephone:   (212) 661-1100
5  jpafiti@pomlaw.com
   jdaloia@pomlaw.com
6
7  *Counsel for Lead Plaintiff Dipak Patel and*
   *Lead Counsel for the Proposed Class*
8
9  — additional counsel on signature page —

10             UNITED STATES DISTRICT COURT
11            SOUTHERN DISTRICT OF CALIFORNIA

12 | | No. 3:23-cv-01216-GPC-VET |
13 | | |
14 | | **ORDER PRELIMINARILY APPROVING** |
   | | **CLASS ACTION SETTLEMENT AND** |
15 | IN RE IMMUNITYBIO, INC. | **AUTHORIZING NOTICE TO THE** |
   | SECURITIES LITIGATION | **SETTLEMENT CLASS** |
16 | | |
17 | | |
18 | | |
19 | | |
20 | THIS DOCUMENT RELATES TO: | |
   | ALL ACTIONS | |
21 | | |
22 | | |
23 | | |
24
25
26
27  {00647952;1 }
28

E55

WHEREAS, an action is pending before this Court captioned *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-1216 (the "Action");

WHEREAS, Lead Plaintiff Dipak Patel ("Lead Plaintiff"), on behalf of himself and all Settlement Class members, and ImmunityBio, Inc. ("ImmunityBio"), Richard Adcock, ("Adcock"), David C. Sachs ("Sachs"), and Patrick Soon-Shiong ("Soon-Shiong") (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") have applied under Fed. R. Civ. P. 23(e) for an order preliminarily approving the Settlement of this Action and directing notice thereof to the Settlement Class, in accordance with a Stipulation of Settlement, dated January 28, 2025 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Parties and for dismissal of the Action against all Defendants, with prejudice upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing.  Unless otherwise defined, all capitalized terms used herein have the same meaning set forth in the Stipulation.

2.      Pursuant to Fed. R. Civ. P. 23, the Court provisionally certifies, for purposes of the Settlement only, the following Settlement Class: all Persons, except those expressly excluded below, who purchased or otherwise acquired ImmunityBio securities during the Class Period of March 10, 2021 to May 10, 2023, both dates inclusive.  Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of the Defendants; (iii) the subsidiaries and affiliates of any Defendants; (iv) any person or entity who is a partner, executive officer, director or controlling person of any of the Defendants; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors and assigns of any such excluded party.  Also excluded from the

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

Settlement Class are any Settlement Class members who or which submit a valid request for exclusion from the Settlement Class that is accepted by the Court.

3. Pursuant to Fed. R. Civ. P. 23, the Court provisionally appoints, for purposes of Settlement only, Lead Plaintiff as Class Representative of the Settlement Class and Co-Lead Counsel as Class Counsel for the Settlement Class.

4. The "Settlement Fairness Hearing" shall be held before this Court on _____, at _____ _.m., at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California 92101, in Courtroom 2D, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Co-Lead Counsel for their efforts in litigating the Action and any compensatory award that should be awarded to Lead Plaintiff for his service to the Settlement Class; to hear any objections by Settlement Class members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Co-Lead Counsel or compensatory award to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

5. Pursuant to Fed. R. Civ. P. 23(c), the Court appoints for settlement purposes only the firm of Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within five (5) business days after the entry of this Order, ImmunityBio shall provide records of share ownership sufficient to identify potential Settlement Class members to the extent such lists are reasonably available to ImmunityBio or its transfer agent;

(b) The Court hereby approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and

Settlement Fairness Hearing ("Notice"), and the Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed to the Settlement Stipulation, and directs that no more than twenty-one (21) days after entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall cause a copy of the Notice substantially in the form set forth in Stipulation as Exhibit [B-1/B-2] and Proof of Claim substantially in the form set forth in the Stipulation as Exhibit D, to be mailed by First-Class Mail to all Settlement Class members who can be identified with reasonable effort and to be posted substantially in the form of Exhibits B-1, B-2, and D on a website for the Settlement at www.ImmunityBioSecuritiesSettlement.com;

(c)     The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no more than twenty-one days (21) after entry of this Order, Co-Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published once over a newswire service that distributes nationally in the United States; and

(d)     Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof that the Publication Notice has been published.

6.     Brokers and other nominees who purchased or acquired ImmunityBio stock for the benefit of another Person during the Settlement Class Period shall mail the Notice and Proof of Claim to such beneficial owners of ImmunityBio stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any such broker or nominee requesting same for the purpose of mailing to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees solely for their actual, reasonable out-of-pocket expenses for doing so, in an amount not to exceed $0.73 per Notice mailed or $0.15 per name and address provided to

1  Claims Administrator, which expenses would not have been incurred except for the sending

2  of such Notice or identifying such names and addresses, as the case may be, and subject to

3  further order of this Court with respect to any dispute concerning such reimbursement.

4        7.    The form and content of the notice program described herein, and the methods

5  set forth herein for notifying the Settlement Class of the Settlement and its terms and

6  conditions, the Fee and Expense Application, any compensatory award to Lead Plaintiff,

7  and the Plan of Allocation:

8        (a)    Constitute the best notice practicable to Settlement Class Members

9  under the circumstances of this Action;

10        (b)    Are reasonably calculated, under the circumstances, to apprise

11  Settlement Class members of: (i) the proposed Settlement of this Action; (ii) the

12  right to be excluded from the Settlement Class; (iii) the right to object to any aspect

13  of the proposed Settlement; (iv) the right to appear at the Settlement Fairness

14  Hearing, either on their own or through counsel hired at their own expense, if they

15  did not exclude themselves from the Settlement Class; and (v) the binding effect of

16  the proceedings, rulings, orders, and judgments in this Action, whether favorable or

17  unfavorable, on all persons not excluded from the Settlement Class;

18        (c)    Are reasonable and constitute due, adequate and sufficient notice to all

19  Persons entitled thereto; and

20        (d)    Satisfy the requirements of Rule 23 of the Federal Rules of Civil

21  Procedure, the United States Constitution (including the Due Process Clause), the

22  Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended,

23  and all other applicable laws and rules.

24        8.    Other than the costs incurred by Defendants (if any) in providing the record

25  holders of ImmunityBio stock during the Settlement Class Period, all fees, costs, and

26  expenses incurred in identifying and notifying members of the Settlement Class shall be

27  paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of

28  the Released Parties bear any responsibility for such fees, costs, or expenses.

9.    All Settlement Class members (except Persons who request exclusion pursuant to ¶ 13 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, to the Settlement Class, regardless of whether such Persons seek or obtain any distribution from the Settlement Fund or the Net Settlement Fund by any means, including, without limitation, by submitting a Proof of Claim or any similar document.

10.    Settlement Class members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be received no later than ninety (90) days after the Notice is mailed to Settlement Class members.  Any Settlement Class member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

11.    The Proof of Claim submitted by each Settlement Class member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of ¶ 10; (ii) it must be accompanied by adequate supporting documentation for the transactions in ImmunityBio stock reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class member must be included therein; (iv) it must be complete and contain no material deletions or

E60

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

1   modifications of any of the printed matter contained therein; and (v) it must be signed under

2   penalty of perjury.

3          12.    Any Settlement Class member may enter an appearance in the Action, at his,

4   her, or its own expense, individually or through counsel of their own choice.  If they do not

5   enter an appearance, they will be represented by Co-Lead Counsel.

6          13.    Any Settlement Class member may, upon request, be excluded or "opt out"

7   from the Settlement Class.  Any such Person must submit to the Claims Administrator a

8   request for exclusion ("Request for Exclusion"), which complies with the requirements set

9   forth in the Notice and is received no later than twenty-one (21) days before the date of the

10   Settlement Fairness Hearing.  All Persons who submit valid and timely Requests for

11   Exclusion in the manner set forth in this paragraph shall have no rights under the

12   Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be

13   bound by the Stipulation or any Judgment.  A Settlement Class member may submit a

14   written revocation of a Request for Exclusion up until five (5) business days before the

15   date of the Settlement Fairness Hearing and still be eligible to receive payments pursuant

16   to the Stipulation provided the Settlement Class member also submits a valid Proof of

17   Claim prior to the Settlement Fairness Hearing.

18          14.    Any Settlement Class member and any other interested Person may appear at

19   the Settlement Fairness Hearing in person or by counsel and be heard, to the extent allowed

20   by the Court, either in support of or in opposition to the matters to be considered at the

21   hearing, provided, however, that no Person shall be heard, and no papers, briefs, or other

22   submissions shall be considered by the Court in connection to such matters, unless no later

23   than twenty-one (21) days before the Settlement Fairness Hearing, such Person files with

24   the Court a statement of objection setting forth: (i) whether the person is a Settlement Class

25   member; (ii) the part(s) of the Settlement to which the Settlement Class member or

26   interested Person objects; and (iii) the specific reason(s), if any, for such objection

27   including any legal support the Settlement Class member or interested Person wishes to

28   bring to the Court's attention and any evidence the Settlement Class member or interested

Person wishes to introduce in support of such objection.  Such Settlement Class member shall also provide documentation sufficient to establish the amount of publicly traded ImmunityBio stock purchased and sold during the Settlement Class Period, and the prices and dates of such transactions.  Objection materials must be sent to the following:

CO-LEAD COUNSEL:
Jeremy A. Lieberman
Justin D. D'Aloia
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016

-AND-

Corey D. Holzer
HOLZER & HOLZER, LLC
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA 30346

DEFENDANTS' COUNSEL
Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104-7036

COURT
Clerk of the Court
United States District Court, Southern District of California
James M. Carter and Judith N. Keep United States Courthouse
333 West Broadway
San Diego, CA 92101

Any member of the Settlement Class who does not make his, her, or its objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the compensatory award to Lead Plaintiff, unless otherwise ordered by the Court.

{00647952;1 }

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

15.     Attendance at the Settlement Fairness Hearing is not necessary.  Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the Fee and Expense Application, or the compensatory award are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing.  Settlement Class members do not need to appear at the Settlement Fairness Hearing or take any other action if they do not oppose any aspect of the Settlement.

16.     The Court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to the Settlement Class members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 4 above and any new time and date will be promptly posted on the Settlement website upon being ordered, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved, the Court issues the Settlement Distribution Order, and the Order and Final Judgment becomes Final.

18.     All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application or compensatory award shall be filed and served no later than thirty (30) days before the Settlement Fairness Hearing, and any reply papers shall be filed and served no later than fourteen (14) days before the Settlement Fairness Hearing.

19.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any Fee and Expense Application by Co-Lead Counsel or compensatory awards to Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  At or after the Settlement Fairness

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

Hearing, the Court shall determine whether the Plan of Allocation, any Fee and Expense Application proposed by Co-Lead Counsel, and any compensatory awards sought by Lead Plaintiff should be approved.

20.    Except for the obligation to provide reasonably available records identifying potential Settlement Class members, in no event shall Defendants or any of the other Released Defendant Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the other Released Defendant Parties shall have any obligation or liability to the Lead Plaintiff, Co-Lead Counsel, or the Settlement Class in connection with such administration.  All reasonable expenses incurred in identifying and notifying Settlement Class members and administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.7 of the Stipulation.

21.    This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statement made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be offered or received:

(a)    Against any of the Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or other Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or the Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing or liability by any of the Defendants or other Released Defendant Parties;

(b)    Against any of the Defendants, the Lead Plaintiff, any Settlement Class members, or the other Released Defendant Parties' and/or Released Lead Plaintiff Parties, as evidence of, or construed as evidence of, any presumption, concession, or

E64

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

admission by any of the Defendants, the Lead Plaintiff, any Settlement Class member, or the other released parties, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Lead Plaintiff, any Settlement Class member, or the other released parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, Defendants, Lead Plaintiff, any Settlement Class member, and other Released Parties may refer to the Order or the Stipulation to effectuate the liability protection granted to them thereunder;

(c)    Against any of the Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(d)    Against the Lead Plaintiff or the Released Lead Plaintiff Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by the Lead Plaintiff or any Settlement Class member that any of their claims are without merit, or that any defenses asserted by Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(e)    Against the Lead Plaintiff or the Released Lead Plaintiff Parties as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiff in the First Amended Class Action Complaint or the Action, or of any lack of merit to the claims or the Action, or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

22.    The Defendants, Lead Plaintiff, Settlement Class members, other Released Parties, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23.    All proceedings in the Action are stayed, except for those related to and necessary for the Court's consideration of and decisions on the Settlement.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Settlement Class member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of Lead Plaintiff's Claims and, conversely, neither the Defendants nor any of the other Released Defendant Parties shall, either directly, representatively, or in any other capacity, commence or prosecute against the Lead Plaintiff or the Released Lead Plaintiff Parties any action or proceeding in any court or tribunal asserting any of Defendants' Claims.

24.    In the event that the Settlement is terminated or otherwise does not become Final in accordance with the terms of the Stipulation, this Order shall be rendered null and void and be of no further force and effect except to the extent provided in the Stipulation and shall be vacated, and the Parties shall revert to their respective positions in the Action as of December 19, 2024, as provided in the Stipulation.

IT IS SO ORDERED.

Dated: _____, 2025

_____
Hon.

{00647952;1 }

23cv01216

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

# EXHIBIT B-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | No. 3:23-cv-01216-GPC-VET |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING

If you purchased or acquired ImmunityBio, Inc. ("ImmunityBio") (NASDAQ: IBRX) securities between March 10, 2021, and May 10, 2023, both dates inclusive (the "Settlement Class Period"), you could be entitled to a payment from a proposed class action settlement.

***A federal court authorized this Notice. It is not a solicitation from a lawyer.***

- A proposed settlement (the "Settlement") has been reached in the above-captioned class action (the "Action") on behalf of all persons who purchased or acquired ImmunityBio securities during the Settlement Class Period and were damaged thereby (the "Settlement Class," and each member thereof, a "Settlement Class member"). The terms of the Settlement are set forth in a Stipulation of Settlement, dated January 28, 2025 (the "Stipulation").

- The United States District Court for the Southern District of California (the "Court") will hold a hearing (the "Settlement Fairness Hearing") on _____, 2025 to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide a gross amount of ten million five hundred thousand dollars ($10,500,000.00) (the "Settlement Amount"), plus interest earned thereon, minus attorneys' fees, costs, administrative expenses, and any compensatory award to Court-appointed lead plaintiff Dipak Patel ("Lead Plaintiff"), and net of any taxes, to pay claims of Settlement Class members.

- The Settlement represents an average recovery of $0.14 per share of ImmunityBio stock for the 75.41 million estimated shares that Lead Plaintiff alleges declined in value as a result of Defendants' alleged misconduct during the Settlement Class Period. This estimate solely reflects the average recovery per damaged share of ImmunityBio stock before the deductions outlined in the previous bullet-pointed paragraph of this section. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will be affected by the aggregate losses of all Settlement Class members, the date(s) you purchased and/or sold

ImmunityBio securities, and the total number of valid claims filed. See the "Plan of Allocation of Net Settlement Fund Among Settlement Class Members" section at the end of this Notice for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form (a "Proof of Claim") by _____, 2025.

- Co-Lead Counsel for the Settlement Class intends to ask the Court to award them fees in an amount not to exceed one third (33 and ⅓%) of the Settlement Amount and reimbursement of up to two hundred thousand dollars ($200,000) in out-of-pocket litigation expenses, plus interest earned on such fees and expenses. Since the Action's inception in June 2023, Co-Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a wholly contingent-fee basis (meaning that they have not yet been paid anything) and advanced the expenses of the litigation out of their own pockets in the expectation that, if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Co-Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award in an amount not to exceed fifteen thousand dollars ($15,000.00). Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiff are estimated to average $0.05 per damaged share of ImmunityBio stock. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after the deduction of attorneys' fees and expenses and award to Lead Plaintiff to be approved by the Court, is an average of $0.09 per damaged share of ImmunityBio stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on the purchase price and/or sales price for each relevant transaction and the number of valid Proofs of Claim filed.

- The Defendants are ImmunityBio and the Individual Defendants Richard Adcock ("Adcock"), David C. Sachs ("Sachs"), and Patrick Soon-Shiong ("Soon-Shiong"). Lead Plaintiff and Defendants are collectively referred to as the "Parties."

- Upon the Effective Date of the Settlement, any and all of Lead Plaintiff's Claims will be fully and unconditionally released as to Defendants and all of the other Released Defendant Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, any and all of Defendants' Claims will be fully and unconditionally released as against Lead Plaintiff and the other Released Lead Plaintiff Parties, including Co-Lead Counsel and all Settlement Class members.

- The Settlement resolves claims asserted in the Action concerning whether Defendants violated U.S. federal securities laws by allegedly issuing materially false and misleading statements. Defendants and Lead Plaintiff disagree on liability and damages. Defendants deny the lawsuit's allegations and all charges of wrongdoing, fault, or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged,

in the Action.  Defendants deny that Lead Plaintiff and other Settlement Class members suffered any damages attributable to Defendants' alleged wrongdoing.  Lead Plaintiff believes that his claims have merit and that, if he prevailed on all his claims and the Court accepted his theory of damages, he would have been able to collect a substantial amount of money, assuming that the full amount of the judgment was collectable.  The Parties disagree on how much money could have been won if Lead Plaintiff won at trial.

- Your legal rights will be affected whether you act or do not act.  If you do not act, you may permanently forfeit your right to recover on any claim you might have.  Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim and Release Forms must be received no later than _____, 2025. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this Action.  Requests for exclusion must be received no later than _____, 2025. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses or the compensatory award to Lead Plaintiff.  You still will be a member of the Settlement Class.  Objections must be received by the Court, Co-Lead Counsel, and Defendants' counsel by _____, 2025. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement on _____, 2025. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

## INQUIRIES

For further information regarding the Action or this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-853-4782 or visit the Settlement website at www.ImmunityBioSecuritiesSettlement.  You may also contact representatives of Co-Lead Counsel for the Settlement Class by contacting Jeremy Lieberman and Justin D. D'Aloia, Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100 and/or Corey D. Holzer, Holzer & Holzer, LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, (770) 392-0090.  **Please do not contact the Court, the Clerk of the Court, or Defendants regarding this Notice**.

EXHIBIT B-1

## BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased or acquired ImmunityBio (NASDAQ: IBRX) securities during the Settlement Class Period of March 10, 2021, and May 10, 2023, both dates inclusive.

The Court directed that this Notice be sent to Settlement Class members because they have a right to know about the proposed Settlement of this class action lawsuit and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | **What is this lawsuit about?** |
|---|---|

The Action is known as *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-01216 and is pending in the United States District Court for the Southern District of California. The Action has been overseen by the Honorable Gonzalo P. Curiel, United States District Court Judge.

This Action brings claims against Defendants for alleged violations of provisions of the Securities Exchange Act of 1934 (the "Exchange Act"). The First Amended Class Action Complaint ("FAC") alleges, among other things, that Defendants made misrepresentations and/or omissions of material fact in public statements regarding ImmunityBio's manufacturing capabilities, compliance with required current good manufacturing practices ("cGMP") promulgated by the U.S. Food and Drug Administration ("FDA"), and the FDA approval prospects for its lead product candidate, Anktiva. It further alleges that communications with the contract manufacturing organizations (each, a "CMO") that manufactured Anktiva for ImmunityBio, documentation received from the FDA, and mock inspections of a CMO alerted the Company to cGMP violations and the risk of non-approval or delay of the Biologics License Application it submitted to the FDA for Anktiva, yet Defendants did not adequately disclose this information. The FAC alleges that, among other things, this conduct was not known to investors until the FDA released a Complete Response Letter on May 11, 2023. The FAC further alleges that the revelation of Defendants' alleged fraud caused a statistically significant stock price decline, thereby injuring Lead Plaintiff and other Settlement Class members. Defendants have consistently denied, and continue to deny, each and every one of these allegations and deny they have committed any act or omission giving rise to any liability or violation of the law.

| 3. | **Why is this a class action?** |
|---|---|

Classes are generally used in lawsuits that affect a large number of individuals. A class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to seek recovery for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those class members, if any, who specifically choose to exclude themselves from the class.

As part of the Settlement approval process, Lead Plaintiff will ask the Court to certify a class for settlement purposes only. The proposed Settlement Class will consist of all persons who purchased or acquired ImmunityBio (NASDAQ: IBRX) securities between March 10, 2021, and May 10, 2023, both dates inclusive, except those expressly excluded. Excluded from the Settlement Class are Defendants; members of the immediate family of the Defendants; the subsidiaries and affiliates of any Defendants; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person or entity who is a partner, executive officer, director or controlling person of any of the Defendants; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Settlement Class are any Settlement Class members who or which submit a valid request for exclusion from the Settlement Class in accordance with the requirements established by the Court, outlined below.

| 4. | Why is there a settlement? |
|---|---|

This Action has not gone to trial, and the Court has not decided in favor of either side. Instead, legal counsel for all the parties participated in an all-day mediation before an experienced, neutral mediator and, after further negotiations, the Parties agreed to, and memorialized, the Settlement to avoid the costs and risks of further litigation.

Lead Plaintiff and Co-Lead Counsel believe that the Settlement is in the Settlement Class members' best interest and provides them with a substantial benefit now, instead of engaging in years of further uncertain and expensive litigation; likely discovery disputes; a contested motion for class certification; the Parties' competing motions for summary judgment; pre-trial evidentiary motions; and a lengthy trial; likely appeals; and attempts to enforce any judgment — much of which could result in the Settlement Class receiving no recovery at all. By settling the Action with the Defendants at this point, Lead Plaintiff is not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Amount had litigation continued. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Lead Plaintiff or the Settlement Class members that any of their claims lack merit; that any defenses asserted by any of the Defendants in the Action have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Amount.

Defendants have denied, and continue to deny, that they engaged in any wrongdoing of any kind, or that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or the other Settlement Class members, or that they have liability as a result of the allegations made and claims brought by Lead Plaintiff. Defendants maintain that they have meritorious defenses and believe they have would prevailed at any trial in this Action. Nonetheless, Defendants have concluded that further litigation of this Action would be protracted and expensive, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to fully and finally settle the Released Claims on the terms set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Parties

disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiff were to prevail on each claim alleged against the Defendants. Among their many other disagreements are: (1) whether the Defendants violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by Lead Plaintiff were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced ImmunityBio's stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of ImmunityBio stock suffered injury and damages that could be recovered at trial.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Settlement Class member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement Class includes all persons who purchased or acquired ImmunityBio (NASDAQ: IBRX) securities between March 10, 2021, and May 10, 2023, both dates inclusive, except for those expressly excluded from the Settlement Class as detailed in the following section.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. You are not a member of the Settlement Class if you did not purchase or acquire ImmunityBio securities on or between the dates listed above. If you purchased or acquired ImmunityBio securities some other time, or did not purchase or acquire it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are on the list of persons and entities that are specifically excluded from it, per question 3 above.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-853-4782 or by email at info@ImmunityBioSecuritiesSettlement.com for more information. Or you can fill out and return the Proof of Claim Form enclosed with this Notice package, with appropriate supporting documentation, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and release of the Lead Plaintiff's Claims (defined below) as well as dismissal of the Action, Defendants have agreed to pay, or cause to be paid, ten million five hundred thousand dollars ($10,500,000.00) to be divided, after payment of Court-approved attorneys' fees and expenses, the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice, any compensatory award granted to Lead Plaintiff, and Taxes and Tax Expenses (the "Net Settlement Fund"), *pro rata* among all Settlement Class members who send in a valid Proof of Claim Form.

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including the following: how many Settlement Class members submit timely and valid Proof of Claim Forms; the total Recognized Losses represented by the valid Proof of Claim Forms that the Settlement Class members send in; your Recognized Losses, based on the number of ImmunityBio shares you purchased during the Settlement Class Period, how much you paid for them, when you purchased them, and, if you sold them, when, and for how much, you sold them.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class members have sent in their Proof of Claim Forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses. See the Plan of Allocation below for more information.

**HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM**

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Proof of Claim Form, which [is enclosed with this Notice and] may be downloaded at www.ImmunityBioSecuritiesSettlement.com. Read the instructions carefully, fill out the Form completely, include all the documents that the Form asks for, sign it, and mail or submit it online so that it is received no later than _____, 2025.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Fairness Hearing on _____, 2025 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claim Forms to be processed, including the process of identifying and attempting to cure defects in Proof of Claim Forms that were submitted by Settlement Class members. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely exclude yourself from the Settlement Class, you will remain a Settlement Class member and will be bound by the Releases set forth in the Stipulation. That means you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the other Released Defendant Parties about Lead Plaintiff's Claims in this Action. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Defendants and the other Released Defendants' Parties. The terms of the Releases are included in the Proof of Claim Form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Defendants and the other Released Defendant Parties on your own about the legal issues that were litigated in this Action, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself from — sometimes referred to as "opting out" — of the Settlement Class. If you decide to exclude yourself from the Settlement Class, and wish to file your own individual lawsuit, Defendants may argue in the future that you face a time bar under applicable statutes of limitation or repose, risks that you should discuss with an appropriate legal advisor.

| 13. | How do I get out of the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class, you must send a letter by First-Class Mail (e-mail or phone call will not suffice) stating that you "request exclusion from the Settlement Class in *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-01216." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of ImmunityBio securities during the Settlement Class Period. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion no later than _____, 2025 to:

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239

**If you ask to be excluded, you will not get any payment**, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Defendants and the other Released Defendant Parties in connection with Lead Plaintiff's Claims. The meaning of Lead Plaintiff's Claims and claims that are excluded are included in the Proof of Claim Form that is enclosed, as well as in the Stipulation that is posted on the Claims Administrator's Settlement website. If you have a pending lawsuit against the Defendants or other Released Defendant Parties based on the Released Lead Plaintiff Parties' Claims, speak to your

lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is _____, 2025.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, you may not send in a Proof of Claim Form to ask for any money from this Settlement.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |

The Court ordered that the law firms of Pomerantz LLP and Holzer & Holzer, LLC shall represent the Settlement Class members, including you. These lawyers are referred to as Co-Lead Counsel. You will not be personally liable for the fees and expenses incurred by these lawyers, which will be paid from the Settlement Fund, as approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |

Co-Lead Counsel have litigated this Action since June 2023 on a wholly contingent basis, meaning that they have not been paid any attorneys' fees for the time devoted to the lawsuit, nor have they been reimbursed for their out-of-pocket expenses incurred in connection with litigating the Action during that time period. As such, as part of the Settlement approval process, Co-Lead Counsel will move the Court for an award of attorneys' fees in an amount not to exceed one third (33 and $\frac{1}{3}$%) of the Settlement Fund and for out-of-pocket expenses in an amount not to exceed two hundred thousand ($200,000) in connection with the litigation, plus interest earned on such fees and expenses. The Court will decide whether to grant this request, and, if it is granted, how much to award Co-Lead Counsel. Such sums as may be approved by the Court will be paid from the Settlement Fund.

Co-Lead Counsel will file one or more formal motions with the Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for a compensatory award to Lead Plaintiff no later than _____, 2025.

Co-Lead Counsel believes that the requested attorneys' fees are warranted in light of their efforts, on a wholly contingent basis, to investigate the underlying claims, to work with a private investigator and a damages consultant, to file an initial Complaint, to file a First Amended Class Action Complaint after continued investigation and their appointment as Co-Lead Counsel, to litigate and overcome Defendants' motion to dismiss, to secure key discovery from Defendants and respond to discovery requests from Defendants, to prepare a detailed meditation statement, to mediate the dispute for a full day before an experienced mediator and thereafter to negotiate the Settlement and work to memorialize it in a Confidential Term Sheet and then a detailed Stipulation with a proposed proof of claim form and proposed notices, and submit the Settlement to the Court for necessary approvals. Co-Lead Counsel's motion will argue that the requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type and are reasonable when compared against Co-Lead Counsel's actual time devoted to the

litigation of the Action at the applicable billing rates of Co-Lead Counsel's attorneys and paralegals. The Court determines what to award Co-Lead Counsel as fees and expenses from the Settlement Fund, and may award more or less than the amount requested, in its discretion.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class member, you can object to the proposed Settlement, the proposed Plan of Allocation, any proposed compensatory award to Lead Plaintiff, and/or Co-Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection. The Court will consider your views. To object, you must send a signed letter saying that you "object to the proposed Settlement in *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-01216." Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of ImmunityBio securities that you purchased or otherwise acquired and sold or otherwise disposed of during the Settlement Class Period, and state the reasons why you object to the proposed Settlement. If you object to either the Settlement, requested attorneys' fees or reimbursement of expenses, or Lead Plaintiff's compensatory award, you subject yourself to the jurisdiction of the Court in this matter, and Lead Plaintiff, acting through Co-Lead Counsel, will have the right to take your deposition prior to the Settlement Fairness Hearing. If you refuse to have your deposition testimony taken upon Lead Plaintiff's request, your objection will be deemed invalid. Your objection must be filed with the Court **and** mailed or delivered to **each** of the following addresses by no later than _____, 2025:

| COURT | CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court Southern District of California James M. Carter and Judith N. Keep United States Courthouse 333 West Broadway San Diego, CA 92101 | Jeremy Lieberman Justin D. D'Aloia **Pomerantz LLP** 600 Third Avenue 20th Floor New York, NY 10016<br><br>Corey D. Holzer Marshall Dees **Holzer & Holzer, LLC** 211 Perimeter Center Parkway, Suite 1010 Atlanta, GA 30346 | Gregory Watts **Wilson Sonsini Goodrich & Rosati, P.C.** 701 5th Ave. Suite 5100 Seattle, WA 9810 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to seek a payment from the Settlement Fund. If you exclude yourself, you have no basis to object because the case no longer affects you.

EXHIBIT B-1

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to do so.

| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing on _____, at _____ _.m., at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, in Courtroom 2D, for the following reasons: to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a proposed Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation for distributing Settlement proceeds to Settlement Class members should be approved; to determine the amount of fees, costs, and expenses that should be awarded to Co-Lead Counsel; to determine the amount of any compensatory award to Lead Plaintiff for his service to the Settlement Class; and to consider such other matters as the Court may deem appropriate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the Settlement Fairness Hearing.

At or after the Settlement Fairness Hearing, the Court will decide whether to approve the Settlement and whether to grant, and, if so, the amount, of any awards to Co-Lead Counsel and to Lead Plaintiff. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class members, though any revised dates or times will be promptly posted to the Claims Administrator's Settlement website. The Court may also choose to hold the Settlement Hearing additionally or exclusively by teleconference or over the Court's virtual (Zoom) service.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Co-Lead Counsel will answer questions the Court may have and has extensive experience handling settlement-related hearings of this nature. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "intention to appear in *In re ImmunityBio, Inc. Securities Litigation*, Case No. 23-cv-01216." Persons who intend to object to the Settlement, the Plan of Allocation, any proposed compensatory award, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written

objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, all of your claims against the Defendants and the other Released Defendant Parties will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim Form, with appropriate supporting documentation, to share in the Settlement proceeds.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|-----|-------------------------------------------------------|

This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice.  You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-853-4782 or by downloading it from the Claims Administrator's Settlement website at www.ImmunityBioSecuritiesSettlement.com.

| 25. | How do I get more information? |
|-----|-------------------------------|

For even more detailed information concerning the matters involved in this Action, reference is made to the Stipulation, to the filings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Action, which will be posted on the settlement website at www.ImmunityBioSecuritiesSettlement.com .

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of ImmunityBio common stock purchased or acquired during the Settlement Class Period.  The calculation of Recognized Loss will depend upon several factors, including when shares of ImmunityBio common stock were purchased or acquired during the Settlement Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class member might have been able to recover after a trial,

nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the prices of ImmunityBio securities were artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the prices of ImmunityBio stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the prices of ImmunityBio stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiff. As reflected in Table 1, the first such alleged misrepresentation was made on March 10, 2021, thus there was no price inflation in ImmunityBio stock on March 9, 2021 or earlier. Moreover, the last alleged corrective disclosure or event occurred on May 11, 2023, thus all alleged price inflation is alleged to have been removed from ImmunityBio's stock that day.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, ImmunityBio common stock purchased or acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected a misleading statement or omission allegedly made by Defendants. Lead Plaintiff and Co-Lead Counsel have determined that such a price decline occurred on May 11, 2023 (the "Corrective Disclosure Date"). Accordingly, if a share ImmunityBio common stock was sold before May 11, 2023 (*i.e.*, the Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1: Artificial Inflation in ImmunityBio Stock[1] | | |
|---|---|---|
| From | To | Per-Share Price Inflation |
| March 10, 2021 | May 10, 2023 | $3.38 |
| May 11, 2023 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for ImmunityBio stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on ImmunityBio stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on ImmunityBio stock

---

[1]    Any transactions in ImmunityBio stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

### Calculation of Recognized Loss Per Share of ImmunityBio Stock

The Recognized Loss for each share of ImmunityBio common stock that was purchased or acquired during the Settlement Class Period (*i.e.*, between March 10, 2021, and May 10, 2023, both dates inclusive) shall be calculated as follows:

    i.    For each share of ImmunityBio stock purchased during the Settlement Class Period that was subsequently sold prior to May 11, 2023, the Recognized Loss per share is $0.

    ii.    For each share of ImmunityBio stock purchased during the Settlement Class Period that was subsequently sold during the period May 11, 2023 through August 8, 2023, inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is the *lesser* of:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iii.    For each share of ImmunityBio stock purchased during the Settlement Class Period and still held as of the close of trading on August 8, 2023, the Recognized Loss per share is the *lesser* of:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

        b.    the purchase price *minus* the average closing price for ImmunityBio stock during the 90-Day Lookback Period, which is $2.68.

| Table 2: Average Closing Price of ImmuntyBio Common Stock (90-Day Look-Back) | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| May 11, 2023 | $2.79 | June 12, 2023 | $2.84 | July 13, 2023 | $2.78 |
| May 12, 2023 | $2.54 | June 13, 2023 | $2.84 | July 14, 2023 | $2.78 |
| May 15, 2023 | $2.76 | June 14, 2023 | $2.84 | July 17, 2023 | $2.79 |
| May 16, 2023 | $2.90 | June 15, 2023 | $2.84 | July 18, 2023 | $2.79 |
| May 17, 2023 | $2.97 | June 16, 2023 | $2.84 | July 19, 2023 | $2.80 |

EXHIBIT B-1

| May 18, 2023 | $2.94 | June 20, 2023 | $2.84 | July 20, 2023 | $2.80 |
| May 19, 2023 | $2.94 | June 21, 2023 | $2.84 | July 21, 2023 | $2.80 |
| May 22, 2023 | $2.93 | June 22, 2023 | $2.84 | July 24, 2023 | $2.80 |
| May 23, 2023 | $2.91 | June 23, 2023 | $2.83 | July 25, 2023 | $2.80 |
| May 24, 2023 | $2.88 | June 26, 2023 | $2.83 | July 26, 2023 | $2.79 |
| May 25, 2023 | $2.83 | June 27, 2023 | $2.82 | July 27, 2023 | $2.78 |
| May 26, 2023 | $2.81 | June 28, 2023 | $2.81 | July 28, 2023 | $2.77 |
| May 30, 2023 | $2.78 | June 29, 2023 | $2.81 | July 31, 2023 | $2.76 |
| May 31, 2023 | $2.78 | June 30, 2023 | $2.81 | August 1, 2023 | $2.75 |
| June 1, 2023 | $2.79 | July 3, 2023 | $2.81 | August 2, 2023 | $2.73 |
| June 2, 2023 | $2.79 | July 5, 2023 | $2.81 | August 3, 2023 | $2.72 |
| June 5, 2023 | $2.79 | July 6, 2023 | $2.80 | August 4, 2023 | $2.71 |
| June 6, 2023 | $2.82 | July 7, 2023 | $2.80 | August 7, 2023 | $2.70 |
| June 7, 2023 | $2.83 | July 10, 2023 | $2.80 | August 8, 2023 | $2.68 |
| June 8, 2023 | $2.84 | July 11, 2023 | $2.79 | | |
| June 9, 2023 | $2.84 | July 12, 2023 | $2.79 | | |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim Forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of ImmunityBio stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

If a Settlement Class member acquired ImmunityBio stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that ImmunityBio shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of ImmunityBio stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of ImmunityBio stock.

In the event a Settlement Class member has more than one acquisition or sale of ImmunityBio securities, the first-in-first-out ("FIFO") basis will be applied to such purchases and sales. Sales will be matched in chronological order, by trade date, first against ImmunityBio stock held as of

the close of trading on March 9, 2021 (the last day before the Settlement Class Period begins) and then against the purchase of ImmunityBio stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in ImmunityBio stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to ImmunityBio stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of ImmunityBio stock on the date of exercise. Any Recognized Loss arising from purchases of ImmunityBio stock acquired during the Settlement Class Period through the exercise of an option on ImmunityBio stock[2] shall be computed as provided for other purchases of ImmunityBio stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class members who do not submit an acceptable Proof of Claim Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the proposed Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim Form.

Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Co-Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[2]    The "exercise of an option" as used in this sentence includes: (1) purchases of ImmunityBio stock as the result of the exercise of a call option, and (2) purchases of ImmunityBio stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

EXHIBIT B-1

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased ImmunityBio securities during the Settlement Class Period, including ImmunityBio common stock (CUSIP: 45256X103) (NASDAQ: IBRX), for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such common shares during such time period, or (b) request additional copies of this Notice and the Proof of Claim Form, which will be provided to you free of charge, and within ten (10) days of receipt mail them directly to the beneficial owners of the common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses of the addressees for any future mailings to Settlement Class members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, up to $0.73 per notice mailed or $0.15 per name and address provided to Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of the Court with respect to any dispute concerning such reimbursement. These expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239
info@ImmunityBioSecuritiesSettlement.com

EXHIBIT B-1

Dated: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT B-2

EXHIBIT B-2

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | No. 3:23-cv-01216-GPC-VET |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## NOTICE OF PENDENCY OF CLASS ACTION

**PLEASE READ THIS NOTICE CAREFULLY.
IF YOU PURCHASED OR OTHERWISE ACQUIRED THE STOCK OF
IMMUNITYBIO, INC. ("IMMUNITYBIO") (NASDAQ: IBRX) BETWEEN
MARCH 10, 2021 AND MAY 10, 2023, BOTH DATES INCLUSIVE, YOUR
RIGHTS MAY BE AFFECTED BY THIS CASE.**

**YOU ARE HEREBY NOTIFIED** that a proposed settlement (the "Settlement") has been reached in the above-captioned action (the "Action"). A hearing will be held on _____, 2025, at __:__, before the Honorable Gonzalo P. Curiel, United States District Judge of the United States District Court for the Southern District of California, at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, in Courtroom 2D.

The purpose of the hearing is to determine, among other things: (1) whether the proposed Settlement of the Action against the Defendants ImmunityBio and the Individual Defendants Richard Adcock ("Adcock"), David C. Sachs ("Sachs"), and Patrick Soon-Shiong ("Soon-Shiong") for total gross settlement consideration of ten million five hundred thousand dollars ($10,500,000.00) (the "Settlement Amount") should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable and should be approved; (3) whether Co-Lead Counsel's application for an award of attorneys' fees in an amount not to exceed one third (33 and 1/3%) of the gross Settlement Amount, to be paid from the Settlement Fund, should be granted; (4) whether Lead Plaintiff's application for reimbursement of expenses and a compensatory award in an amount not to exceed fifteen thousand dollars ($15,000.00), to be paid from the Settlement Fund, should be granted; and (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement, dated January 28, 2025 (the "Stipulation"), and filed with the Court on January 28, 2025.

## Why Am I Receiving this Notice?

This Notice is issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"), entered on _____, 2025.  The Court has certified a class of certain investors for settlement purposes only (the "Settlement Class").  You are receiving this Notice because you may be a member of the Settlement Class (a "Settlement Class member").  If you are a Settlement Class member, your rights will be affected by the proposed Settlement.  The purpose of this Notice is to inform you of: (a) the existence of the Action; (b) the potential certification of the Settlement Class for purposes of the Settlement; and (c) your right to be excluded from the Settlement Class.  If you do not fall within the Settlement Class described below, this Notice does not apply to you.

## Who Is a Class Member?

The proposed Settlement Class will consist of all persons who purchased or acquired ImmunityBio, Inc. (NASDAQ: IBRX) securities from March 10, 2021, to May 10, 2023, both dates inclusive (the "Settlement Class Period") and were damaged thereby.  The Settlement Class excludes the Defendants; members of the immediate family of the Defendants; the subsidiaries and affiliates of any Defendants; any entity in which any Defendant had a controlling interest during the Settlement Class Period; any person or entity who is a partner, executive officer, director or controlling person of any of the Defendants; any entity in which any Defendant has a controlling interest; the legal representatives, heirs, successors and assigns of any such excluded party. Additional details are listed within the long-form Notice, which can be obtained as described below.

## Overview And Status Of The Class Action, Co-Lead Counsel

The case has been litigated since June 30, 2023.  Lead Plaintiff alleges that, in violation of the U.S. federal securities laws, Defendants made material misrepresentations and omissions, with scienter, concerning ImmunityBio's compliance with current good manufacturing practices ("cGMP"), its manufacturing capabilities, and the approval prospects for its lead product candidate, Anktiva, causing ImmunityBio's stock price to be inflated during the Settlement Class Period.  Lead Plaintiff further alleges that revelation of Defendants' fraud caused a statistically significant stock price decline, thereby injuring Lead Plaintiff and the Settlement Class of investors.  Defendants have denied and continue to deny these allegations and deny that they committed any act or omission giving rise to any liability or violation of the law.  Lead Plaintiff and the Settlement Class are represented by Co-Lead Counsel in the Class Action: Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100 and/or Corey D. Holzer, Holzer & Holzer, LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, (770) 392-0090.

## How You Can Learn More About Your Rights

If you purchased or otherwise acquired ImmunityBio securities during the Settlement Class Period, your rights may be affected by the Action and the proposed Settlement.  You may obtain a copy of the Stipulation; the detailed long-form Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice"); and the Proof of Claim and Release Form (the "Proof of Claim") free of charge from the Claims Administrator.

**The Notice, Stipulation of Settlement, and Proof of Claim form can be accessed and downloaded online from the Settlement website at www.ImmunityBioSecuritiesSettlement.com.**

## How You Can Exercise Your Rights

If you are a member of the Settlement Class and wish to share in the Settlement proceeds, you must submit a valid Proof of Claim, with supporting documentation, no later than _____, 2025, establishing that you are entitled to recovery.

You will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the long-form Notice, by no later than _____, 2025. If you decide to exclude yourself from the Settlement Class and wish to file your own individual lawsuit based on Lead Plaintiff's Claims, Defendants in the future may argue that you face a time bar under applicable statutes of limitation or repose, risks that you should discuss with an appropriate legal advisor.

If you do not exclude yourself, you can object to the Settlement, the Plan of Allocation, Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or Lead Plaintiff's request for a compensatory award in the manner and form explained in the long-form Notice. Any such objections must be filed and served, in accordance with the procedures set forth in the long-form Notice, by no later than _____, 2025.

## The Claims Administrator

The Claims Administrator hired by Co-Lead Counsel to administer the Settlement is Epiq Class Action & Claims Solutions, Inc.. If you are unable to download the Stipulation, long-form Notice, and Proof of Claim via the Claims Administrator's website, as described above, you may contact the Claims Administrator to obtain copies.

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239
info@ImmunityBioSecuritiesSettlement.com

## Notice To Banks, Brokers And Other Nominees

The Court has ordered that, if, for the beneficial interest of any other person, you held any ImmunityBio stock that was purchased or acquired during the Settlement Class Period, then, within ten (10) days after you receive this summary Notice, you must either:

(A) provide a list of the names and addresses of such beneficial owners to the Claims Administrator, preferably in an MS Excel data file, or printed on physical mailing labels; or

(B) request sufficient copies of this summary Notice to send copies to all such beneficial owners, send such Notices by first class mail within ten (10) days after receipt of such copies, and confirm in writing to the Claims Administrator that such summary Notice has been sent. If you elect this option, you must also retain your mailing records for use in connection with any further notices that may be provided in this Class Action.

Under either option, upon full and timely compliance and submission of appropriate documentation to the Claims Administrator, per the contact information set forth above, you may obtain reimbursement for the

actual administrative costs reasonably incurred in complying with the obligations above, up to $0.73 per notice mailed or $0.15 per name and address provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such summary Notice, and subject to further order of the Court with respect to any dispute concerning such reimbursement.

---

**Please Retain Your Records And Keep Your Address Current**

---

Settlement Class members seeking payment pursuant to the Settlement will be required to document their trades in ImmunityBio securities during the Settlement Class Period. *For this reason, please be sure to keep all records of your transactions in these securities.*

To ensure you receive any further notices, please inform the Claims Administrator of any address change. If this Notice was not sent to your current address, please provide it to the Claims Administrator now.

Dated: _____, 2025               By Order of the Court
                                       United States District Court, Southern District of California

**PLEASE NOTE: INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | No. 3:23-cv-01216-GPC-VET |
| THIS DOCUMENT RELATES TO: ALL ACTIONS |  |

<u>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**</u>

**TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED IMMUNITYBIO, INC. ("IMMUNITYBIO") (NASDAQ: IBRX) SECURITIES BETWEEN MARCH 10, 2021 AND MAY 10, 2023, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California (the "Court"), that a hearing will be held on _____, 2025, at __:__. before the Honorable Gonzalo P. Curiel, United States District Judge of the United States District Court for the Southern District of California, at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California 92101 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration in the amount of ten million five hundred thousand dollars ($10,500,000.00) should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Allocation for distributing the proceeds from the proposed Settlement is fair and reasonable, and should be approved; (3) whether Co-Lead Counsel's application for an award of attorneys' fees, and reimbursement of out-of-pocket expenses plus interest, and a compensatory award for Lead Plaintiff, all to be paid from the Settlement Fund, should be granted, and, if so, in what amount; and (4) whether the proposed Judgment should be entered and this Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated January 28, 2025 (the "Stipulation") filed with the Court.

The proposed Settlement was reached on behalf of all persons who purchased or acquired ImmunityBio, Inc. (NASDAQ: IBRX) securities from March 10, 2021, to May 10, 2023, both dates inclusive (the "Settlement Class Period") and were damaged thereby (the "Settlement Class"). The Settlement Class excludes the Defendants; members of the immediate family of the Defendants; the subsidiaries and affiliates of any Defendants; any person or entity who is a partner,

executive officer, director or controlling person of the Defendants; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded party.

The case has been litigated since June 30, 2023. Lead Plaintiff alleges that, in violation of the U.S. federal securities laws, Defendants made material misrepresentations and/or omissions of material fact in public statements to the investing public regarding ImmunityBio's compliance with current good manufacturing practices ("cGMP"), its manufacturing capabilities, and approval prospects for its lead product candidate, Anktiva. Defendants have denied and continue to deny these allegations and that they committed any act or omission giving rise to any liability or violation of the law. The Settlement will resolve the Action and the Released Claims as to the Defendants and the other Released Parties. Lead Plaintiff and the Settlement Class are represented by Co-Lead Counsel who may be reached by contacting: Jeremy Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100 and/or Corey D. Holzer, Holzer & Holzer, LLC, 211 Perimeter Center Parkway, Suite 1010, Atlanta, GA 30346, (770) 392-0090.

If you purchased or acquired ImmunityBio stock during the Settlement Class Period, your rights may be affected by the proposed Settlement of this Action. To share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form no later than _____, 2025. Unless you submit a written exclusion request, you will be bound by any Judgment rendered in the Action whether or not you submit a Proof of Claim and Release Form.

If you want to be excluded from the Settlement Class, you must submit a request for exclusion no later than _____, 2025. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any Judgment entered in the Action pursuant to the Settlement.

If you are a Settlement Class member, and do not exclude yourself, you have the right to object to the Settlement, Plan of Allocation, or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses or compensatory award to Lead Plaintiff. Any objection must be filed with the Court and sent to counsel for the Parties no later than _____, 2025.

If you have not received a more-detailed, long-form Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release Form, you may obtain copies of these documents and the Stipulation by downloading them online at: www.ImmunityBioSecuritiesSettlement.com. If you are unable to do so, you may contact the Claims Administrator to obtain copies:

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239
info@ImmunityBioSecuritiesSettlement.com

Any questions regarding the Settlement should be directed to Co-Lead Counsel for the Settlement Class. **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____        BY ORDER OF THE COURT
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

---

No. 3:23-cv-01216-GPC-VET

IN RE IMMUNITYBIO, INC. SECURITIES
LITIGATION

---

THIS DOCUMENT RELATES TO:
ALL ACTIONS

---

**PROOF OF CLAIM AND RELEASE FORM**

**A. GENERAL INSTRUCTIONS & INFORMATION**

    1.    You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expense, and Settlement Fairness Hearing (the "Notice"). Unless otherwise defined herein, all capitalized terms have the meaning set forth in the accompanying Stipulation of Settlement, dated January 28, 2025 (the "Stipulation").

    2.    To recover as a Settlement Class member under the proposed Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

    **3.    You must submit your completed and signed Proof of Claim, accompanied by copies of the supporting documents specified herein, on or before _____, 2025, addressed to the Claims Administrator as follows:**

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239
info@ImmunityBioSecuritiesSettlement.com

    4.    If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action, whether or not you submit a Proof of Claim.

    5.    If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

    6.    **For help completing this Proof of Claim, please contact the Claims Administrator.**

**B. INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM**

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice. Please refer to the Plan of Allocation set forth in the**

E96

{00647951;1 }

**accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.  To be eligible to participate in the distribution of the Net Settlement Fund, you must have purchased or acquired ImmunityBio (NASDAQ: IBRX) securities between March 10, 2021 and May 10, 2023, both dates inclusive (the "Settlement Class Period") and not otherwise excluded from the Settlement Class. Excluded from the Settlement Class are the Defendants; members of the immediate family of the Defendants; the subsidiaries and affiliates of any Defendants; any person or entity who is a partner, executive officer, director or controlling person of the Defendants; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any such excluded party.

2.  The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.  All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of ImmunityBio securities. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and this Proof of Claim to their present or former customers who were such beneficial owners). If the ImmunityBio stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.  Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.  You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account. Joint tenants, co-owners, or custodians for a Uniform Gifts to Minors Account ("UGMA") should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.  The date of purchase and/or sale of shares of ImmunityBio stock is the "trade" date and not the "settlement" date.

7.  Exercise of option contracts will be considered to be purchases or sales of stock. Option premiums will be incorporated into the purchase/sale price of the common stock accordingly.

8.  The date of covering a "short sale" is deemed to be the date of purchase of ImmunityBio stock; and the date of a "share sale" is deemed to be the date of sale of ImmunityBio stock.

9.  No cash payment will be made on a claim where the potential distribution is less than ten dollars ($10.00).

10. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in ImmunityBio stock for your claim to be valid. If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement website at: www.ImmunityBioSecuritiesSettlement. Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

11. If your trading activity during the Settlement Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Claims Administrator by phone: 1-888-853-4782; by email: info@ImmunityBioSecuritiesSettlement.com; or via

E97

the Settlement website at: www.ImmunityBioSecuritiesSettlement.com.

12. If you have questions or need additional Proofs of Claim, contact the Claims Administrator via the information in the preceding paragraph.  You may make photocopies of this form.

{00647951;1 }

*In re ImmunityBio, Inc. Securities Litigation*

## PROOF OF CLAIM

***The Claims Administrator must receive this form no later than _____, 2025.***

## C. **CLAIMANT IDENTIFICATION** *(Please Type or Print)*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____    _____    _____
City                                                               State                        Zip Code

_____    _____
Foreign Province / Country                                Social Security or Taxpayer Identification Number

Specify <u>one</u> of the following:

□ Individual(s)          □ Corporation          □ UGMA Custodian          □ IRA

□ Partnership          □ Estate          □ Trust          □ Other: _____

_____    _____ (Day) _____    _____ (Evening)
Area Code        Telephone Number                          Area Code        Telephone Number

_____    _____
Facsimile Number                                          E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

_____

E99

## D. <u>SCHEDULE OF TRANSACTIONS IN IMMUNITYBIO STOCK</u>

_____    _____
Name                                                                Social Security or Taxpayer Identification Number

1. State the total number of ImmunityBio shares owned at the start of trading on March 10, 2021, long or short *(if none, enter "0"; if other than zero, must be documented)*:

2. Separately list each and every **purchase** of ImmunityBio stock during the period March 10, 2021 **through** August 8, 2023, inclusive, and provide the following information *(must be documented)*:

| Purchase Date *(list chronologically)* Month/Day/Year | Number of Securities Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

3. Separately list each and every **sale** of ImmunityBio stock during the period March 10, 2021 **through** August 8, 2023, inclusive, and provide the following information *(must be documented)*:

| Sale Date *(list chronologically)* Month/Day/Year | Number of Securities Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

4. State the total number of ImmunityBio shares owned at the close of trading on May 10, 2023, and August 8, 2023, long or short *(if none, enter "0"; if other than zero, must be documented)*:

E100

{00647951;1 }

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION
OR THE W-8 CERTIFICATION BELOW**

## E. SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim Form and Release, I/we, and every Settlement Class member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of California for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

## F. RELEASE

1.      By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant") on behalf of himself/herself/itself, his/her/its respective heirs, executors, administrators, predecessors, successors, and assigns, fully and unconditionally hereby releases and forever discharges (a) Defendant ImmunityBio, Inc.; (b) Defendant Richard Adcock; (c) Defendant David C. Sachs; (d) Defendant Patrick Soon-Shiong; (e) each of their respective immediate family members (for individuals) and any trust of which any individual defendant is the settler or which is for the benefit of any defendant and/or member(s) of his family; and (f) for any of the entities listed above, their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers, reinsurers, trustees, trustors, agents, attorneys, professionals, parents, subsidiaries, related entities, affiliates, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such, and any entity in which a Defendant has a controlling interest, from any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that were asserted in the Action or could have been asserted by Lead Plaintiff or any other member of the Settlement Class (and their related parties as to be defined) in the Action or any other court or forum, that arise out of, are based upon, and relate to: (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action; or (b) the purchase or other acquisition of ImmunityBio stock during the Class Period. The Released Lead Plaintiff Parties' Claims exclude: (i) claims to enforce the settlement or the Stipulation; (ii) claims of any Settlement Class member who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; and (iii) derivative claims asserted by shareholders on behalf of ImmunityBio in a related shareholder derivative lawsuit, captioned *Van Luven v. Soon-Shiong, et al.,* No. 24-CV-2014 (S.D. Cal.).

2.      Conversely, Defendants and the other Released Defendant Parties, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, hereby fully and unconditionally release as against the Released Lead Plaintiff Parties any and all claims, demands, rights, liabilities, and causes of action of every nature and description, whether known or unknown, contingent or

E101

absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, whether direct, representative, class, or individual in nature, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law (including without limitation any claims under Fed. R. Civ. P. 11), that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to enforcement of the settlement or this Stipulation, or any claims against any Settlement Class member who submits a valid request for exclusion from the Settlement Class that is accepted by the Court (i.e. the "Released Defendant Parties' Claims").

## G. **REPRESENTATIONS**

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Action, a member of the immediate family of any of the Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Settlement Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release Form.

I/We hereby warrant and represent that I/we have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part thereof.

## H. **CERTIFICATION**

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired the ImmunityBio securities listed in the above Schedule during the period between March 10, 2021 and May 10, 2023, both dates inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 2025  in:

_____
(City)                                    (State/Country)


_____          _____
Signature of Claimant                     Signature of Joint Claimant, if any


_____          _____
(Print your name here)                    (Print your name here)


_____
Signature of Person signing on behalf of
Claimant


_____

E102

{00647951;1 }

_____

(Print your name here)


_____

Capacity of person signing on behalf of Claimant, if other than an individual, (Executor, President, Custodian, etc.)



**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____

Name of U.S. Business

_____

Address of U.S. Business

_____          _____

Type of Business                                              Tax Identification Number

   **W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.


   Signature(s) _____          Date: _____

                    _____          Date: _____

_____


**THIS SPACE INTENTIONALLY LEFT BLANK**


E103

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Remember to sign the above Release and Certification (or W-8 Certification).

2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Settlement website at www.ImmunityBioSecuritiesSettlement.com.

3.  Do not send originals of stock certificates.

4.  Keep copies of the completed claim form and documentation for your own records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it by Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6.  If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:

ImmunityBio Securities Settlement
c/o Epiq
P.O. Box 2239
Portland, Oregon 97208-2239
info@ImmunityBioSecuritiesSettlement.com

E104

{00647951;1 }

# EXHIBIT E

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

No. 3:23-cv-01216-GPC-VET

**ORDER AND FINAL JUDGMENT**

| | |
|---|---|
| IN RE IMMUNITYBIO, INC. SECURITIES LITIGATION | |
| | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

{00647955;1 }

On the ____ day of _____, 2025, a hearing was held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation of Settlement, dated January 28, 2025, and filed with the Court on January 28, 2025 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiff and the Settlement Class against ImmunityBio, Inc. ("ImmunityBio"), Richard Adcock ("Adcock"), David C. Sachs ("Sachs"), and Patrick Soon-Shiong ("Soon-Shiong") (collectively, the "Defendants") as a settlement of this litigation (the "Settlement"); (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class members; (3) whether to approve Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (4) whether to approve Lead Plaintiff's application for a compensatory award to be paid from the Settlement Fund.

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice, entered on _____, 2025 (the "Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing that the Stipulation, all forms of the Notice, and the Proof of Claim were posted on the Settlement website maintained by the Claims Administrator;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Incorporation of Settlement Documents**.  This Order and Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement

Fairness Hearing, filed with the Court on January 28, 2025 (the "Notice"). Unless otherwise defined, capitalized terms used herein have the same meaning as set forth in the Stipulation.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class members, and the Defendants.

3. **Final Certification of a Settlement Class**. The Court hereby affirms its determinations in the Preliminary Approval Order to certify, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all persons who purchased or acquired, ImmunityBio, Inc. securities from March 10, 2021 to May 10, 2023, inclusive (the "Settlement Class Period"), and were damaged thereby, except those expressly excluded therefrom. Excluded from the Settlement Class are Defendants; members of the immediate families of the Defendants; the subsidiaries and affiliates of any Defendants; any Person or entity who is a partner, executive officer, director or controlling person of any of the Defendants; any entity in which any Defendant has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person. [Also excluded from the Settlement Class are those persons or entities who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order set forth in Exhibit 1 hereto].

4. **Appointment of Settlement Class Representatives**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order appointing Lead Plaintiff as Class Representative for the Settlement Class and Co-Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

5. **Notice**. The Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions (a) were carried out in

E108

accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of (i) the pendency of the Action, (ii) the proposed Settlement, including the Releases to be provided thereunder and the Plan of Allocation, (iii) Co-Lead Counsel's Fee and Expense Application, (iv) the right to object to any aspect of the Settlement, (v) the right to be excluded from the Settlement Class, and (vi) the right to appear at the Settlement Fairness Hearing; and (d) met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

6.    **Final Settlement Approval**.  Pursuant to, and in accordance with, Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement Consideration and the Releases provided for therein), and finds that the Settlement, as a whole, is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  The Court further finds that there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's length negotiations among competent, able counsel representing the Parties' interests; and the record is sufficiently developed and complete to have enabled the Lead Plaintiff, Co-Lead Counsel, Defendants, and their counsel to have adequately evaluated and considered their positions before deciding to settle.  The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.    **Dismissal of Claims**.  The Action and all claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class members are hereby DISMISSED WITH PREJUDICE.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect**.  The terms of the Stipulation and this Order and Final Judgment shall be forever binding on the Parties and all Settlement Class members,

regardless of whether or not any such Settlement Class member received a copy of the Notice, submitted a Proof of Claim, or obtains a distribution from the Net Settlement Fund.

9.    **Releases**.  The Releases set forth in paragraphs 5.1 and 5.2 of the Stipulation, together with the definitions contained therein, are expressly adopted and approved in all respects.  Accordingly, the Court hereby ORDERS that:

(a)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and all Settlement Class members on behalf of themselves and their respective heirs, executors, administrators, predecessors successors, and assigns, shall be deemed to, and by operation of law and of the judgment shall, fully and unconditionally release, resolve, relinquish, waive, and discharge any and all of Lead Plaintiff's Claims as against Defendants and other Released Defendant Parties.  Lead Plaintiff and the Settlement Class members shall be, and hereby are, permanently and forever enjoined from prosecuting any and all of Lead Plaintiff's Claims against the Released Defendant Parties .

(b)    Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns,  shall be deemed to, and by operation of law and of the judgment shall, fully and unconditionally release, resolve, relinquish, waive, and discharge any and all of Defendants' Claims as against Lead Plaintiff and the other Released Lead Plaintiff Parties.  Defendants and other Released Defendant Parties shall be, and hereby are, permanently and forever enjoined from prosecuting any and all of Defendants' Claims as against the Released Lead Plaintiff Parties.

10.    Notwithstanding paragraph 9 above, nothing in this Order and Final Judgment shall var any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

11.    **Approval of Plan of Allocation**.  The Court hereby finds that the proposed

Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class members.

12.  **Award of Attorney Fees and Expenses**.  Co-Lead Counsel are awarded attorneys' fees in the amount of $_____, and expenses in the amount of $_____, plus interest earned thereon, for the same time period and at the same rate as that earned on the Settlement Fund until paid, such amounts to be paid from the Settlement Fund upon entry of this Order and Final Judgment.  The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the difficulty of the case, the skill required to prosecute the claims asserted, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class.  In the event that this Order does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Co-Lead Counsel shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the Settlement Fund the Fee and Expense Award paid to Co-Lead Counsel.

13.  **Compensatory Award to Lead Plaintiff**.  Lead Plaintiff is awarded the sum of $_____, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), plus interest earned thereon, for the same time period and at the same rate as that earned on the Settlement Fund until paid, such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

14.  **Rule 11 Findings**.  The Court finds that all Parties and their counsel have complied in all respects with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

15.  **No Admission**.  Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the Exhibits thereto), the Term Sheet, nor any of the negotiations, documents, or proceedings connected with them shall be deemed to be,

E111

or offered or received:

      (a)    Against any of the Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or other Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or the Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing or liability by any of the Defendants or other Released Defendant Parties in connection with the Action;

      (b)    Against any of the Defendants, the Lead Plaintiff, any Settlement Class member, or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against any of them in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, provided, however, that if the Stipulation is approved by the Court, the Defendants, the Lead Plaintiff, any Settlement Class member, and the other Released Parties may refer to it to effectuate the liability protection granted to them hereunder;

      (c)    Against any of the Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

      (d)    Against the Lead Plaintiff, Released Lead Plaintiff Parties, including any Settlement Class member, as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Settlement Class member that any of their claims are without merit, or that any defenses asserted by the Defendants in the Action have any merit, or that damages recoverable in the

E112

Action would not have exceeded the Settlement Amount; or

(e)    Against the Lead Plaintiff or any Released Lead Plaintiff Parties, including any Settlement Class member or Co-Lead Counsel, as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiff in the FAC or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

16.    Notwithstanding the foregoing Paragraph 15, the Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Proof of Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17.    **Retention of Jurisdiction**.  Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class members.

18.    **Reasonable Modifications**.  Without further order of the Court, the Parties may agree to such amendments or modifications of the Stipulation or the Settlement that are not materially inconsistent with this Order and Final Judgment and do not materially limit the rights of Settlement Class members in connection with the Settlement, including reasonable extensions of time to carry out any of the provisions of the Settlement.

19.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed

E113

pursuant to Fed. R. Civ. P. 54(b).

20.    **Termination of Settlement**.  In the event that the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment, shall be rendered null and void of no further force or effect, except as otherwise provided in the Stipulation, and all Parties shall revert *nunc pro tunc* to their respective status prior to the execution of the Term Sheet, and all Parties shall proceed in all respects as if the Term Sheet and the Stipulation had not been executed and the Preliminary Approval Order and this Order and Final Judgment had not been entered.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

IT IS SO ORDERED.


Dated: _____, 2025                    _____

                                            Hon.