# STEPHEN M. GELBER

4389 Aukai Avenue
Honolulu, Hawaii 96816

electronic mail: sgelber@westegginvestmentsllc.com
Telephone: (808) 352-3234

October 24, 2025



Clerk of the Court
United States District Court
Southern District of California
James M. Carter and Judith N. Keeps
   United States Courthouse
333 West Broadway
San Diego, CA 92101

In Re ImmunityBio, Inc. Securities Litigation
No. 3:23-cv-01216-GPC-VET
**Formal Request for Court Review of Claim**

To The Court:

I write, as a member of the class in the above-referenced securities litigation, to advise the Court that the "Notice of Pendency of Class Action" that I (and others similarly situated) received in this case incorrectly sets forth and, as a consequence, misrepresents the terms under which individual investors are entitled to relief pursuant to the terms of the proposed settlement.

The Notice of Pendency of Class Action, which I understand was sent to individual/non-institutional investors such as myself, simply states that, in order to qualify for relief under the settlement agreement, "you must have purchased or acquired ImmunityBio (NASDAQ: IBRX) securities between March 10, 2021 and May 10, 2023." (A copy of the Notice of Pendency of Class Action (the "Notice") as received by me in the mail is attached as Exhibit "A" hereto.) Based on the Notice, I submitted a Proof of Claim and Release Form (a copy of which is attached as Exhibit "B" hereto) showing that I purchased or acquired ImmunityBio shares between the specified dates. I thereafter received a Notice of Incomplete Proof of Claim Submission (a copy of which is attached as Exhibit "C" hereto), stating that my claim did "not calculate a Recognized Loss". In response, on September 17, 2025, I sent a letter (misdated on the first page), and labeled as a "Formal Request for Court Review of Claim", detailing and calculating the extent of the loss. (A copy of my response of September 17, 2025, labeled "Formal Request for Court Review of Claim" is attached as Exhibit "D" hereto.)   I thereafter received a series of phone calls from Susanna Webb, who advised me that she worked for "epiq", the company that I was told

**STEPHEN M. GELBER**

Clerk of the Court
United States District Court
Southern District of California
James M. Carter and Judith N. Keeps
    United States Courthouse
October 24, 2025
Page 2


had been retained to administer and process claims in connection with the ImmunityBio settlement. Ms. Webb told me, *for the first time*, that, under the terms of the settlement, an investor was required to continue to hold the investor's ImmunityBio shares as of May 10, 2023, and not to have sold or disposed of the investor's shares prior to (or on) that date. There is **no** requirement, indication, or mention in the Notice that I and other similarly situated investors received that there was **any** requirement that the investor continue to hold the ImmunityBio shares as of May 10, 2023. It emerged from my conversation with Ms. Webb on October 17, 2025, that there was a <u>different,</u> and longer form Notice – designated as "Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees And Expenses, and Settlement Fairness Hearing" (the **"Limited-Distribution Notice"**) – which (if I understood Ms. Webb correctly) may have been sent to institutional investors and not to individual investors such as myself, and which contained a requirement that the ImmunityBio shares be held through May 10, 2023. Ms. Webb transmitted to me a copy of this longer form Limited-Distribution Notice by e-mail on October 17, 2025. (A copy of Ms. Webb's e-mail and the Limited-Distribution Notice containing (or purportedly containing) a requirement that an investor must have continued to hold the ImmunityBio shares as of May 10, 2023, is attached as <u>Exhibit "E"</u>.)

Putting aside whether there is a rational basis for excluding investors who otherwise qualify as class members but who sold and did not continue to hold their shares through May 10, 2023, it was a material omission and misrepresentation for the Notice that I and other investors received to fail to indicate that there was any requirement that the investor was required to hold the shares as of May 10, 2023. I (and possibly other similarly situated investors) took the time to complete Proof of Claim and Release Forms and to obtain and furnish supporting information based on the Notice that we received specifying <u>only</u> that the ImmunityBio shares needed to be purchased or acquired between May 10, 2021, and May 10, 2023. The Notice we received contained **no** stipulation that the investor was required to continue to hold the shares as of May 10, 2023.

**STEPHEN M. GELBER**

Clerk of the Court
United States District Court
Southern District of California
James M. Carter and Judith N. Keeps
   United States Courthouse
October 24, 2025
Page 3


      While the Court may have approved the different forms of Notice(s) sent (variously) to investors in this matter, it is doubtful and highly unlikely that the Court was apprised and understood that the Notice sent to individual investors, such as myself, was materially different from the longer-form Limited-Distribution Notice and that, as it happens, materially misrepresented the terms of the settlement. I have no basis to believe, and do not believe, that the omission that made the Notice misleading was intentional. Still, what occurred here does seem to suggest that the class action and settlement process in this type of securities litigation proceeds, more or less, with a general disregard of the small (non-institutional) investor who is not expected to file a claim and may therefore be sent a perfunctory notice that, as in this case, materially omits material information.

      In the circumstances, I leave it to the Court to fashion what relief, if any, that the Court determines is appropriate in such circumstances.

Sincerely yours,

Stephen M. Gelber*


cc: Jeremy Lieberman
    Pomerantz LLP
    600 Third Ave., 20th Floor
    New York, NY 10016

    Corey D. Holzer
    Holzer & Holzer, LLC
    211 Perimeter Center Parkway, Suite 1010
    Atlanta, GA 30346

## STEPHEN M. GELBER

Clerk of the Court
United States District Court
Southern District of California
James M. Carter and Judith N. Keeps
    United States Courthouse
October 24, 2025
Page 4


      Gregory Watts
      Wilson Sonsini Goodrich & Rosati, P.C.
      701 5th Ave.
      Suite 5100
      Seattle, WA 98104


*To avoid any failure on my part to make any appropriate disclosures, I hereby disclose that I am a member of the Bar of both the State of Hawaii and the State of California, but that I submit this letter as the real party-in-interest and not as counsel on behalf of any other party.